UNITED STATES DISTRICT COURT
DISTRICT MINNESOTA

| IN RE: CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 22-md-3031 (JRT/JFD) |
|---|---|
| THIS DOCUMENT RELATES TO: All Direct Action Cases | |

**DIRECT ACTION PLAINTIFFS' REQUESTED MODIFICATIONS TO PRETRIAL SCHEDULING ORDERS AT DKT. NOS. 571 AND 682**

Following the Court's case management conference held on October 18, 2022, the Court allowed the Direct Action Plaintiffs ("DAPs") to submit modifications to existing pretrial scheduling orders at Dkt. Nos. 571 and 628. *See* Order dated 10/19/22, Dkt. No. 48. Pursuant to that Order, the DAPs submit the following modest adjustments to the preexisting orders:

| **Event** | **Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628)** | **Proposed Deadline** |
|---|---|---|
| Service of Initial disclosures in subsequently consolidated Actions<br><br>ECF No. 571 at 3 ¶1 | Newly added parties shall serve Initial disclosures within 28 days of consolidation | *No Change as to New DAPs*<br><br>*Current DAPs are negotiating with defendants a schedule for such DAPs to make initial disclosures.* |

| **Event** | **Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628)** | **Proposed Deadline** |
|---|---|---|
| Rolling Production to begin by newly added parties in consolidated actions<br><br>ECF No. 571 at 3 pt.2(a)(i) | A responding party shall begin Rolling Production within 60 days after substantial completion of that party's meet and confer process on the requests, custodians, sources, search methodology, and date ranges [note this has already been triggered for existing parties]<br><br>***Defendants shall produce to DAPs a copy of the fact discovery (including, without limitation, documents, electronically stored information, and structured data) that they have produced in related case 20-cv-1319 and the MDL to date, to the extent they have not already done so.*** | ***No Change (aside from the bold italicized suggestion below)***<br><br>***Justification: Consistent with the objectives of efficiency and non-duplication, this provides for the reasonable commencement of discovery in practical terms as provided for under the Federal Rules of Civil Procedure with minimum burden on Defendants.*** |
| Rolling Productions to commence<br><br>ECF No. 628 | By October 25, 2022: Any additional Investigative Materials produced in the related cases between July 29, 2022 and September 2, 2022 to be produced by Defendants in this matter.<br><br>Investigative Materials | No change |

2

| **Event** | **Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628)** | **Proposed Deadline** |
|---|---|---|
| | produced in the related cases after September 2, 2022 will be produced in this matter on a rolling basis. | |
| Productions for 5 Priority Custodians per Defendant Family to be completed<br><br>ECF No. 628 | December 15, 2022 for Resolved RFPs (subject to the understanding that if the parties bring motion practice over certain search terms, this deadline will not apply to the disputed search terms) | *January 17, 2023 for Resolved RFPs (subject to the understanding that if the parties bring motion practice over certain search terms, this deadline will not apply to the disputed search terms)*<br><br>*__Justification__: DAPs adopt Class Plaintiffs' deadline and justifications.* |
| Structured data productions complete<br><br>ECF. No 628 | December 1, 2022<br><br>Structured data subject to the Motion to Compel need not be produced until 40 days after a ruling on the Motion to Compel, or March 1, 2023, whichever is later. | *No Change as to Defendants.*<br><br>*DAPs' deadlines to be negotiated with Defendants.* |
| Document productions substantially complete<br><br>ECF. No 628 | February 23, 2023 | *March 23, 2023 as to Defendants.*<br><br>*__Justification__: DAPs adopt Class Plaintiffs' deadline and justifications.*<br><br>*DAPs' deadlines for substantial completion to be negotiated with Defendants.* |

3

| **Event** | **Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628)** | **Proposed Deadline** |
|---|---|---|
| Motions to amend the pleadings<br><br>ECF. No 628 | April 5, 2023 | ***May 5, 2023***<br><br>***Justification: DAPs adopt Class Plaintiffs' deadline and justifications.*** |
| Class certification motions and Plfs. serve class cert. expert reports<br><br>ECF. No 628 | August 16, 2023 | No Change |
| Defs.' class cert. oppositions, Defs.' Class cert. Daubert motions, and Defs. serve class cert. expert reports<br><br>ECF. No 628 | October 18, 2023 | No Change |
| Plfs.' class cert. replies, Plfs.' class-cert.-related Daubert motions, Plfs.' opps. to Defs.' Daubert motions, and Plfs. Serve any class cert. expert rebuttal reports<br><br>ECF. No 628 | December 21, 2023 | No Change |
| Fact discovery completed<br><br>ECF. No 628 | February 2, 2024 | ***March 5, 2024***<br><br>***Justification: DAPs adopt Class Plaintiffs' deadline and justifications.*** |
| Defs.' opps. to Plfs.' Daubert motions, and Defs.' replies | February 15, 2024 | No Change |

