<pre>
 1                 UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
 2
      ------------------------------------------------------------
 3                                )
      In Re:  Cattle and Beef     )   File No. 20CV1319
 4    Antitrust Litigation        )      and 22MD3031
                                  )        (JRT/JFD)
 5                                )
                                  )
 6                                )   Minneapolis, Minnesota
                                  )   November 18, 2022
 7                                )   11:10 A.M.
                                  )
 8                                )
      ------------------------------------------------------------
 9

10          BEFORE THE HONORABLE JUDGE JOHN R. TUNHEIM

11             UNITED STATES DISTRICT COURT JUDGE

12                           AND

13          MAGISTRATE JUDGE JOHN F. DOCHERTY

14             UNITED STATES MAGISTRATE JUDGE

15                    (STATUS CONFERENCE)

16

17

18

19

20

21

22

23

24

25
</pre>

```
 1      APPEARANCES:

 2      For the Cattle Producer
        Plaintiffs:                  Scott& Scott, LLP
 3                                   PATRICK McGAHAN, ESQ.
                                     156 South Main Street
 4                                   P.O. Box 192
                                     Colshester, CT 06415
 5
                                     Robins, Kaplan, Miller &
 6                                   Ciresi
                                     STACEY P. SLAUGHTER, ESQ.
 7                                   800 LaSalle Avenue
                                     Suite 2800
 8                                   Minneapolis, MN 55402

 9                                   Cafferty Clobes Meriwether &
                                     Sprengel, LLP
10                                   JENNIFER W. SPRENGEL, ESQ.
                                     DANIEL HERRERA, ESQ.
11                                   135 South LaSalle
                                     Suite 3210
12                                   Chicago, IL 60603

13                                   Paul LLP
                                     SEAN COOPER, ESQ.
14                                   601 Walnut Street
                                     Suite 300
15                                   Kansas City, MO 64106

16                                   Schindel Segal PLLC
                                     WILLIAM CALDES, ESQ.
17                                   5901 Cedar Lake Road
                                     Minneapolis, MN 55416
18
        For the Beef Consumer
19      Indirect Purchaser
        Plaintiffs:                  Lockridge Grindal Nauen PLLP
20                                   KYLE POZAN, ESQ.
                                     100 Washington Avenue South
21                                   Suite 2200
                                     Minneapolis, MN 55401
22
                                     Hagens Berman Sobol Shapiro
23                                   SHANA E. SCARLETT, ESQ.
                                     ABBY WOLF, ESQ.
24                                   715 Hearst Avenue
                                     Suite 202
25                                   Berkeley, CA 94710
```

```
 1      For the Beef Direct Purchaser
        Plaintiffs:                    Hartley LLP California
 2                                     JASON S. HARTLEY, ESQ.
                                       101 West Broadway
 3                                     Suite 820
                                       San Diego, CA 92101
 4
                                       MEGAN JONES, ESQ.
 5                                     600 Montgomery Street
                                       Suite 3200
 6                                     San Francisco, CA 94111

 7                                     Karon LLC
                                       DANIEL R. KARON, ESQ.
 8                                     700 West St. Clair
                                       Suite 200
 9                                     Cleveland, OH 44113

10                                     Gustafson Gluek PLLC
                                       DANIEL C. HEDLUND, ESQ.
11                                     MICHELLE J. LOOBY, ESQ.
                                       JOSHUA RISSMAN, ESQ.
12                                     120 South Sixth Street
                                       Suite 2600
13                                     Minneapolis, MN 55402

14      For the Beef Commercial
        Indirect Purchaser
15      Plaintiffs:                    Cuneo Gilbert & Ladica, LLP
                                       ALEC BLAINE FINLEY, ESQ.
16                                     4725 Wisconsin Avenue NW
                                       Suite 200
17                                     Washington, DC 20016

