# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

*In re Cattle and Beef Antitrust Litigation*                  Case No. 22-md-3031 (JRT/JFD)

This Document Relates to:
ALL ACTIONS

## STIPULATION TO MODIFY PRETRIAL SCHEDULING ORDER

All parties to the above-captioned MDL—*Cattle* Plaintiffs, Consumer Indirect Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, Direct Purchaser Plaintiffs, and *Specht* Plaintiffs (collectively, "Class Plaintiffs"), Direct Action Plaintiffs ("DAPs"), and Defendants—by and through their respective counsel, hereby stipulate to modify the Pretrial Scheduling Order as follows:

WHEREAS, pursuant to the Court's October 19, 2022 Order (ECF No. 48, the "Order"), DAPs proposed certain modifications to the schedule set forth in the Pretrial Scheduling Order at Case No. 20-cv-1319, ECF No. 571 ("Initial Pretrial Scheduling Order"), as modified by the Order Modifying Pretrial Scheduling Order, *id.*, ECF No. 628. *See* ECF No. 87. DAPs did not propose any modifications to the discovery limits set forth in the Initial Pretrial Scheduling Order.

WHEREAS, in response to DAPs' proposal, and based on additional information since the parties proposed adjustments to the case schedule on October 12, 2022 (*see* ECF Nos. 35 and 36), all parties to this MDL have compromised and agreed to the following proposed schedule modifications.

WHEREAS, while the overall structure of the Initial Pretrial Scheduling Order remains essentially unchanged, the proposed modifications are designed to help ensure that all key operative dates are set forth in the forthcoming Pretrial Scheduling Order and, importantly, that this MDL—which consists of five proposed class actions as well as cases filed by numerous DAPs—proceeds in a coordinated and realistically efficient manner.

WHEREAS, in order to reach agreement on this proposed schedule, the parties engaged in significant negotiations to reach an agreed-upon proposal, and all parties made substantial compromises.  As a result, this proposed schedule reflects compromises from all of the parties and is the hard-earned product of arm's length negotiations between them.

WHEREAS, on December 1, 2022, the Court ordered DAPs to file a master consolidated complaint, noting that "[s]everal DAPs have joined this action since [the October status conference], and the Court anticipates that more actions will be consolidated in the future." ECF No. 91 (Pre-Trial Order No. 2) at 4. The Court-ordered deadlines set out in Pre-Trial Order No. 2 are now incorporated into the proposed schedule below.

WHEREAS, on November 15, 2022, a new proposed class action brought on behalf of indirect sellers, *i.e.*, cow-calf operators that raise calves, and then sell them to feedlots, ranchers or other intermediaries, before the calves are eventually sold to Defendants) (the "*Specht*" case) was transferred to this MDL. *See* ECF No. 75. Defendants believe that the claims brought by these indirect sellers raise issues not previously addressed by the motion to dismiss briefing on the original class complaints. Defendants and *Specht* counsel have negotiated an agreed-upon schedule for Defendants to answer or otherwise move to dismiss that complaint, and those dates are incorporated into the proposed schedule below.

2

Discovery in the *Specht* case will proceed during the pendency of any motion to dismiss briefing.

WHEREAS, Defendants have reached agreements with DAPs and *Specht* counsel on numerous deadlines that relate to discovery in those cases, including deadlines for (a) initial and "Attachment 1" disclosures,[1] (b) proposals on document custodians and non-custodial sources, (c) RFP responses,[2] and (d) search term proposals. Defendants and DAP counsel have also agreed upon the corresponding deadlines that will apply to any new DAP cases that may be filed. All of these agreed-upon dates are incorporated into the proposed schedule below.

WHEREAS, the pre-existing Initial Pretrial Scheduling Order only included deadlines for Defendants to produce documents from a subset of "Priority Custodians." The parties agree on adding a corresponding deadline for Plaintiffs.

WHEREAS, when Defendants made their October 12 submission, and at the case management hearing held on October 18, the parties were still negotiating search terms to apply to unstructured data. Thus, Defendants projected the feasibility of key deadlines such as the substantial completion deadline based on estimates at that time regarding the total

---

[1]  The Attachment 1 disclosures were first ordered by the Court on April 14, 2020. *See, e.g.*, Order (ECF No. 150, 19-cv-1129). The Attachment 1 disclosures were subsequently modified on September 8, 2020 to cover the later-filed direct purchaser cases. *See* Order (ECF No. 72, 20-cv-1319) at 4, 11-16. The *Winn Dixie* DAP action was filed on August 2, 2021, and the Attachment 1 disclosure and other pre-discovery deadlines were made applicable to the DAPs in the *Winn Dixe/Bi-Lo* action on November 10, 2021. *See* Order (ECF No. 271, 20-cv-1319) at 4.

