UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 22-md-3031 (JRT/JFD) |
| | **ORDER** |
| This Document Relates To: *Sysco Corporation v. Cargill, Inc.*, Case No. 22-cv-1750 | |

## ORDER DENYING STIPULATION

This matter is before the Court on a Stipulation between the law firm of Boies Schiller Flexner LLP ("BSF") and its client, Direct Action Plaintiff Sysco Corporation ("Sysco"), in which Sysco consents to BSF's withdrawal as Sysco's counsel. The Stipulation (Dkt. No. 162) is **DENIED**.

District of Minnesota Local Rule 83.7 governs the withdrawal of counsel. Withdrawal may be accomplished by notice when "(1) multiple attorneys have appeared on behalf of the party; and (2) at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so." D. Minn. LR 83.7(a). Here, attorneys with the law firms of Frankfurt Kurnit Klein & Selz and Anthony Ostlund Louwagie Dressen & Boylan P.A. have appeared on behalf of Sysco. (*See* Dkt. Nos. 162– 70.) The Stipulation and a contemporaneously filed Motion to Stay state that these attorneys are appearing in a "limited capacity" for Sysco. (*See* Dkt. Nos. 162, 164.) However, counsel neither defined the scope of the "limited capacity" representation nor stated whether attorneys with the law firms of Frankfurt Kurnit Klein & Selz and Anthony Ostlund Louwagie Dressen & Boylan P.A. will still be Sysco's counsel of record if BSF

1

withdraws.[1] Therefore, the Court cannot construe the Stipulation as a notice under LR 83.7(a).

Under LR 83.7(b), withdrawal of counsel may be accomplished by notice of withdrawal and substitution when

  (1) the notice includes:

>  (A) a statement by substituted counsel that serves as substituted counsel's notice of appearance and affirms that he or she represents the party; and
>
> (B) the names, addresses, and signatures of the withdrawing attorney and substituted counsel;

(2) the withdrawal and substitution will not delay the trial or other progress of the case; and

(3) the notice is filed and served:

> (A) in a civil case, at least 90 days before trial; or
> (B) in a criminal case, at least 30 days before trial.

D. Minn. LR 83.7(b). The Stipulation does not satisfy either (1) or (2), and thus BSF's withdrawal cannot be accomplished under LR 83.7(b).

Under LR 83.7(c), "[a]n attorney who seeks to withdraw otherwise than under LR 83.7(a) or (b) must move to withdraw and must show good cause. The attorney must notify his or her client of the motion." Rule 83.7(c) says "must move," and BSF did not file a motion. If BSF is seeking to withdraw under Rule 83.7(c) rather than (a) or (b), requiring compliance with the Rule is not simply elevating form over substance. Proceeding by

---

[1] The Court asks counsel with Frankfurt Kurnit Klein & Selz and Anthony Ostlund Louwagie Dressen & Boylan P.A. to file by 11:59 p.m. on Friday, March 24, 2023, a letter explaining what they mean by "limited capacity."

motion will allow the Court to assess the propriety and consequences of BSF's withdrawal and its effects on Sysco's related motion for a limited stay. In addition, proceeding by motion will allow BSF to show good cause for the withdrawal. As the record stands, the Stipulation itself contains no showing of good cause, and the Court is left to guess whether Sysco and BSF are relying on the motion-to-stay filings as the good-cause showing. Furthermore, proceeding by motion will give other parties an opportunity to file a response, should they so choose.

If BSF proceeds by motion filed pursuant to LR 83.7(c), the Court will want to hear the motion to withdraw at the hearing scheduled on April 5, 2023, at 8:30 a.m. on Sysco's Motion to Stay. BSF would need to file its motion and supporting documents by 11:59 p.m. on Friday, March 24, 2023, and any responses would be due by 11:59 on Thursday, March 30, 2023. If that timeline is not possible, BSF shall contact Magistrate Judge Docherty's chambers as soon as possible for a new hearing date.

**IT IS SO ORDERED.**

Date: March 23, 2023            *s/ John F. Docherty*
                                JOHN F. DOCHERTY
                                United States Magistrate Judge