

ARTHUR G. BOYLAN
aboylan@anthonyostlund.com

March 24, 2023

*Via ECF*

The Honorable John F. Docherty
United States District Court
316 North Robert Street
St. Paul, MN  55101

Re:  *In Re: Cattle and Beef Antitrust Litigation* – Case No. 22-MD-3031 (JRT/JFD)
   This document relates to:  *Sysco Corporation v. Cargill, Inc., et al.* – Case No. 22-CV-1750

Dear Judge Docherty:

We write pursuant to your Honor's direction to provide further explanation as to how Anthony Ostlund Louwagie Dressen & Boylan P.A. ("AO"), and Frankfurt Kurnit Klein & Selz ("FKKS"), are appearing in a limited capacity on behalf of Sysco Corporation in the above-captioned matter.  Both firms are appearing in a limited capacity—pursuant to the written, informed consent of Sysco—to represent Sysco in pursuing a motion to stay and with respect to any motion practice regarding the discharge of its counsel, Boies Schiller Flexner LLP ("BSF"), for cause.  Neither AO nor FKKS is appearing as counsel on Sysco's antitrust claims.  Sysco is working diligently to identify and retain new counsel for its antitrust claims, but as a corporation it cannot appear *pro se* in federal court.  While Sysco is seeking to find replacement antitrust counsel, it must have some counsel representing its interests with respect to the discharge of BSF and any related interim relief, such as Sysco's motion to stay.  BSF cannot act as Sysco's counsel with respect to those limited matters, since its interests are directly adverse to Sysco in any matter pertaining to the underlying reasons for BSF's discharge for cause.

Under the circumstances, and consistent with the applicable rules of professional conduct, it is appropriate and reasonable for AO and FKKS to appear in a limited capacity.  Pursuant to the Minnesota Rules of Professional Conduct—which apply in federal court, *see Knox v. State Farm Fire & Casualty Co.*, No. 17-cv-5351 (DWF/TNL), 2018 WL 11417446, at *2 (D. Minn. Feb. 6, 2018) (Leung, Mag. J.)—"[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."  Minn. R. Prof. Conduct 1.2(c).

Several cases—including the *Knox* decision—support the ability of counsel to appear in a limited capacity in federal court.  *See, e.g.*, *Knox*, 2018 WL 11417446, at *2–3 (finding that counsel's limited representation—which was confined to suing out the case to avoid statute of limitations problems—was reasonable, and permitting him to withdraw because the limited representation was complete); *see also Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020) (acknowledging that certain attorneys had

The Honorable John F. Docherty
March 24, 2023
Page 2

entered appearances only for the purpose of litigating a motion to quash); *Solien for and on Behalf of N.L.R.B. v. Misc. Drivers & Helpers Union, Local No. 610*, 440 F.2d 124, 126 (8th Cir. 1971) (acknowledging that appellants were not permitted to intervene, but were permitted to file a limited appearance in the federal district court in order to be present at hearings, introduce evidence and file briefs, and to be informed of all actions taken in the case and to keep the court advised of "pertinent" developments); *LOL Finance Co. v. Faison*, No. 09-cv-741 (JRT/RLE), 2010 WL 11646583, at *3 (D. Minn. May 3, 2010) (Erickson, Chief Mag. J.) (noting that counsel had been retained for a "limited purpose, which has now been completed—namely, the denied Motion to Dismiss"). FKKS has frequently been permitted to appear in federal court as special "professional responsibility counsel" where there have been allegations of lawyer misconduct, including disputes between attorneys and clients, in the underlying action. *See, e.g., Quinn v. City of New York*, No. 20-cv-2666 (NRB), ECF. No. 47 (S.D.N.Y., March 31, 2022); *I.O.B. Realty, Inc., v. Patsy's Brand Inc., et al* (AT/KNF), ECF No. 115 (S.D.N.Y. Jan. 2, 2020); *DMJ Associates, LLC v. Capasso et al*., No. 97-cv-7285 (DLI/RML), ECF No. 1450 (E.D.N.Y. Sept. 24, 2013).

Here, AO and FKKS are appearing in a limited capacity specifically to address the highly unusual circumstances in which Sysco has found itself, namely, the discharge of its counsel for breaches of fiduciary duty, and the need to obtain a limited stay to protect Sysco's rights in the interim while it seeks new antitrust counsel—either to avoid violating imminent court deadlines (as in the *Beef* litigation) or ensure no motions or court rulings that may occur in the interim result in any inadvertent waiver or abridgement of Sysco's rights. As noted, Sysco, as a corporation, is barred from seeking that relief *pro se*. These limitations are reasonable under the circumstances and AO and FKKS have both secured informed consent from Sysco to the limited scope representations, as required by RPC 1.2(c).

Very truly yours,

ANTHONY OSTLUND LOUWAGIE
DRESSEN & BOYLAN P.A.

 s/ Arthur G. Boylan

**ARTHUR G. BOYLAN**

AGB:mp

cc:     Counsel of Record (via ECF)