## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 22-md-3031 (JRT/JFD) |
| THIS DOCUMENT RELATES TO: THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTION | |

**[PROPOSED] ORDER GRANTING THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH JBS, PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS, AND FOR LEAVE TO DISSEMINATE NOTICE**

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] seek the Court's preliminary approval of the settlement of their claims against JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc., and JBS S.A. ("JBS"). The CIIPPs further seek the Court's approval of the form and manner of notice related to this settlement and leave to disseminate notice.

Upon consideration of the filings, record, and applicable legal authority and having carefully reviewed the CIIPPs' Motion for Preliminary Approval of Class Action Settlement Between the Commercial and Institutional Indirect Purchaser Plaintiffs and JBS and for Leave to Disseminate Notice ("Motion"), it is hereby **ORDERED** as follows:

1.     The Motion is **GRANTED**.

---

[1]     The CIIPP representative plaintiff is Erbert & Gerbert's, Inc. and any of its predecessors, successors, assigns, affiliates, and any and all past, present, and future parents, owners, subsidiaries, divisions, or departments.

2.     Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the settlement agreement between the CIIPPs and JBS ("Settlement Agreement").

3.     The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

4.     The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement was negotiated and entered at arm's length by experienced counsel, raises no obvious reasons to doubt its fairness, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"):

> All persons and entities who during the Settlement Class Period indirectly purchased for business use in commercial food preparation in the United States, from any of the Defendants or their respective subsidiaries and affiliates, boxed or case-ready Beef processed from Fed Cattle, excluding ground beef made exclusively from culled cows.

> Specifically excluded from the Settlement Class are Defendants; the officers, directors or employees of any Defendant; the parent companies of any Defendant; the subsidiaries of any Defendant and any entity in which any Defendant has a controlling interest; purchasers that purchased directly from any Defendant, including those that directly purchased for resale in an unmodified and untransformed form (except to the extent they made indirect purchases that fall within the class definition); and any affiliate, legal representative, heir or assign of any Defendant.  Also excluded from the Settlement Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action.

This class definition is in all material respects the same class proposed in the Settlement Agreement.

(*See* Settlement Agreement, ¶ 5).

2

6.      The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) the CIIPPs' claims present common issues and are typical of the Settlement Class; (c) the CIIPP named representative and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named representative CIIPP's interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

7.      The Court appoints Shawn M. Raiter (Larson · King, LLP), Blaine Finley (Cuneo Gilbert & LaDuca, LLP), and Sterling Aldridge (Barrett Law Group, P.A.) as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8.      Erbert & Gerbert's, Inc. will serve as a CIIPP class representative on behalf of the Settlement Class.

9.      Regarding the form and manner of notice, the CIIPPs propose the following schedule, which the Court finds appropriate:

| DATE | EVENT |
| --- | --- |
| Within 21 days from order directing notice | Settlement Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan |
| 60 days after the commencement of Notice | Last day for Settlement Class members to request exclusion from the Settlement Class; for Settlement Class members to object to the Settlement; and for Settlement Class members to file notices to appear at the Final Fairness Hearing |
| 7 days after last day to request exclusion from the Settlements | Co-Lead Counsel to provide JBS with information concerning all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| 14 days before the Final | Co-Lead Counsel shall file a motion for final approval of the |

| DATE | EVENT |
|---|---|
| Settlement Fairness Hearing | Settlement and all supporting papers, as well as responses to any objections to the proposed Settlement |
| 40 days after last day to request exclusion from the Settlement or as soon thereafter as the matter may be heard by the Court | Final Fairness Hearing |

10.     Settlement Class Counsel are authorized to utilize Epiq Class Action & Claims Solutions, Inc. ("Epiq") and Hilsoft Notifications ("Hilsoft") as the notice administrator for the settlement with JBS. As described in the Settlement Agreement, Settlement Class Counsel may use a portion of the settlement funds up to $500,000 to pay for the implementation of the notice plan.

11.     The proposed forms of notice, including the long and short form notices and digital media notices, comply with Rule 23 and due process requirements. Settlement Class Counsel and the notice administrator are authorized to disseminate these notices in forms substantially like those presented to the Court with this Motion.

12.     After notice has been disseminated, potential members of the Settlement Class: (1) who wish to exclude themselves from the Settlement Agreement will be required to submit an appropriate and timely request for exclusion, (2) who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for the objection, or (3) who wish to appear in person to be heard or object to the Settlement Agreement will be required to submit an appropriate and timely request to appear.

13.     If the Settlement Agreement is not granted Final Approval following the Fairness Hearing or is cancelled or terminated pursuant to Paragraph 19 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement,

and without prejudice to the status quo and rights of the CIIPPs, JBS, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

14.     Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by JBS or of the truth of any of the CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of JBS's defenses.

15.     The Court approves the establishment of the Settlement Fund described at Paragraph 11 of the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

16.     The litigation against the JBS Released Parties (as defined in the Settlement Agreement with JBS) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Dated: _____, 2023          _____
                                        HON. JOHN R. TUNHEIM
                                        U.S. DISTRICT JUDGE