**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| IN RE: CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 22-3031 (JRT/JFD) |
| | **ORDER GRANTING THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT WITH DEFENDANT JBS AND ENTRY OF FINAL JUDGMENT** |
| This Document Relates To: COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS | |

---

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") seek the Court's final approval of the settlement of their claims against JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc., and JBS S.A. ("JBS"). The Court entered an Order granting preliminary approval of the proposed settlement on May 25, 2023. ("Preliminary Approval Order," Docket No. 262.)

Among other things, the Preliminary Approval Order authorized CIIPPs to disseminate notice of the settlement, the fairness hearing, and related matters to potential members of the Settlement Class. Notice was provided to the Class pursuant to the notice plan approved by the Court, and, as the Settlement Class was notified, the Court held a fairness hearing on November 21, 2023. No class member objected to the settlement, and none appeared at the fairness hearing to oppose approval of, or object to, the settlement.

Having reviewed the CIIPPs' Motion for Final Approval of the Settlement with Defendant JBS ("Motion"), its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and all papers filed, and based on oral argument presented at the fairness hearing and the complete records and files in this matter, the Court hereby **ORDERS**:

1.      The Motion (Docket No. 383) is **GRANTED** pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class.

2.      The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class, and all Defendants.

3.      Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

4.      The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

5.      In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6.      The Settlement Agreement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations, which were

undertaken in good faith by counsel with significant experience litigating antitrust class actions.  The parties also engaged an experienced mediator to facilitate settlement.

7.      Upon review of the record, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.  The Settlement Agreement provides substantial monetary cooperation in the form of $25 million and secures cooperation from JBS in the ongoing litigation.  The monetary compensation provides substantial, more immediate, and certain relief to the class and eliminates the costs of prosecuting the case against JBS. The cooperation guarantee increases the likelihood of success for the class against the non-settling defendants while decreasing the costs of prosecuting the case against them. It avoids what would almost certainly be a long delay by proceeding to trial and through appeals.  The Court has been provided with and reviewed all Rule 23(e)(3) agreements, and the full terms of the agreements including the cooperation requirement support a finding that the relief is adequate.

8.      The Court finds that Rule 23(a)'s requirements are met because: (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).

9.      The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are thousands of

geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the representative plaintiff will fairly and adequately protect the interests of the Settlement Class, and has retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

10.     Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All persons and entities who from January 1, 2015 to May 25, 2023 indirectly purchased for business use in commercial food preparation in the United States, from any of the Defendants or their respective subsidiaries and affiliates, boxed or case-ready Beef processed from Fed Cattle, excluding ground beef made exclusively from culled cows.
>
> Specifically excluded from the Settlement Class are Defendants; the officers, directors or employees of any Defendant; the parent companies of any Defendant; the subsidiaries of any Defendant and any entity in which any Defendant has a controlling interest; purchasers that purchased directly from any Defendant, including those that directly purchased for resale in an unmodified and untransformed form (except to the extent they made indirect purchases that fall within the class definition); and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from the Settlement Class are any federal, state or local governmental entities, any judicial officer presiding

over this action and the members of his/her immediate family
and judicial staff, any juror assigned to this action.

This class definition is in all material respects the same class proposed in the Settlement

Agreement.  (*See* Settlement Agreement, ¶ 5, Docket No. 206-1.)

11.    Pursuant to Fed. R. Civ. P. 23(g), Interim Co-Lead Counsel previously

appointed by the Court are appointed as Class Counsel for the Settlement Class as they

have and will fairly and competently represent the interests of the Settlement Class.

12.    The Escrow Account, into which JBS has deposited a total of $25,000,000.00

as the settlement amount, plus accrued interest thereon, is approved as a Qualified

Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury

Regulations promulgated thereunder.

13.    This Court hereby dismisses on the merits and with prejudice all Claims in

the CIIPP action against JBS, with each party to bear its own costs and fees, including

attorneys' fees, except as provided in the Settlement Agreement.

14.    The Release in the Settlement Agreement is incorporated herein, and the

Releasing Parties shall, by operation of law, be deemed to have released all JBS Released

Parties from the Released Claims.  All entities who are Releasing Parties (as defined in the

Settlement Agreement) or who purport to assert claims on behalf of the Releasing Parties

are hereby and forever barred and enjoined from commencing, prosecuting, or

continuing, against the JBS Released Parties, in this or any other jurisdiction, any and all

claims, causes of action or lawsuits, which they had, have, or in the future may have,

arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

15.     The JBS Released Parties are hereby and forever released and discharged with respect to all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

16.     The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances.  This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

17.     No members of the Settlement Class have objected to the Settlement.

18.     Each of the following entities filed timely exclusions from the Settlement and has also filed its own lawsuit in this litigation asserting that it is a direct purchaser:

- *Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust v. Cargill, Inc. et al.*, Case No. 22-1504;

- *ARCOP, Inc. v. Cargill, Inc. et al.*, Case No. 23-00088;

- *CKE Restaurants Holdings, Inc. v. Cargill, Inc. et al.*, Case No. 23-00089;

- *Restaurant Services, Inc. v. Cargill, Inc. et al.*, Case No. 23-00090;

- *Sonic Industries Services, Inc. v. Cargill, Inc. et al.*, Case No. 23-00091; and

- *Whatabrands LLC et al. v. Cargill, Inc. et al.*, Case No. 23-00092

To the extent they may have been members of the Settlement Class, these entities are excluded from the Settlement and are not entitled to its benefits or bound by its Released Claims.

19.     All members of the Settlement Class are now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement Fund.

20.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and

administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

21.    JBS has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

22.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

DATED:  November 21, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge