UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 0:22-md-03031 (JRT-JFD) |
| This Document Relates To:<br><br>IN RE DPP BEEF LITIGATION | **DECLARATION OF DANIEL E. GUSTAFSON IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM PAYMENT OF ATTORNEYS' FEES AND SERVICE AWARDS** |

I, Daniel E. Gustafson, declare and state:

1.  I am an attorney licensed to practice law in the State of Minnesota and admitted to federal Court in Minnesota. I am a founding member of Gustafson Gluek PLLC ("Gustafson Gluek"). I am one of the attorneys of record for the Direct Purchaser Plaintiffs ("DPPs"). I make this declaration in support of the accompanying Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees and Service Awards. I have personal knowledge of the facts in this declaration and could competently testify to them if called as a witness.

2.  This Court appointed Gustafson Gluek PLLC, Hartley LLP, Hausfeld LLP, and Cotchett Pitre & McCarthy LLP as Interim Co-Lead Counsel for the DPPs. (ECF No. 71) Before and since those appointments, these firms have committed thousands of hours of work to develop and advance this complex case. Interim Co-Lead Counsel, with the assistance of 19 other firms ("Class Counsel"), have vigorously and efficiently prosecuted

1

this complex antitrust case. At all times, the work of Class Counsel was directed by Interim Co-Lead Counsel.

## CLASS COUNSEL'S EFFORTS IN PROSECUTING THIS LITIGATION

3. On June 6, 2020, Class Counsel filed the first direct purchaser complaint against the nation's largest beef producers alleging an antitrust conspiracy in violation of the Sherman Act, 15 U.S.C. § 1. On January 18, 2022, Class Counsel filed the operative Third Amended and Consolidated Class Action Complaint (ECF No. 303).

4. Class Counsel has developed case management plans and worked cooperatively with indirect purchaser class counsel, cattle farmer plaintiffs, indirect cattle seller plaintiffs, direct action plaintiffs and Defendants to implement those plans.

5. Class Counsel has prepared and filed comprehensive memoranda of law: (a) successfully in opposition to Defendants' motions to dismiss, (b) regarding numerous discovery issues, (c) regarding ESI Protocol, Search Methodology, and Deposition Protocol and (d) seeking preliminary and final approval of settlement with JBS.

6. Class Counsel has worked extensively with other Plaintiffs' Counsel and met and conferred frequently with Defendants to: (a) negotiate extensive search term strings for ESI and mobile discovery, (b) review and analyze Defendants' structured data productions, and (c) serve several mobile phone subpoenas to former Defendant employees as well as issued several third-party subpoenas.

7. Class Counsel has conducted extensive fact discovery. Discovery has involved more than one hundred thirty-five document custodians, more than 3.6 million documents and communications, millions of telephone calls and messages, many third

parties, and dozens (or hundreds) of anticipated depositions. Interim Co-Lead Counsel is coordinating this discovery effort against Defendants with cattle counsel, counsel for the indirect classes, and numerous Direct Action counsel. Plaintiffs and Interim Co-Lead Counsel are also fulfilling their own discovery obligations in response to fulsome discovery by Defendants.

8. Class Counsel have consulted with a wide range of experts during their pre-suit investigation and the discovery phase of this case.

9. On January 27, 2022, with the assistance of experienced mediator, Professor Eric Green, Class Counsel settled with JBS for $52,500,000 and meaningful cooperation. JBS was represented by Quinn Emanuel Urquhart & Sullivan, LLP, a leading multinational and national law firm ranked among the Vault Law 100 for most prestigious law firms. This Settlement represents a significant recovery for the DPP Class members.

10. Class Counsel prepared and executed the class notice and claims administration programs for the JBS Settlement. The claims and distribution process approved by this Court is underway with prepopulated claim forms for Settlement class members' convenience.

11. Class Counsel will continue to vigorously litigate this case against the remaining Defendants, including seeking discovery and handling all other motion and litigation practice. With respect to the Settlement, Class Counsel will continue to supervise all aspects of settlement and claims administration and will supervise the final distribution of settlement proceeds to qualified DPP Class members.

12. Class Counsel believed in DPPs' case from the beginning, invested extensive time, effort, and money into it, and prosecuted it vigorously without the benefit of a contemporaneous criminal government investigation or indictments. Class Counsel did so at the risk of no recovery and turned away other opportunities due to the complexity and high level of time and expense the case demanded.

13. Since the inception of this case, Interim Co-Lead Counsel has led the prosecution of this matter in all regards, including the following:

- We supervised the activities of all Class Counsel and strategized and executed decisions regarding the overall prosecution of this litigation.