| **Event** | **Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628)** | **Proposed Deadline** |
|---|---|---|
| ISO Defs.' Daubert motions<br><br>ECF. No 628 | | |
| Plfs.' replies ISO Plfs.' Daubert motions<br><br>ECF. No 628 | March 15, 2024 | No Change |
| *DAPs serve expert reports* | | *May 6, 2024*<br><br>*Justification: DAPs submit that 60 days following the close of fact discovery (March 5, 2024) and after the completion of class certification/Daubert motions is an appropriate milestone to begin expert discovery in the DAPs' actions.* |
| *Defendants serve expert reports in DAP actions* | | *July 8. 2024*<br><br>*Justification: 60 days after service of DAPs' expert reports is an equally reasonable time period for Defendants to prepare and serve their expert/response reports* |
| *DAPs serve expert rebuttal reports* | | *August 30, 2024*<br><br>*Justification: roughly 45 days is a reasonable time period for DAPs to serve their rebuttal expert reports* |

| Event | Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628) | Proposed Deadline |
|---|---|---|
| *DAPs depose Defendants' experts* | | *By September 30, 2024 DAPs complete depositions of Defendants' experts.*<br><br>*Justification: DAPs submit that deposing experts after all expert reports and rebuttal reports are exchanged promotes the fair and efficient discovery of expert opinions rather than a piecemeal approach of first deposing DAPs' experts following service of their reports, then deposing Defendants' experts and again deposing DAPs' experts subsequent to their submission of rebuttal reports. 30 days is reasonable time period for DAPs to complete the expert depositions.* |
| *Defendants depose DAPs' experts* | | *By October 31, 2024 Defendants complete depositions of DAPs' experts.*<br><br>*Justification: DAPs submit that deposing experts after all expert reports and rebuttal reports are exchanged promotes the fair and efficient discovery of expert opinions rather than a piecemeal approach of first deposing DAPs' experts following service of their* |

6

| Event | Current Deadline (Case No. 20-cv-1319, ECF Nos. 571 & 628) | Proposed Deadline |
|---|---|---|
| | | *reports, then deposing Defendants' experts and again deposing DAPs' experts subsequent to their submission of rebuttal reports. 30 days is an equally reasonable time for Defendants to complete the expert depositions.* |

Further, certain deadlines for DAPs to provide discovery responses may need to be adjusted by agreement of the parties depending on when DAPs are served with discovery requests. DAPs suggest that the Court's Order provide that the parties may stipulate to reasonable extensions of such deadlines. Examples of such deadlines include the deadline for production of structured data (December 1 under Dkt. No. 628) and the deadline for production of documents from five priority custodians (December 15, 2022 under Dkt. 628). The parties have stipulated to and the Court has so ordered changes to other deadlines (Dkt. No. 69).

DAPs also respectfully request that the Court's modified pretrial scheduling order provide that DAPs shall be entitled to serve RFPs and other written discovery that is not duplicative of discovery served by the classes.

DAPs submit that the foregoing suggested changes to the preexisting orders are reasonable and intended to assist the Court in developing a new schedule for the meaningful progress of this MDL proceeding, including the expert phase of the DAPs' cases.

Dated: November 22, 2022                                    Respectfully submitted,

By:  s/ *Douglas H. Patton*                                 By:  s/ *David P. Germaine*
    Richard Alan Arnold                                         Paul E. Slater
    William J. Blechman                                         Joseph M. Vanek
    Kevin J. Murray                                             David P. Germaine
    Douglas H. Patton                                            Phillip F. Cramer
    Samuel J. Randall                                           Alberto Rodriguez
    Michael A. Ponzoli                                          SPERLING & SLATER, P.C.
    KENNY NACHWALTER, P.A.                                      55 West Monroe Street
    1441 Brickell Avenue, Suite 1100                            Suite 3200
    Miami, Florida 33131                                        Chicago, Illinois 60603
    Tel: (305) 373-1000                                         Tel: (312) 641-3200
    Fax: (305) 372-1861                                         Fax: (312) 641-6492
    Email: rarnold@knpa.com                                     Email: pes@sperling-law.com
           wblechman@knpa.com                                      jvanek@sperling-law.com
           kmurray@knpa.com                                        dgermaine@sperling-law.com
           dpatton@knpa.com                                        pcramer@sperling-law.com
           srandall@knpa.com                                       arodriguez@sperling-law.com
           mponzoli@knpa.com

*Counsel for Direct Action Plaintiffs The Kroger Co., Hy-Vee, Inc., Save Mart Supermarkets US Foods, Inc. and Albertsons Companies, Inc.*