18      For the Winn-Dixie DAPs:       Ahern and Associates, P.C.
                                       PATRICK AHERN, ESQ.
19                                     590 North Sheridan Road
                                       Lake Forest, IL 60045
20
                                       Cadwalader
21                                     PHILIP J. IOVIENO, ESQ.
                                       200 Liberty Street
22                                     New York, NY 10281

23      For the CF DAPS:               Carlton Fields
                                       GARTH T. YEARICK, ESQ.
24                                     525 Okeechobee Boulevard
                                       West Palm Beach, FL 33401
25
```

```
 1    For the Affiliated Foods
      DAPs:                      Kaplan Fox & Kilsheimer LLP
 2                               ROBERT N. KAPLAN, ESQ.
                                 850 Third Avenue
 3                               New York, NY 10022

 4    For the BSF DAPs:          Boies Schiller Flexner
                                 SARAH L. JONES, ESQ.
 5                               1401 New York Avenue NW
                                 Washington, DC 20005
 6
      For Kroger/Publix DAPs:    Kenny Nachwalter
 7                               WILLIAM J. BLECHMAN, ESQ.
                                 DOUGLAS H. PATTON, ESQ.
 8                               MICHAEL A. PONZOLI, ESQ.
                                 1441 Breckell Avenue
 9                               Suite 1100
                                 Miami, FL 33131
10
                                 Sperling & Slater
11                               ALBERTO RODRIGUEZ, ESQ.
                                 DAVID P. GERMAINE, ESQ.
12                               55 West Monroe Street
                                 Chicago, IL 69693
13
      For the Cargill Defendants: Greene Espel PLLP
14                               HOLLEY C. M. HORRELL, ESQ.
                                 X. KEVIN ZHAO, ESQ.
15                               222 South Ninth Street
                                 Suite 2200
16                               Minneapolis, MN 55402

17    For the JBS Defendants:    McGrath North
                                 PATRICK E. BROOKHOUSER, ESQ.
18                               1601 Dodge Street
                                 Suite 3700
19                               Omaha, NE 68102

20                               Quinn Emanuel Urquhart &
                                 Sullivan
21                               SAMI H. RASHID, ESQ.
                                 51 Madison Avenue
22                               22nd Floor
                                 New York, NY 10010
23
                                 Spencer Fane LLP
24                               JESSICA J. NELSON, ESQ.
                                 100 South Fifth Street
25                               Suite 3200
                                 Minneapolis, MN 55402
```

```
 1
 2    For the National Beef
      Defendants:                    Jones Day
 3                                    BENJAMIN L. ELLISON, ESQ.
                                      CHELSEA BUNGE-BOLLMAN, ESQ.
 4                                    90 South Seventh Street
                                      Suite 4950
 5                                    Minneapolis, MN 55402

 6    For the Tyson Defendants:      Perkins Coie LLP
                                      SUSAN E. FOSTER, ESQ.
 7                                    1201 Third Avenue
                                      Suite 4900
 8                                    Seattle, WA 98101

 9                                    Perkins Coie
                                      ULRIKE B. CONNELLY, ESQ.
10                                    1201 Third Avenue
                                      Suite 4900
11                                    Seattle, WA 90101

12    Court Reporter:                 KRISTINE MOUSSEAU, CRR-RPR
                                      300 South Fourth Street
13                                    Box 1005
                                      Minneapolis, MN 55415
14

15        Proceedings recorded by mechanical stenography;
      transcript produced by computer.
16

17

18

19

20

21

22

23

24

25
```

1              **11:10 A.M.**

2

3          **(In open court via video conference.)**

4          THE COURT:  This is status conference in In Re:

5     Cattle and Beef Antitrust Litigation, 22-3031.  Judge

6     Docherty and I welcome everyone today.

7          Rather than going through and having people note

8     their appearances which tends to take a little while

9     because we have a lot of people on today, I'm going to have

10    Ms. Arent just read through the list of names, and then

11    we'll see if there is anyone else that we missed.  Okay?