[2]  Defendants have not yet served document requests in the *Specht* case so there is no such deadline for plaintiffs in that case.

volume of documents that agreed search terms would pull in for review and potential production. Following weeks of negotiations and after extending the applicable deadlines, *see* ECF No. 69, the parties were able to resolve those negotiations right before Thanksgiving without motion practice. As a result, Defendants are now running hundreds of wide-ranging search terms (from around 210 to 310 search strings per Defendant family) on files from dozens of document custodians for each Defendant family. The results of the application of those search terms to Defendants' files yields over seven million documents, a significant increase above the hits generated by Defendants' proposed search terms at the time of the October 18 hearing.

WHEREAS, based on this increase in the volume of documents for review, Defendants proposed a revised substantial completion deadline to Plaintiffs that reflects a best estimate of the time that will realistically be necessary for all Defendants to substantially complete productions. Moreover, although Defendants have been reviewing documents for production during the pendency of the search term negotiations, Defendants could only begin their core document review in earnest after the recent conclusion of those negotiations. Given this, Defendants believe that extending the substantial completion deadline to August 2023 (two months beyond their prior proposal), along with corresponding extensions to the subsequent deadlines, is a reasonable and appropriate compromise. An August 2023 deadline will give Defendants approximately eight months to complete their review, all of which will occur at the same time as many other litigation activities reflected in the proposed case schedule. All Plaintiffs agreed to this proposed change as a compromise.

WHEREAS, the parties have also reached a compromise that extends deadlines for class certification. Certain Class Plaintiffs asked Defendants to agree that the time period for these classes to submit their class certification briefing be extended an additional two months beyond the proposed extension of the substantial completion deadline for document production. Direct Purchaser Plaintiffs ("DPPs") initially sought a deadline that extended an additional four months beyond the proposed extension of the substantial completion deadline (especially since the final volume of documents to be produced was not known at the time of the creation of the schedule). Class Plaintiffs believe that (i) additional time is needed based upon the representations by Defendants that a greater number of documents are involved than earlier anticipated, and (ii) additional time is required to review documents, synthesize evidence, and take depositions before preparation of expert reports and class certification motions.  The parties compromised on extending the deadline for Class Plaintiffs to file their class certification motion to approximately eight months following substantial completion of document productions.  Given the timing of the intervals proposed below, the parties agree to make good faith rolling productions across the production period.

WHEREAS, the parties jointly propose the following adjustments to the current schedule.  The first table shows general case deadlines and specific dates applicable to current DAPs, all Class Plaintiffs, and Defendants. The second table outlines deadlines as to DAPs added after the entry of the forthcoming scheduling order ("New DAPs") that are not specific dates but rather flow from the date a New DAP's case is consolidated with this Action.

**General Case Deadlines[3]**

| Event | New Deadline |
|---|---|
| Current Direct Action Plaintiffs ("Current DAPs") to serve Initial and Attachment 1 disclosures. (The term "Current DAPs" refers to those DAPs with cases that have been consolidated in this MDL as of the date of this Order. The term "New DAPs" refers to those DAPs with cases that are consolidated in this MDL after the date of this Order.) | **December 15, 2022** |
| Structured data productions complete | Defendants and Class Plaintiffs to complete production of the core datasets concerning cattle procurement, cattle slaughter, and beef sales: **December 22, 2022[4]** <br><br> Defendants and Class Plaintiffs to substantially complete production of structured data for any additional data topics that were agreed to or ordered: **January 13, 2023** |
| Current DAPs to serve proposed lists of custodians and non-custodial sources | **December 22, 2022** |
| *Specht* Plaintiffs to serve initial and Attachment 1 disclosures | **January 4, 2023** |

---

[3]  DAPs have informed Defendants that certain DAPs need a brief extension to comply with previously agreed-upon deadlines reflected in the chart, deadlines which have not yet been ordered by the Court and have since passed. Defendants and those DAPs have agreed that those DAPs shall have until January 18, 2023 to meet such deadlines, and any subsequent related deadlines in the chart shall be extended by three business days.