- We conducted factual and legal research throughout the course of the case, not only to prepare and finalize extensive and comprehensive consolidated complaints, but also on an ongoing basis as necessary to bring motions on behalf of the Class and defend motions brought by Defendants.

- We assigned responsibility for review of documents produced by the Defendants and third parties, we assisted in designing the review program to identify relevant material, we participated in this review as necessary ourselves, and we reviewed and put to use the results of counsel's review of these productions.

- We defended motions to dismiss.

- We participated extensively in the settlement negotiations.

4

- We prepared a motion for preliminary and final approval of the JBS settlement and helped prepare and execute the class notice and claims administration program for the settlement.

14. All of these actions are through December 31, 2022. As noted in DPP's motion, we have since and will continue to devote ourselves and our resources to the successful prosecution of this case.

### CLASS COUNSEL'S TIME AND EXPENSE REPORTING TO INTERIM CO-LEAD COUNSEL

15. Interim Co-Lead Counsel is responsible for collecting all Class Counsel's contemporaneously prepared attorney and paralegal time and expense reports.

16. We sent a Time and Expense Protocol to Class Counsel and instructed them to abide by it. We also provided Class Counsel templates of the required Microsoft Excel reporting form.

17. The Time and Expense Protocol requires each firm to contemporaneously record and transmit to us each month a detailed, task-based spreadsheet with their time entries. The reports contain a chronological listing of time reported for work performed by attorneys and paralegals in specified activity categories, a complete and accurate categorization of work performed, the name and title of the person who performed the work, the hourly rate associated with each attorney and paralegal at the time the work was performed (*i.e.*, the professional's "historical" rate), and the firm's resulting lodestar for that month.

18. To control Class Counsel's lodestar, the Time and Expense Protocol instructed Class Counsel not to submit time for work not requested by Interim Co-Lead Counsel, duplicative work, reading and reviewing, preparing time and expense reports, routine clerical tasks, or work related to any client not retained. Additionally, the Time and Expense Protocol required that each firm submit all litigation-related expenses incurred by the firm for the month. Finally, time spent on first-tier document review has been capped at $350 per hour. Due to the risk that expenses might never be recovered, Class Counsel endeavored to keep them to a minimum.

19. To ensure that time and expense entries submitted by each firm are reported in a uniform matter, the Time and Expense Protocol requires that all reports be submitted to Co-Lead Counsel in a Microsoft Excel format, by the 25th day of each month for time and expenses incurred in the preceding month. This uniform, electronic monthly reporting facilitated our review of each firm's reports.

20. All monthly attorney and paralegal time and expense reports submitted by Class Counsel are retained and preserved on a computer server by Co-Lead Counsel.

21. In preparing this petition, we audited and then asked all Class Counsel to review their monthly reported hours and expenses and submit a declaration attesting to the total of their allowed time and expenses incurred through December 31, 2022.

## CLASS COUNSEL'S TOTAL RECORDED LODESTAR

22. Exhibit A attached to this declaration, is a detailed summary of the time spent by the partners, attorneys, and other professional support staff of my firm, Gustafson Gluek, who were involved in this litigation and the lodestar calculation based on my firm's

6

historic billing rates. This Exhibit includes the total number of hours my firm expended on this litigation from inception through December 31, 2022, which is 4,909.50 hours. The total lodestar for my firm is $2,920,395.00. My firm's lodestar figures are based on the firm's historic billing rates.

23. Exhibits 1 through 3, attached to this declaration, are the declarations from the other Interim Co-Lead Counsel attesting to their respective firm's lodestar information, reported in the same manner as my firm. Interim Co-Lead Counsel identify the attorneys and paralegals from their firms who worked on the case and submitted time in the monthly reports and the historic hourly rates for each professional who submitted time.

24. Exhibits 4 through 22, attached to this declaration, are the declarations from Class Counsel attesting that the time and expenses they reported to Interim Co-Lead Counsel are true, accurate, and comply with the Time and Expense Protocol. Each declarant identifies the attorneys and paralegals from the firm who worked on the case and submitted time in the monthly reports and the historic hourly rates for each professional who submitted time.

25. Exhibit B, attached hereto, is a summary chart with lodestar figures for attorney and paralegal time reported by each firm for their efforts on behalf of the Class from inception of the litigation through December 31, 2022. The total lodestar figure for each firm is reflected in the right-hand column of the chart, and at the end of that column is the combined lodestar for all firms. Based on the data available to me and my firm, I attest that the lodestar amounts reported in this Exhibit accurately reflect the data described

therein. All counsel's underlying data is available for the Court's *in camera* review, if requested.