*Counsel for Direct Action Plaintiffs Associated Grocers of the South, Inc., Dollar General Corporation, Dolgencorp, LLC, Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc., Raley's, United Natural Foods, Inc., Supervalu, Inc., Associated Grocers of Florida, Inc., Unified Grocers, Inc., Tony's Fine Foods, and Wakefern Food Corp.*

By:  s/ *David B. Esau*
    David B. Esau
    Kristin A. Gore
    Garth T. Yearick
    CARLTON FIELDS, P.A.
    525 Okeechobee Boulevard
    Suite 1200
    West Palm Beach, FL 33401
    Tel: (561) 659-7070
    Fax: (561) 659-7368
    Email: desau@carltonfields.com
           kgore@carltonfields.com
           gyearick@carltonfields.com

*Counsel for Direct Action Plaintiffs Cheney Brothers, Inc. and Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust*

By: s/ *Eric R. Lifvendahl*
    Eric R. Lifvendahl
    L&G Law Group, LLP
    175 W. Jackson
    Suite 950
    Chicago, Illinois  60604
    Tel:  (312) 364-2500
    Email:  elifvendahl@lgcounsel.com

By: s/ *Richard L. Coffman*
    Richard L. Coffman
    The Coffman Law Firm
    3355 W. Alabama Street
    Suite 240
    Houston, Texas  77098
    Tel:  (713) 528-6700
    Email:  rcoffman@coffmanlawfirm.com

By: s/ *Robert N. Kaplan*
    Robert N. Kaplan
    Elana Katcher
    Matthew P. McCahill
    Kaplan Fox & Kilsheimer, LLP
    850 Third Avenue
    14th Floor
    New York, New York  10022
    Tel:  (212) 687-1980
    Email:  rkaplan@kaplanfox.com
           ekatcher@kaplanfox.com
           mmccahill@kaplanfox.com

By: s/ *Bernard D. Marcus*
    Bernard D. Marcus
    Moira Cain-Mannix
    Brian C. Hill
    Marcus & Shapira LLP
    One Oxford Center
    35th Floor
    Pittsburgh, PA  15219
    Tel:  (412) 471-3490
    Fax:  (412) 391-8758
    Email:  marcus@marcus-shapira.com
           cain-mannix@marcus-shapira.com
           hill@marcus-shapira.com

*Counsel for Direct Action Plaintiffs Action Meat Distributors, Inc., Affiliated Foods, Inc., Alex Lee, Inc., Associated Food Stores, Inc., Big Y Foods, Inc., Brookshire Brothers, Inc., Brookshire Grocery Company, Colorado Boxed Beef Co., Prefco Distribution, LLC, The Golub Corporation, Nicholas & Co., Inc., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group, Inc., Topco Associates, LLC, Troyer Foods, Inc., Unipro Foodservice, Inc., URM Stores, Inc. and Giant Eagle, Inc*.

By: s/ *Scott E. Gant*
    Scott E. Gant
    Michael S. Mitchell
    Sarah L. Jones
    BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, N.W.
    Washington, D.C. 20005
    Tel: (202) 237-2727
    Email: sgant@bsfllp.com
           mmitchell@bsfllp.com
           sjones@bsfllp.com

    Colleen Harrison
    BOIES SCHILLER FLEXNER LLP
    333 Main Street
    Armonk, N.Y. 10504
    Tel: (914) 749-8204
    Email: charrison@bsfllp.com

*Counsel for Direct Action Plaintiffs Sysco Corporation and Amory Investments LLC*

By: s/ *Philip J. Iovieno*
    Philip J. Iovieno
    Jack G. Stern
    Mark A. Singer
    Justin V. Arborn
    CADWALADER, WICKERSHAM & TAFT LLP
    200 Liberty Street
    New York, N.Y. 10281
    Tel: (212) 504-6000
    Email: philip.iovieno@cwt.com
           jack.stern@cwt.com
           mark.singer@cwt.com
           justin.arborn@cwt.com

*Counsel for Direct Action Plaintiffs Kraft Heinz Foods Company and Aramark Food and Support Services Group, Inc.*


By: s/ *Patrick J. Ahern*
    Patrick J. Ahern
    AHERN & ASSOCIATES, P.C.
    Willoughby Tower
    8 South Michigan Avenue
    Suite 3600
    Chicago, Illinois 60603
    Tel: (312) 404-3760
    patrick.ahern@ahernandassociatespc.com

*Counsel for Direct Action Plaintiffs Winn-Dixie Stores, Inc., Bi-Lo Holdings, LLC and Co-Counsel for Kraft Heinz Foods Company*

651842 2