12          Go ahead, Heather.

13          COURTROOM DEPUTY:  Okay.  Daniel Herrera.

14    Jennifer Sprengel.  Patrick McGahan.  Sean Cooper.  Stacey

15    Slaughter.  William Caldes.  Phil Iovieno.  Daniel Hedlund.

16    Daniel Karon.  Jason Hartley.  Joshua Rissman.  Megan

17    Jones.  Michelle Looby.  Blaine Finley.  Abby Wolf.  Kyle

18    Pozan.  Shana Scarlett.  Patrick Ahern.  Garth Yearick.

19    Robert Kaplan.  Sarah Jones.  William Blechman.  Douglas

20    Patton.  Michael Ponzoli.  David Germaine.  Alberto

21    Rodriguez.  Holly Horrell.  Kevin Zhao.  Jessica Nelson.

22    Patrick Brookhouser.  Sami Rashid.  Benjamin Ellison.

23    Chelsea Bung-Bollman.  Susan Foster.  Ulrike Connelly.  I

24    think that's everyone on my list.

25          THE COURT:  Did we miss anyone who is here and

1    wishes to be noted for the record?

2              All right.  Let's proceed.  The first matter that

3    we want to talk about today I'm going to toss over to Judge

4    Docherty, the structured data production issue, the parties

5    wanted to discuss deadlines here.

6              Judge Docherty?

7              MAGISTRATE JUDGE DOCHERTY:  Good morning,

8    everyone.  On the agenda for this morning the first matter

9    is under discovery matters is structured data productions,

10   talking apparently about the setting of deadlines, and

11   Mr. Hartley, I believe you are going to be speaking for the

12   plaintiffs and Ms. Horrell for the defendants.

13             Mr. Hartley, do you want to be heard?  You have

14   the floor.

15             MR. HARTLEY:  I do.  Thank you very much, and

16   good morning, Your Honor.

17             We believe the defendants should produce the

18   undisputed structured data that we requested a long time

19   ago on December 15th, just as defendants themselves

20   proposed to the Court in their submission ECF 36 just a

21   month ago.

22             Now, this is information we asked for in the

23   cattle RFPs in 2020, the DPPs asked for this information

24   back in October 2021.  The prior deadline was September

25   1st, and that was moved to December 1st, and then in the

1    last submission the defendants asked to move that yet again

2    to December 15th, and we didn't object to that, although we

3    wanted to make sure that that date was going to hold.

4          Nothing has changed with respect to this

5    undisputed data, Your Honor, to justify another extension.

6    This collection and production shouldn't be impacted by the

7    entrance of the DAPs who were here a month ago when

8    defendants themselves proposed the December 15th deadline.

9          Structured data is usually produced very promptly

10   in an antitrust case.  This is one of the longest times I

11   have ever waited in an antitrust case just to get

12   structured data.  So why do we need this data so promptly?

13   The first reason, of course, is that all of the plaintiffs'

14   experts of course need time to process this data and ensure

15   we're comparing apples with apples when comparing the

16   different defendants' systems, and it takes time to

17   reconcile those systems.

18         But secondly and more importantly, Your Honor,

19   the DPPs have a settlement with JBS that was inked almost a

20   year ago, way back in January of this year, and that

21   settlement received final approval in August.  So even if

22   we get data in December, the DPPs still would have waited

23   four months after final approval before we can even start

24   this process of distributing the settlement.

25         That's why we need this data.  These DPPs are

1     small and medium companies for the most part.  They're in

2     the middle of a double digit and rising inflation.  They

3     could really use this money right now, and the only reason

4     we're waiting is to get this undisputed structured data.

5              MAGISTRATE JUDGE DOCHERTY:  Mr. Hartley, let me

6     jump in with a question right there about something you

7     just said that seemed to me to tie distribution of funds to

8     receipt of structured data.

9              Do I take it from that that the settlement with

10    JBS had a formula that tied compensation in the settlement

11    to what you might find in structured data, or can you

12    elucidate or elaborate a little?

13             MR. HARTLEY:  Certainly, Your Honor.  The way the

14    settlement fund will be distributed will be on a pro rata

15    basis according to the amount and dollars purchased by each

16    of the class members who remain in the class.