[4]  The parties continue to discuss the specific data fields that have been or will be included in Defendants' structured data productions as well as definitional questions regarding fields. Defendants believe and reserve their right to assert that these discussions are resolved and the time to have raised any issues has passed. Plaintiffs believe and reserve the right to assert that those discussions are and have been ongoing by agreement of the parties and that motions to compel production of specific fields from Defendants are not yet ripe. The parties have no dispute to present to the Court at this time.

| Event | New Deadline |
|---|---|
| Current DAPs to serve responses and objections to RFPs that were served on most current DAPs on November 15, 2022 and December 6, 2022 | **January 10, 2023** |
| Defendants to serve counterproposals to the Current DAPs' proposed lists of custodians and non-custodial sources | **January 10, 2023** |
| *Specht* Plaintiffs to serve proposed lists of custodians and non-custodial sources | **January 11, 2023** |
| Current DAPs to serve First Phase proposed search terms pursuant to the Search Methodology Order | **January 13, 2023** |
| Defendants to serve counterproposals to the *Specht* Plaintiffs' proposed lists of custodians and non-custodial sources | **January 20, 2023** |
| Defendants to serve proposed revisions to Current DAPs' First Phase proposed search terms | **January 27, 2023** |
| Rolling Productions to begin by newly added parties in consolidated Actions | A responding party shall begin rolling productions of documents within 60 days after the date that the responding and serving parties reach agreement on the scope of documents to be produced (including the scope of requests for production, custodians, sources, search methodology, and date ranges).<br><br>Defendants have produced to DAPs a copy of documents produced previously in the related case 20-cv-1319 and the MDL to date. DAP Liaison Counsel will provide copies of all Defendants' then current document productions to New DAPs within 14 days of New DAPs' consolidation into the MDL.<br><br>DAP Liaison Counsel will also provide the New DAPs with copies of all of the then current discovery requests and responses |

| Event | New Deadline |
|---|---|
|  | served to date in the MDL within 14 days of New DAPs' consolidation into the MDL. |
| Current DAPs shall file a single Consolidated Complaint in this MDL within 60 days from the entry of Pretrial Order No. 2 (on December 1, 2022)<br><br>ECF No. 91 | **By January 30, 2023** (*as ordered by the Court*) |
| The parties shall file a proposed order … (1) governing the process by which any future MDL DAP shall join the Consolidated Complaint, including a proposed short-form complaint if appropriate, and (2) governing the process by which Defendants shall answer or otherwise respond to complaints filed by any future MDL DAPs (or by which their prior answer to the Consolidated Complaint shall apply to complaints filed by any future MDL DAPs).<br><br>ECF No. 91 | **By January 30, 2023** (*as ordered by the Court*) |
| Defendants will answer or otherwise respond to the Current DAPs' Consolidated Complaint within 30 days after the filing of the Consolidated Complaint<br><br>ECF No. 91 | Defendants will answer or otherwise respond to the Current DAPs' Consolidated Complaint within 30 days after the filing of the Consolidated Complaint (*as ordered by the Court*). |
| Defendants to serve any motion to dismiss the *Specht* Plaintiffs' complaint | **February 3, 2023** |
| Current DAPs to produce structured data | **March 1, 2023** |
| Productions for Defendants' 5 Priority Custodians to be completed | **March 1, 2023** |

| Event | New Deadline |
|---|---|
| *Specht* Plaintiffs to serve opposition to any motion to dismiss the *Specht* Plaintiffs' complaint | **March 20, 2023** |
| Productions for 3 Priority Custodians per Plaintiff Class and 2 Priority Custodians per DAP to be completed. But if any proposed Plaintiff Class or DAP has less than 3 document custodians, production from only 1 Priority Custodian needs to be completed by this date. | **April 3, 2023** |
| Defendants to serve reply in support of any motion to compel the *Specht* Plaintiffs' complaint | **April 17, 2023** |
| Document productions substantially complete | **August 22, 2023**<br><br>Parties will also certify to a reasonable certainty when production of each of their custodians' documents are substantially complete.<br><br>This deadline includes Defendants, Class Plaintiffs, and DAPs, with a limited exception for New DAPs set forth separately below. |
| Motions to amend the pleadings (without leave of Court) | **October 3, 2023** |
| Class certification motions and Plfs. serve class cert. expert reports | **April 25, 2024** |
| Defs.' class cert. oppositions, Defs.' Class cert. Daubert motions, and Defs. serve class cert. expert reports | **June 27, 2024** |
| Fact discovery completed | **August 7, 2024** |
| Plfs.' class cert. replies, Plfs.' class-cert.-related Daubert motions, Plfs.' | **September 5, 2024** |