26.     Based on the contemporaneous time records, Class Counsel have reported 23,570.6 hours of professional time expended for the benefit of the Class through December 31, 2022. This represents a lodestar of $13,555,094.50, using Class Counsel's historic hourly rates. All Class Counsel performed this work on an entirely contingent basis.

27.     Awarding a fee of one-third of the Settlement Fund or $17,500,000 fee, plus interest,[1] would result in a conservative multiplier of 1.38 on such a lodestar.

### EXPENSES INCURRED ON BEHALF OF THE CLASS

28.     Interim Co-Lead Counsel, Hartley LLP, maintains the Litigation Fund for this action. Information regarding the reasonable and necessary expenses incurred on behalf of the Class to support the prosecution of this action are contained in the Declaration of Jason S. Hartley, attached hereto as Exhibit 2, ¶¶ 5-10.

### CLASS REPRESENTATIVES' CONTRIBUTION TO THE DEVELOPMENT AND PROSECUTION OF THIS CASE

29.     The three Class Representatives' help was instrumental in this outstanding result and, in Interim Co-Lead Counsel's judgment, deserving of a service award.

---

[1] The total interest earned through December 31, 2023, was $3,795,290.67. Therefore, two-thirds of this amount would go to the Class and one-third would be awarded to Class Counsel as fees. As interest continues to accrue, the interest would continue to be split between the Class and Class Counsel accordingly.

30.     Throughout this litigation, the Class Representatives advised Interim Co-Lead Counsel and approved pleadings, reviewed and responded to written discovery, searched for, gathered, preserved, and produced documents, will prepare for and sit for depositions, were kept up to date on the progress of the case, and performed other similar activities. Notably, the Class Representatives have produced hundreds of thousands of documents—Samuels has produced over 78,000 documents, Redners has produced over 262,000 documents, and R&D has produced over 16,000 documents.

31.     Unlike indirect purchaser plaintiffs, the named DPPs have or had a direct business relationship with the Defendants. They have exposed themselves to a substantial business risk by filing this lawsuit against the producers of beef who are key suppliers for their businesses.

32.     The Class Representatives were never promised that they would receive any additional compensation for leading the case; rather, they devoted their time and efforts solely to recover some portion of their own overcharges and to enable other Class members to recover theirs. The time and effort devoted by Class Representatives was instrumental in obtaining a phenomenal result for DPPs, and it should be recognized.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 30th day of January 2024, at Minneapolis, Minnesota.

*/s/ Daniel E. Gustafson*  
Daniel E. Gustafson

*IN RE DPP BEEF LITIGATION*

**Exhibit A - TIME REPORT**

**Firm Name: Gustafson Gluek PLLC**
**Reporting Period: Inception through December 31, 2022**

| PROFESSIONAL | TITLE | CUMULATIVE HOURS | HISTORIC HOURLY RATE | CUMULATIVE LODESTAR* |
|---|---|---|---|---|
| Daniel E. Gustafson (2019) | P | 28.60 | $1,075.00 | **$30,745.00** |
| Daniel E. Gustafson (2020-2021) | P | 164.40 | $1,100.00 | **$180,840.00** |
| Daniel E. Gustafson (2022) | P | 95.50 | $1,200.00 | **$114,600.00** |
| Jason S. Kilene (2019) | P | 94.50 | $900.00 | **$85,050.00** |
| Jason S. Kilene (2020-2021) | P | 107.00 | $925.00 | **$98,975.00** |
| Jason S. Kilene (2022) | P | 4.90 | $950.00 | **$4,655.00** |
| Daniel C. Hedlund (2019) | P | 67.30 | $900.00 | **$60,570.00** |
| Daniel C. Hedlund (2020-2021) | P | 201.10 | $925.00 | **$186,017.50** |
| Daniel C. Hedlund (2022) | P | 115.20 | $1,000.00 | **$115,200.00** |
| Dennis J. Stewart (2019) | P | 28.50 | 1,000.00 | **$28,500.00** |
| Dennis J. Stewart (2020-2021) | P | 4.90 | 1,025.00 | **$5,022.50** |
| Dennis J. Stewart (2022) | P | 0.30 | 1,100.00 | **$330.00** |
| Michelle J. Looby (2019) | P | 27.40 | 650.00 | **$17,810.00** |
| Michelle J. Looby (2020-2021) | P | 496.20 | 675.00 | **$334,935.00** |
| Michelle J. Looby (2022) | P | 494.30 | 775.00 | **$383,082.50** |
| Joshua J. Rissman (2019) | P | 218.50 | $500.00 | **$109,250.00** |
| Joshua J. Rissman (2020) | P | 176.70 | $525.00 | **$92,767.50** |
| Joshua J. Rissman (2021) | P | 298.50 | $600.00 | **$179,100.00** |
| Joshua J. Rissman (2022) | P | 303.40 | $675.00 | **$204,795.00** |
| Brittany N. Resch (2019) | A | 52.00 | $400.00 | **$20,800.00** |
| Brittany N. Resch (2020) | A | 92.60 | $425.00 | **$39,355.00** |
| Brittany N. Resch (2021) | A | 67.40 | $500.00 | **$33,700.00** |
| Brittany N. Resch (2022) | A | 39.60 | $550.00 | **$21,780.00** |
| Abou Amara (2021) | A | 53.50 | $375.00 | **$20,062.50** |
| Anthony J. Stauber (2022) | A | 353.30 | $375.00 | **$132,487.50** |
| Anthony J. Stauber (2022) | A | 22.80 | $350.00 | **$7,980.00** |
| Noah Cozad (2021-2022) | A | 237.00 | $350.00 | **$82,950.00** |
| Frances Mahoney Mosedale (2021) | A | 11.20 | $275.00 | **$3,080.00** |
| Haley Dietz (2022) | LC | 15.50 | $200.00 | **$3,100.00** |
| Deborah Gilman (2022) | CR | 350.50 | $350.00 | **$122,675.00** |
| Peter Nguyen (2022) | CR | 233.00 | $350.00 | **$81,550.00** |
| Jamie L. Holzer (2019-2021) | PL | 175.40 | $200.00 | **$35,080.00** |
| Jamie L. Holzer (2022) | PL | 278.50 | $300.00 | **$83,550.00** |
| **TOTAL** | | **4,909.50** | | **$2,920,395.00** |