17             MAGISTRATE JUDGE DOCHERTY:  Okay.  Thank you.

18             MR. HARTLEY:  So we need that data to know what

19    the allocation should be, and we intend to prepopulate

20    claims forms with that data.  Now, it is important to note

21    JBS was miraculously able to get us their data.  We have

22    JBS's data, so really we're only talking about, again, the

23    undisputed structured data from National Beef, Tyson and

24    Cargill.

25             Now, we understand from defendants that one

1    reason they haven't given it to us yet and one reason they

2    want to push the schedule even further from December 15th

3    is that they are busy negotiating search terms, and our

4    response to that is twofold.

5            One, we think it was a bad idea and certainly not

6    best practice to even implement search terms to pre coal

7    before tar, but besides that, what we're talking about is

8    undisputed structured data.  This doesn't require any more

9    outside attorney time to pull.

10           You know, the outside attorneys aren't going into

11   the, you know, the data systems of the clients and pulling

12   this data.  It's the IT people at these different

13   defendants' companies.  So we don't think that outside

14   counsel being busy on other projects should delay again

15   this production of the undisputed structured data.

16           We understand that the entrance of the DAPs had

17   affected the schedule that was in place, but we have a

18   couple responses to that.  Number one, the DAPs' request,

19   which they haven't even made yet, Your Honor.  This is a

20   total phantom request.  DAPs don't even know what they want

21   yet, would be entirely unrelated to the structured data

22   that we're looking for because the only potential dispute

23   beyond the data we want that the DAPs want concerns further

24   processed data that they may want, you know, data

25   concerning further processed beef products.

1             And JBS has already produced their data.

2    National Beef doesn't make any further processed products,

3    so it's not an issue for them, and with respect to Tyson

4    and Cargill, the further processed data, that is the data

5    concerning the further processed beef products, are either

6    partially or entirely held within separate databases from

7    the case-ready and boxed beef data that we have already

8    agreed to and is undisputed.

9             So that's my first response to the claim that the

10   DAPs coming in and the absence of a schedule affects this.

11   The other response is that even though there is no

12   schedule, the Court clarified at the last status conference

13   that its stay of the case was not intended to be a full

14   stop on document sharing.

15            And this was clarified by the Court in its PTO

16   number 1, and it specifically said the parties should

17   continue trading documents.  So we don't see why there is

18   any change from just a month ago when defendants themselves

19   committed and chose the December 15th date.

20            Our class members have been waiting a long time

21   to get a distribution, and the only delay at this point is

22   getting that data from Tyson, Cargill and National Beef.

23            MAGISTRATE JUDGE DOCHERTY:  All right.  Thank

24   you.

25            Ms. Horrell?

1          MS. HORRELL:  Good morning, Your Honor.

2     Defendants think this agenda item is a little premature.

3     The first we heard of it was on Tuesday.  Essentially

4     everything that Mr. Hartley just said is news to me in

5     terms of their consideration of what they want and why they

6     want it.

7          The parties are submitting briefing over the next

8     few weeks about a case schedule, in light of any changes

9     requested by the DAPs, and importantly, defendants aren't

10    saying they will not make -- that's a double negative.

11         Defendants are not refusing to make structured

12    data productions next month, and we have said that to

13    plaintiffs in the limited time we have had to meet and

14    confer about this since hearing about it this week.

15    However, we do have concerns about a deadline to complete

16    structured data productions in the middle of December

17    despite having proposed that about a month ago.

18         Defendants have been, as Mr. Hartley referenced,

19    have been expending an inordinate amount of time

20    negotiating over unstructured search terms.  That does take

21    attorney time.  That takes in-house resources and time, and

22    so we want time to evaluate whether a December 15th

23    deadline for completing structured data is still

24    appropriate or not.

25         We raised in the limited time we've had --

1        MAGISTRATE JUDGE DOCHERTY:  I'm sorry to

2   interrupt.  Didn't Mr. Hartley, though, say that search

3   terms should not impact this because there is nothing

4   really to search.  As I understand what Mr. Hartley was

5   saying, there is a set of data that is, I got the

6   impression, sort of ready to go, and therefore search terms

7   were not really material to the timing of the production.