| Event | New Deadline |
|---|---|
| opps. to Defs.' Daubert motions, and Plfs. serve any class cert. expert rebuttal reports | |
| Defs.' opps. to Plfs.' Daubert motions, and Defs.' replies ISO Defs.' Daubert motions | **October 14, 2024** |
| Plfs.' replies ISO Plfs.' Daubert motions | **November 25, 2024** |
| Additional deadlines related to trial experts and other deadlines | At the close of fact discovery, the parties should meet and confer about setting merits expert discovery deadlines and present a proposal to the Court within 60 days after that deadline.[5] |

### Other Specific Deadlines for New DAPs

The DAPs and Defendants have also agreed on the following proposed deadlines specifically concerning New DAPs, to the extent any of the above deadlines would not apply to them:

| Event | New Deadline |
|---|---|
| New DAPs to serve responses and objections to RFPs previously served on existing DAPs, which will be deemed served on new DAPs | 40 days after a New DAP case is commenced. (A New DAP case is "commenced" when it is either filed in this Court, or upon its effective transfer to this Court, which occurs, consistent with JPML Rule 2.1(d), when an order to transfer pursuant to 28 U.S.C. § 1407 issued by the JPML is filed with the clerk of this Court as the transferee district court.) |

---

[5]    Defendants reserve all rights to request that merits expert discovery should only commence after the Eighth Circuit's ruling on any Rule 23(f) Petition and a final decision on any eventual appeal of a class certification ruling.

10

| Event | New Deadline |
|---|---|
| New DAPs to serve initial and Attachment 1 disclosures | 28 days after a New DAP case is commenced. |
| New DAPs to serve proposed lists of custodians and non-custodial sources | 35 days after a New DAP case is commenced. |
| Defendants to serve counterproposals to the New DAPs' proposed lists of custodians and non-custodial sources | 14 days after receiving proposals. |
| New DAPs to serve First Phase proposed search terms pursuant to the Search Methodology Order | 14 days after service of responses and objections to deemed-served RFPs |
| Defendants to serve proposed revisions to New DAPs' First Phase proposed search terms | 14 days after service of New DAPs' First Phase proposed search terms (per SMO, ECF No. 572, Case No. 20-cv-1319) |
| New DAPs to produce structured data | 35 days after service of responses and objections to deemed-served RFPs |
| New DAPs to begin rolling productions | 30 days after parties reach agreement on scope of productions including date ranges, custodians and non-custodial sources, and search terms. |
| New DAPs' document productions substantially complete | 120 days after rolling productions begin.<br><br>*If a New DAP case is commenced within 120 days of the substantial completion deadline for the existing parties (proposed herein as August 22, 2023) or after that deadline, document productions must be substantially complete 60 days after the parties reach agreement on the scope of productions. |

### Additional Provisions

1.     The following orders, as modified by any subsequent orders, shall apply to

and bind all current and future parties in the MDL:  the Protective Order, Case No. 20-cv-

1319 (JRT/JFD), ECF No. 123; the ESI Protocol, *id.*, ECF No. 93; the Order on Joint Stipulation Regarding *Ex Parte* Witness Contact Disclosures, *id.*, ECF No. 134; the Search Methodology Order, *id.*, ECF No. 572; the Order for Deposition Protocol, *id.*, ECF No. 573; and the discovery limits in the Initial Pretrial Scheduling Order, *id.*, ECF No. 571 (except as noted in footnote 6).[6]

2.      This Order (and all of the Court's subsequent orders, both procedural and substantive), and likewise all discovery conducted in this MDL, will apply to all cases that later are consolidated in the MDL docket, including any tag-along cases or other cases transferred to this Court after the date of this order.

3.      Absent good cause, if a DAP or other new party seeks to serve new written discovery requests on any Defendant or seeks to serve new third party subpoenas, the DAP or other new party must avoid duplicating the discovery that has already been taken in this *In re Cattle and Beef Antitrust Litigation* and coordinate with other Plaintiffs concerning the need for any such additional discovery, taking into consideration relevance and the proportionality factors of Fed. R. Civ. P. 26(b). To the extent that a DAP or other new party decides to pursue additional discovery, Defendants reserve all rights to object to the discovery.