*\* Based on historic hourly rates, except for document review which is capped at $350 per hour.*
**Title:**
**(P) Partner**
**(A) Associate**
**(LC) Law Clerk**
**(SPL) Senior Paralegal**
**(PL) Paralegal**
**(CR) Contract Reviewer**

Ex. A - Time Summary

## IN RE DPP BEEF LITIGATION
### Exhibit B
### Direct Purchaser Plaintiffs' Counsel
### Summary of Cumulative Hours and Lodestar
### For Inception through 12/31/2022

| Firm | CUMULATIVE Hours/Lodestar | |
|---|---|---|
| | Total Hours | Total Lodestar |
| **Berger Montague** | 14.80 | $ 9,630.50 |
| **Burns Charest LLP** | 17.00 | $ 9,510.00 |
| **Chestnut Cambronne PA** | 99.60 | $ 71,967.50 |
| **Cohen & Gresser LLP** | 253.00 | $ 144,807.00 |
| **Cotchett, Pitre & McCarthy, LLP** | 5,684.60 | $ 2,826,760.00 |
| **Edelson Lechtzin LLP** | 780.30 | $ 276,570.00 |
| **Freed Kanner London & Millen LLC** | 1,694.90 | $ 1,025,166.00 |
| **Grabar Law Office** | 653.00 | $ 258,985.00 |
| **Gratz & Gratz, P.A.** | 108.30 | $ 59,045.00 |
| **Gustafson Gluek PLLC** | 4,909.50 | $ 2,920,395.00 |
| **Hartley LLP** | 3,576.50 | $ 2,612,606.50 |
| **Hausfeld LLP** | 2,448.70 | $ 1,504,782.00 |
| **Hellmuth & Johnson, PLLC** | 14.70 | $ 12,870.00 |
| **Karon LLC** | 1,505.10 | $ 867,146.00 |
| **Mogin Rubin LLP** | 389.00 | $ 176,051.50 |
| **NastLaw LLC** | 407.80 | $ 222,459.50 |
| **Rupp, Baase, Pfalzgraf, Cunningham LLC** | 206.00 | $ 92,270.00 |
| **Saltz, Mongeluzzi, & Bendesky, P.C.** | 6.60 | $ 4,579.50 |
| **Saveri & Saveri, Inc.** | 62.60 | $ 48,515.00 |
| **Tadler Law LLP** | 13.10 | $ 8,697.50 |
| **Taus, Cebulash & Landau, LLP** | 4.50 | $ 3,425.00 |
| **Steyer Lowenthal Boodrookas Alvaraz & Smith LLP** | 163.00 | $ 89,146.00 |
| **Wexler, Boley & Elgersma LLP** | 558.00 | $ 309,710.00 |
| **GRAND TOTALS:** | 23,570.60 | $ 13,555,094.50 |