8        MS. HORRELL:  Search terms do not apply to

9   unstructured data, that is true, but what is not true is

10  whether it requires resources internally from clients to

11  respond to both prepare unstructured data productions,

12  which in these cases are incredibly complicated given the

13  number of systems that the clients have in place.

14        It took, just for background, it took the parties

15  six months to negotiate the scope of the structured data

16  productions, and our clients have been working on making

17  those productions.  We're not saying that productions next

18  month aren't feasible.

19        What we want is time to consider that deadline,

20  and we were planning to discuss the deadline for completing

21  structured data deadline in our upcoming submission to the

22  Court on December 13th.  The other thing I --

23        MAGISTRATE JUDGE DOCHERTY:  What does the Court

24  have on this controversy because I saw this on the joint

25  agenda that was submitted on the 15th, so that would be

1    Tuesday, and in the docket at least of the master MDL

2    docket, which is 22-3031, I didn't see a lot of the things

3    that both you and Mr. Hartley are talking about.  I'm

4    looking for a writing on them and not finding them.

5            The only thing that I've got in terms of

6    structured data on that docket is a while back.  It's an

7    order on a motion to compel that I issued in the middle of

8    October that swept in both some structured and some

9    unstructured data.

10           So where, as I'm listening to you and to

11   plaintiffs' counsel, I'm not finding -- and maybe I just

12   need some direction -- where it is that the underlying

13   documents are.

14           MS. HORRELL:  Your Honor, this has not been teed

15   up for the Court, and so we would suggest more time to

16   discuss among the parties is appropriate.  We think there

17   may not be much of a dispute that needs to be brought to

18   the Court.

19           And defendants were planning to address any

20   adjustments that need to be made to this particular

21   proposed deadline in our written submission to the Court

22   that is now due December 13th.  We can certainly meet and

23   confer about that in advance and in the near term with

24   plaintiffs and can report back to the Court if that would

25   be helpful to Your Honor.

 1          MAGISTRATE JUDGE DOCHERTY:  Okay.  And is it

 2     correct, though, that this was something you undertook to

 3     provide in September and then that had to slide to the

 4     beginning of December.  Now it's the middle of December.

 5          And have you communicated a new due date to

 6     plaintiffs, or is this just -- because when you say we need

 7     time to consider the deadline, I'm not sure exactly what

 8     that means.

 9          MS. HORRELL:  Your Honor, we were told on Tuesday

10     that plaintiffs wanted to add this as an agenda item to the

11     conference.  We have been, as I mentioned, very busy

12     working on the unstructured data negotiations.  We have not

13     had time to fully flesh this out with plaintiffs, and so we

14     have not discussed a specific deadline with them.

15          So I think more time to confer would be

16     appropriate.

17          MAGISTRATE JUDGE DOCHERTY:  Let me turn back to

18     Mr. Hartley.

19          Mr. Hartley, it sounds to me like this is

20     something that you and Ms. Horrell and your teams should

21     talk about, and then it should get teed up because, as I

22     say, at first I was quite puzzled and wondered what I was

23     missing and what I was doing wrong that I couldn't find

24     papers on this, and now I realize that that's because there

25     aren't any.

1       Is this something that you can talk about and get

2  it in to, if it needs judicial intervention, get it in

3  Horrell's words teed up for a judge to act upon?

4       MR. HARTLEY:  Your Honor, we didn't understand

5  until a couple weeks ago that defendants weren't going to

6  honor the date they themselves committed to, which has been

7  pushed three times already to mid-December.  So there

8  wasn't really an opportunity or a chance in terms of timing

9  to raise this issue in briefing with the Court.

10       MAGISTRATE JUDGE DOCHERTY:  I understand that

11  point, but it sounds a bit like you maybe wanted to quickly

12  get this on the agenda for this morning's case management

13  conference.  You've done that.  I am now aware of the

14  issue, but I don't know that there is anything that I could

15  do either right now or even in the very short term on this

16  without having, you know, a proper dispute before me.