---

[6]   The DAPs maintain that they should not be bound by certain discrete provisions of certain of these prior orders (specifically, Sections II.B.F.1-3 and II.B.G.1-3 of the Search Methodology Order, Sections V.B.1-2 of the ESI Protocol, and Section III.C of the Deposition Protocol) and do not stipulate to those provisions. The DAPs and the other Parties shall continue to negotiate in an attempt to reach an amicable resolution to this issue and possible alternatives to those provisions in advance of the January 24, 2023 status conference.

4.      Consistent with the above, the parties respectfully request that the Court enter the concurrently submitted proposed order.

**SO STIPULATED.**

Dated:  January 13, 2023

Respectfully submitted,

*/s/ Partirk J. McGahan*
David R. Scott (*pro hac vice*)
Amanda F. Lawrence (*pro hac vice*)
Patrick J. McGahan (*pro hac vice*)
Michael P. Srodoski (Bar No. 0398250)
**SCOTT + SCOTT**
**ATTORNEYS AT LAW LLP**
156 Main Street
P.O. Box 192
Colchester, CT 06415
Tel.: 860-537-5537
Fax.: 860-537-4432
david.scott@scot-scott.com
alawrence@scott-scott.com
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (*pro hac vice*)
**SCOTT + SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT + SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue
17th Floor
New York, NY 10169
Tel.: 212-223-6444

*/s/ Holley C. M. Horrell*
X. Kevin Zhao, Reg. No. 0391302
Holley C. M. Horrell, Reg. No. 0399636
Davida S. McGhee Williams, Reg. No. 0400175
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
kzhao@greeneespel.com
hhorrell@greeneespel.com
dwilliams@greeneespel.com

Britt M. Miller (*pro hac vice*)
Matthew Provance (*pro hac vice*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

William H. Stallings (*pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3338
wstallings@mayerbrown.com

Jacob D. Bylund (*pro hac vice)*
**FAEGRE DRINKER BIDDLE &**
**REATH LLP**
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309

Fax: 212-223-6334
jguglielmo@scott-scott.com

Jennifer W. Sprengel (*pro hac vice*)
Daniel O. Herrera (*pro hac vice*)
Kaitlin Naughton (*pro hac vice*)
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel.: 312-782-4882
Fax: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
knaughton@caffertyclobes.com

Ellen Meriwether (*pro hac vice*)
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Tel.: 215-864-2800
Fax: 215-864-2810
emeriwether@caffertyclobes.com

**Interim Co-Lead Counsel for the Cattle**
**Plaintiffs**

K. Craig Wildfang (Bar No. 0117043)
Thomas J. Undlin (Bar No. 0183751)
Stacey P. Slaughter (Bar No. 0296971)
Geoff Kozen
Eric P. Barstad
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel.: 612-349-8500
Fax: 612-339-4181
kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com
gkozen@robinskaplan.com

(515) 248-9000

Beth A. Wilkinson
Kosta Stojilkovic
**WILKINSON STEKLOFF LLP**
2001 M Street, NW, 10th Floor
Washington, DC 20036
(202) 847-4010
bwilkinson@wilkinsonstekloff.com
kstojilkovic@wilkinsonstekloff.com

Moira Penza
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24
New York, NY 10036
(212) 294-8914
mpenza@wilkinsonstekloff.com

**Counsel for Defendants Cargill,**
**Incorporated and Cargill Meat Solutions**
**Corporation**

/s/ Benjamin L. Ellison
Benjamin L. Ellison, Reg. No. 0392777
Chelsea A. Bunge-Bollman, Reg. No.
  0401297
**JONES DAY**
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel.: (612) 217-8862
bellison@jonesday.com
cbungebollman@jonesday.com

Julia E. McEvoy (*pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel.: (202) 879-3867
jmcevoy@jonesday.com

Michelle Fischer (*pro hac vice*)
**JONES DAY**

ebarstad@robinskaplan.com

Kellie Lerner
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Tel.: 212-980-7400
Fax: 212-980-7499
klerner@robinskaplan.com