17       MR. HARTLEY:  We're talking -- I appreciate your

18  frustration, Your Honor, and I share it because, again,

19  we're talking about undisputed structured data that

20  defendants had committed to producing by now, and I with

21  all due respect haven't heard anything from Ms. Horrell as

22  to what has changed in the last four weeks that should

23  justify moving this deadline.

24       By the way, we have pressed defendants for at

25  least some date certain, if it's not going to be December

1   15th, and they claim they can't do that.  So we would like

2   the Court at least to give a date certain for the

3   production of this data that we have been waiting for for

4   years.

5           You know, we -- normally when I have a settlement

6   in a class action like this, we move to get the data right

7   away from all the defendants, and judges almost routinely

8   order that.  We waited patiently for this in order for all

9   the plaintiffs to be together and not to jam defendants to

10  make a special production for the DPPs.

11          Now we're getting, you know, my class members are

12  missing the opportunity to get the result and the

13  distribution from their settlement at a time when they

14  really could use that money.

15          MAGISTRATE JUDGE DOCHERTY:  Okay.

16          MR. HARTLEY:  So at least let's get a date.

17          MAGISTRATE JUDGE DOCHERTY:  So here's what I am

18  prepared to do this morning:  I want you and Ms. Horrell to

19  talk about this.

20          Ms. Horrell, I want you to communicate a date by

21  which this material will be produced, and if, Mr. Hartley,

22  that date is too far out in the future, then let's get this

23  into a proper form for a judge to act upon because I

24  cannot, I will not act upon what I'm hearing right here

25  this morning.

18

1          So this need -- there is a way of getting a judge

2     involved in your dispute when you can't settle it yourself.

3     It's not being followed here, and I'm afraid it needs to

4     because there is -- I'm not -- if I said something now I

5     would be talking right off the top of my head, and that's

6     not something I really want to do.

7          MR. HARTLEY:  All right, Your Honor.  We will do

8     that.

9          MAGISTRATE JUDGE DOCHERTY:  All right?  Meet and

10    confer, can you do it by next week and talk this through?

11         MR. HARTLEY:  I have some availability next week.

12    I will talk with Ms. Horrell, and we will coordinate.

13         MAGISTRATE JUDGE DOCHERTY:  Okay.  Thank you.

14         MS. HORRELL:  Thank you.

15         MAGISTRATE JUDGE DOCHERTY:  Judge Tunheim,

16    anything that you wish to add to this?

17         THE COURT:  No.  That sounds good.  Thank you.

18         MAGISTRATE JUDGE DOCHERTY:  Okay.

19         THE COURT:  So we also wanted to chat briefly

20    about, I see there is three new cases that have appeared on

21    the docket, a transfer from Kansas and two from Eastern

22    District New York.

23         Anything we need to talk about the new cases?

24         MR. IOVIENO:  Not from the DAPs' perspective,

25    Your Honor.

1          THE COURT:  Okay.  Very well.  So I think we

2     talked last time about Mr. Iovieno being liaison counsel

3     for the DAPs, which I wanted to have a liaison counsel.  I

4     assume that's still the recommendation, and nothing has

5     changed there?

6          I know that you have joined the case more

7     directly now with one of your cases being transferred in.

8     Anything you would like to say about that, Mr. Iovieno?

9          MR. IOVIENO:  No.  That is correct, Your Honor.

10    One of our cases is transferred, and another one will be

11    shortly, and on behalf of the DAPs to have me serve as

12    liaison, we had put on the agenda to discuss the liaison

13    issue in light of the order in Pork.

14          But we were all on the Pork call and heard the

15    argument, and I don't think anything further needs to be

16    addressed.  We just put it on there in case you wanted to

17    address something in this case as well.

18          THE COURT:  Okay.  And that's certainly fine with

19    the Court, so unless there is an objection from any of the

20    DAPs, we will go forward with that, and we'll issue a quick

21    order on that.