**_Liaison Counsel for the Cattle Plaintiffs_**

/s/ Shana E. Scarlett
Shana E. Scarlett (*pro hac vice*)
Rio S. Pierce (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Tel.: (510) 725-3000
Fax: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Kyle J. Pozan (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN
P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55402

901 Lakeside Avenue
North Point
Cleveland, OH 44114
Tel.: 216-586-3939
mfischer@jonesday.com

Tiffany Lipscomb-Jackson (*pro hac vice*)
**JONES DAY**
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Tel.: 614-281-3939
tdlipscombjackson@jonesday.com

Eddie Hasdoo (*pro hac vice*)
**JONES DAY**
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601
Tel.: 312-269-4214
ehasdoo@jonesday.com

**_Counsel for Defendant National Beef
Packing Company, LLC_**

/s/ Jessica J. Nelson
Donald G. Heeman, Reg. No. 0286023
Jessica J. Nelson, Reg. No. 0347358
Randi J. Winter, Reg. No. 0391354
**SPENCER FANE LLP**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Tel.: (612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen Neuwirth (*pro hac vice*)
Michael Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010

Tel.: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
kjpozan@locklaw.com

J. Barton Goplerud
**SHINDLER, ANDERSON,**
**GOPLERUD & WEESE, PC**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagslaw.com

*Counsel for Plaintiffs and the Proposed*
*Consumer Indirect Purchaser Classes in*
*the Peterson Action*

/s/ Michelle J. Looby
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#259337)
Michelle J. Looby (#0388166)
Joshua J. Rissman (#0391500)
Brittany Resch (#397656)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Dennis J. Stewart (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 B Street, 17th Floor
San Diego, CA 92101

Tel.: (212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com

Lewis A. Remele, Jr., Reg. No. 90724
Christopher R. Morris, Reg. No. 230613
**BASSFORD REMELE, P.A.**
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Tel.: (612) 333-3000
lremele@bassford.com
cmorris@bassford.com

William F. Hargens (*pro hac vice*)
Patrick E. Brookhouser, Jr. (*pro hac vice*)
**MCGRATH NORTH MULLIN &**
**KRATZ, PC LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Tel: (402) 341-3070
whargens@mcgrathnorth.com
pbrookhouser@mcgrathnorth.com

*Counsel for Defendants JBS USA Food*
*Company, JBS Packerland, Inc., Swift*
*Beef Company, and JBS S.A.*

/s/ Ulrike B. Connelly
Susan E. Foster (*pro hac vice*)
Ulrike B. Connelly (*pro hac vice*)
Tiffany Lee (*pro hac vice*)
Hannah Parman (*pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8846
sfoster@perkinscoie.com
uconnelly@perkinscoie.com
tiffanylee@perkinscoie.com
hparman@perkinscoie.com

Tel: (612) 333-8844
Fax: (612) 339-6622
dstewart@gustafsongluek.com

Adam J. Zapala (*pro hac vice*)
Elizabeth T. Castillo (*pro hac vice*)
Reid W. Gaa (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
rgaa@cpmlegal.com

Alexander E. Barnett (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Tel: (212) 201-6820
Fax: (917-398-7753
abarnett@cpmlegal.com

Jason S. Hartley (*pro hac vice*)
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, CA 92101
Tel: (619) 400-5822
hartley@hartleyllp.com

Megan E. Jones (*pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
mjones@hausfeld.com

***Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiffs***

Jon B. Jacobs (*pro hac vice*)
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 654-1758
jbjacobs@perkinscoie.com

Barry G. Stratford (*pro hac vice*)
**PERKINS COIE LLP**
2901 N. Central Avenue
Suite 2000
Phoenix, Arizona 85012-2788
Tel: (602) 351-8000
bstratford@perkinscoie.com

Caroline Gizem Tunca (*pro hac vice*)
**PERKINS COIE LLP**
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Tel: (312) 324-8400
ctunca@perkinscoie.com

David P. Graham, Reg. No. 0185462
**DYKEMA GOSSETT, PLLC**
4000 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 486-1521
dgraham@dykema.com

***Counsel for Defendants Tyson Foods, Inc., and Tyson Fresh Meats, Inc.***

*/s/ Blaine Finley*
Shawn M. Raiter (MN #240424)
**LARSON KING LLP**
30 East Seventh Street, Suite 2800
St. Paul, MN 55101
Tel: (651) 312-6518
sraiter@larsonking.com