22          All right.  On liaison counsel for the plaintiffs

23    and the classes, I have a recommendation from the Consumer

24    Indirect Purchaser Plaintiffs to recommend Shana Scarlett,

25    and then the Direct Purchaser Plaintiffs nominated Michelle

```
 1      Looby, and the Cattle plaintiffs recommended Rick Paul.

 2      I'm not sure I've seen any recommendation yet from the

 3      Consumer and Indirect Institutional Indirect Purchaser

 4      Plaintiffs.

 5              Did I miss anything there?

 6              MR. FINLEY:  I believe so, Your Honor.  I filed

 7      some papers earlier this week on the docket for our group.

 8              THE COURT:  Yesterday?

 9              MR. FINLEY:  I will pull up the docket entry

10      shortly, Your Honor.

11              MR. MCGAHAN:  Judge, Mr. Finley's filing is ECF

12      74.

13              THE COURT:  Okay.  So we do have a

14      recommendation?

15              MR. FINLEY:  Yes, Your Honor.

16              THE COURT:  Yes, sir.

17              MR. MCGAHAN:  Your Honor, may I clarify one

18      point?

19              COURTROOM DEPUTY:  Could you speak up.  You're

20      very muddled.  Maybe get closer to your mic.

21              MR. MCGAHAN:  Is that better?

22              COURTROOM DEPUTY:  Better but slow and steady.

23      Thank you.

24              MR. MCGAHAN:  I will try.

25              THE COURT:  Go ahead.
```

1              MR. MCGAHAN:  With the entry of the new cattle

2    indirect cattle seller --

3              COURT REPORTER:  Mr. McGahan.  Mr. McGahan, this

4    is the court reporter.  I cannot understand you, so even

5    though you are speaking slowly --

6              THE COURT:  It's just a little muddled.

7              MR. MCGAHAN:  I'm very sorry.  I'm having audio

8    issues this morning.  Is that better?

9              COURTROOM DEPUTY:  It is.  Thank you.

10              MR. MCGAHAN:  I apologize for speaking on my

11    phone as such.

12              So with the new class action that has been

13    transferred from Kansas, there is now two classes of cattle

14    sellers.  There is the preexisting class for whom we

15    represent, which are the direct fed cattle sellers, the

16    people that sell fed cattle directly to the defendants in

17    the In Re:  Cattle matter for which our group has proposed

18    that I act as liaison counsel for, and I believe that is

19    ECF 72.

20              And then there is also the Specht action, which

21    is one of the new tag-along matters, which I believe at ECF

22    80, that group proposed Rick Paul as the liaison counsel.

23    Now Sean Cooper is here on behalf of them.  I'm sure he can

24    clarify as well.

25              THE COURT:  All right.  Anyone else want to speak

1  on this?

2          MR. FINLEY:  And, Your Honor, just to reconfirm.

3  My group did in fact file a letter at ECF 77, and that's on

4  docket 22MD3031.

5          THE COURT:  Okay.  So we've got another separate

6  class now in the new case that's been transferred?

7          MR. COOPER:  Yes.  Good morning, Your Honor.

8  This is Sean Cooper.  I am Rick Paul's partner who we have

9  proposed as liaison counsel for a separate sell side

10  indirect selling class that has been tagged and dragged now

11  from District of Kansas.

12          THE COURT:  Okay.  All right.  So we probably

13  need separate, a separate liaison counsel here.

14          MR. COOPER:  Yes, Your Honor.  We proposed my

15  partner Rick Paul.  He is in transit this morning so

16  unfortunately couldn't join us.

17          THE COURT:  Okay.  All right.  Okay.  Anything

18  else on this?  We'll get an order out with just a list of

19  responsibilities.  It's a little different than in other

20  kinds of, types of MDLs, but I do think there is a role for

21  liaison counsel here to help make sure everything moves

22  forward correctly.

23          So okay.  The other issue that is on the agenda

24  today, we have talked about whether there should be a

25  master consolidated complaint in this case.  The defendants

1    are arguing that it's essential.  I think there was an

2    argument that the DAPs suggested maybe not necessary in

3    this case.

4           Let's have any argument you wish to make today,

5    and we will get this wrapped up.  Defendants, someone wish

6    to argue on that point?