Don Barrett (*pro hac vice*)
David McMullan (*pro hac vice*)
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095-0927
Tel: (662) 834-9168
Fax: (662) 834-2628
donbarrettpa@gmail.com
mcmullan@BarrettLawGroup.com

Jonathon W. Cuneo (*pro hac vice*)
Blaine Finley (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 789-3960
jonc@cuneolaw.com
bfinley@cuneolaw.com

Jon Tostrud
Anthony Carter (to apply *pro hac vice*)
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

***Counsel for Erbert & Gerbert's, Inc. and the Proposed Beef Commercial Indirect Purchaser Plaintiffs***

*/s/ Richard M. Paul III*
Richard M. Paul III

Sean Cooper
David Bodenheimer
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Rick@PaulLLP.com
Sean@PaulLLP.com
David@PaulLLP.com

Alicia O'Neill
**WATTS GUERRA LLC**
5726 W. Hausman, Suite 119
San Antonio, Texas 78249
Telephone: (210) 447-0500
Fax: (210) 447-0501
aoneill@wattsguerra.com

Mikal C. Watts
**WATTS GUERRA LLC**
Millennium Park Plaza RFO
Suite 410, CII2
Guaynabo, Puerto Rico 00966
Phone: (210) 447-0500
Fax: (210) 447-0501
mcwatts@wattsguerra.com

Tab Turner
**TURNER & ASSOCIATES, P.A.**
4705 Somers Avenue
North Little Rock, Arkansas 72116
Telephone: (501) 791-2277
tab@tturner.com

***Counsel for the Specht Plaintiffs***

*/s/ Jack G. Stern*
Philip J. Iovieno
Jack G. Stern
Mark A. Singer
Justin V. Arborn
**CADWALADER, WICKERSHAM &
TAFT LLP**

200 Liberty Street
New York, NY 10281
philip.iovieno@cwt.com
jack.stern@cwt.com
mark.singer@cwt.com
justin.arborn@cwt.com

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
Douglas H. Patton
Samuel J. Randall
Michael A. Ponzoli
**KENNY NACHWALTER, P.A.**
1441 Brickell Avenue, Suite 1100
Miami, FL  33131
rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
dpatton@knpa.com
srandall@knpa.com
mponzoli@knpa.com

Paul E. Slater
Joseph M. Vanek
David P. Germaine
Phillip F. Cramer
Alberto Rodriguez
Jeffrey H. Bergman
**SPERLING & SLATER, P.C.**
55 West Monroe Street
Suite 3200
Chicago, IL  60603
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
pcramer@sperling-law.com
arodriguez@sperling-law.com
jbergman@sperling-law.com

David B. Esau
Kristin A. Gore
Garth T. Yearick

**CARLTON FIELDS, P.A.**
525 Okeechobee Boulevard
Suite 1200
West Palm Beach, FL  33401
desau@carltonfields.com
kgore@carltonfields.com
gyearick@carltonfields.com

Eric R. Lifvendahl
**L&G LAW GROUP, LLP**
175 W. Jackson, Suite 950
Chicago, IL  60604
elifvendahl@lgcounsel.com
Richard L. Coffman
**THE COFFMAN LAW FIRM**
3355 W. Alabama Street, Suite 240
Houston, TX  77098
rcoffman@coffmanlawfirm.com

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Erin Gibson Allen
**MARCUS & SHAPIRA LLP**
One Oxford Center
35th Floor
Pittsburgh, PA  15219
marcus@marcus-shapira.com
cain-mannix@marcus-shapira.com
hill@marcus-shapira.com
Allen@marcus-shapira.com

Robert N. Kaplan
Elana Katcher
Matthew P. McCahill
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue
14th Floor
New York, NY  10022
rkaplan@kaplanfox.com
ekatcher@kaplanfox.com
mmccahill@kaplanfox.com

Scott E. Gant
Michael S. Mitchell
Cameron Miller
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, N.W.
Washington, D.C.  20005
sgant@bsfllp.com
mmitchell@bsfllp.com
cmiller@bsfllp.com

Colleen Harrison
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
charrison@bsfllp.com

Sarah L. Jones
**BOIES SCHILLER FLEXNER LLP**
725 South Figueroa Street
Los Angeles, California 90017
sjones@bsfllp.com

Patrick J. Ahern
**AHERN AND ASSOCIATES, P.C.**
Willoughby Tower
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
Ph: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

***Counsel for Direct Action Plaintiffs***