7           MS. HORRELL:  Your Honor, this is Holly Horrell.

8    I was not aware this would be an agenda item today.  I

9    believe the defendants reviewed their position at the last

10   conference.  If Your Honor has questions about it, I can do

11   my best to field them.

12          THE COURT:  You are still arguing strenuously in

13   favor of a master consolidated complaint, I take it?

14          MS. HORRELL:  We are, Your Honor.

15          THE COURT:  With sort of a short form complaint

16   for any individual Direct Action Plaintiff?

17          MS. HORRELL:  That's right, Your Honor.

18          THE COURT:  Okay.  All right.  Anyone on the

19   other side on this one want to argue?

20          MR. IOVIENO:  Your Honor, this is Phil Iovieno.

21   We also were not aware of this being an agenda item today.

22          THE COURT:  Yeah.  It's my fault.  I added it.

23   Okay.  I want to get this resolved.

24          MR. IOVIENO:  No.  It continues to be our view

25   that it's not necessary.  If you would like us to put in a

24

1    short writing as to the reasons, but we think the

2    complaints are -- first of all, there is just not that many

3    DAPs in this case compared to the others.  There is

4    probably maybe 20 percent of the DAPs that are in Chicken

5    or some of the other cases where there has been a master

6    consolidated complaint, so we don't think it's necessary

7    here.

8         Obviously if the Court prefers it, we will do it

9    but we just think that in this case it's just not

10   necessary.

11        THE COURT:  Okay.  I don't think I need any more

12   writing on it unless anyone wants to submit anything in

13   writing.  I will take a quick look at this, and we will

14   issue an order next week on this.

15        If there is a master consolidated complaint, we

16   will suggest a deadline, and you can argue whether that's

17   sufficient or not.  Okay?

18        MR. RASHID:  Your Honor, if I could just be heard

19   on this topic briefly?

20        THE COURT:  Sure, Mr. Rashid.

21        MR. RASHID:  I think it would just be helpful

22   perhaps for Your Honor in considering whether a master

23   consolidated complaint makes sense now or perhaps later

24   would be to get a sense of the number of DAP cases that may

25   be filed.

1          I think as you heard at the Pork status

2     conference, there is a lot of the same law firms that

3     represent a lot of the same DAPs in these cases, so I think

4     they would have a pretty good sense of what might be coming

5     down the pike here, and that may inform how Your Honor

6     wants to proceed.

7          THE COURT:  All right.  Good point.  Thank you,

8     Mr. Rashid.

9          MR. KAPLAN:  Your Honor, Robert Kaplan.  I would

10    just like to point out there already is an answer to one of

11    the DAP complaints, the Giant Eagle complaint, and also the

12    defendants provided affirmative defenses.

13         THE COURT:  All right.  Anyone else?  Okay.  We

14    will get on this right away.  Any other issue to discuss

15    today?

16         All right.  Well, thank you all for gathering.

17    We will set our next status conference also by Zoom.  Since

18    we have a set date for Pork on the 15th of December at two

19    o'clock, perhaps we can set this at, for Beef, at three

20    o'clock that afternoon.  It makes it easier for everyone

21    because there is a lot of overlap.

22         Does anyone object to that as being our next

23    status conference?

24         All right.  Let's go ahead and do that.  We will

25    put that on the calendar and schedule it.  All right.

1    Thank you, everyone, for joining us today, and I appreciate

2    your joining us by Zoom.  It's a lot simpler and easier to

3    schedule, and I know it sure saves on travel.

4           So from our perspective it's working well, so we

5    will continue to do this.  Thank you, all.

6           MR. HARTLEY:  Thank you, Your Honor.

7           MS. HORRELL:  Thank you, Your Honor.

8           THE COURT:  We will be in recess.

9                     **(Court was adjourned.)**

10                  *         *          *

11          I, Kristine Mousseau, certify that the foregoing

12    is a correct transcript from the record of proceedings in

13    the above-entitled matter.

14

15

16

17      Certified by:  s/  *Kristine Mousseau, CRR-RPR*
                          Kristine Mousseau, CRR-RPR
18

19

20

21

22

23

24

25