## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

*In re Cattle and Beef Antitrust Litigation*

This Document Relates to:  Case No. 22-md-3031 (JRT/JFD)

ALL ACTIONS  **SECOND ORDER AMENDING CASE SCHEDULE**

This matter is before the Court on Plaintiffs' Letter to Magistrate Judge (Dkt. No. 561) and Defendants' Letter to Magistrate Judge in response (Dkt. No. 569). Plaintiffs' letter alleges that in four ways the written order amending the schedule of this case (Dkt. No. 547) differs from what the undersigned said at the motions hearing. This Amended Order clarifies these potential issues. The written order reflects the considered opinion of the Court, after careful review of the parties' submissions and the oral arguments at the hearing. Therefore, the written order, not the oral remarks of the undersigned, is what controls. There is one minor exception, which is described below.

First, the deadline for which the parties must substantially complete their productions of documents from any new custodians is the deadline in the written order of this Court. That deadline remains unchanged.

Second, the parties represented to the Court that they had agreed on a deadline for the production of privilege logs and on language expressing that deadline. In light of this, the Court saw no reason to include that language in the written order. As this has apparently caused confusion, the Court now inserts that language into this Second Order Amending Case

Schedule.

Third, after time for reflection, the Court concluded that there is already ample opportunity for the parties to learn the basis of claims of privilege, to make and respond to those claims, and to respond to text messages in advance of depositions. The Court therefore did not include any final, deposition-specific review of privilege claims and requirement for production of text messages 21 days before a deposition. The Court's omission of the 21-day procedure was intentional. The written order controls and not any oral intimation to the contrary.

Fourth and finally is the question of the Court's extension of the case schedule. All parties agreed that the case deadlines should be extended. They did not agree on the length of that extension. The Court, faced with three different extension proposals of different lengths, carefully reviewed the parties' written submissions and presided at an oral hearing on the question of scheduling. The Court then selected a five-month extension, which was neither the longest nor the shortest extension proposed, and added one elaboration. Defendants made a convincing case that they required additional time, even over and above the general extension of five months, in which to respond to class certification motions and class certification expert reports. Defendants pointed out that while the Plaintiffs were sorted into groups, and each group only needed to make motions and serve expert reports specific to its group, Defendants would need to respond to all class certification arguments by all groups and meet all expert reports from all groups. Defendants also pointed out that, unlike the allegations in the *Pork* MDL, this case includes Plaintiffs who are downstream from Defendants (for example, ranchers) and upstream from Defendants (for example, food wholesalers) and that downstream plaintiffs have different arguments from upstream plaintiffs. The Court therefore added an

additional thirty days to Defendants' deadline for responding to class certification motions and the reports of Plaintiffs' class certification expert witnesses. The Court calculated that this meant Defendants' deadline would be December 25, Christmas Day. The Court therefore extended that deadline to February 25. The new deadline should have been January 24. The Court now corrects its clerical error as follows and in the amended schedule below. Defendants' deadline to respond to Plaintiffs' class certification motions, Defendants' class certification-related *Daubert* motions, and Defendants' due date for serving class certification expert reports is moved up from February 25, 2025 to January 24, 2025. The due date for Plaintiff's class certification replies, class certification related Daubert motions, Plaintiffs' opposition to Defendants' *Daubert* and Plaintiffs' class certification related rebuttal experts becomes April 4, 2025. Defendants' opposition to Plaintiffs' *Daubert* motions becomes June 6, 2025. All other deadlines remain unchanged.

Any further requests for changes to the case schedule must be made by formal motion or, if unopposed, by stipulation.

**AMENDED CASE SCHEDULE**

| Event | Prior Schedule (Dkt. No. 129) | New Deadline |
|---|---|---|
| Parties to substantially complete their productions of documents from any new custodians | N/A | March 1, 2024 for any new custodians agreed as of December 31, 2023; within 90 days of any post-Dec. 31, 2023 agreement or any Court Order granting additional custodians.[1] |

---

[1] Because Plaintiffs made their second-round custodian proposal to the Cargill Defendants in November 2023 and related negotiations over second-round custodians for Cargill are still in progress, the parties may negotiate a separate timeline for Cargill's second-round custodian productions.

| | | |
|---|---|---|
| Production of privilege logs | See Protective Order §19(a) | Parties to use reasonable, good faith efforts to timely serve privilege logs on a rolling basis for any productions to avoid the production of a substantial privilege log at the end of the discovery period, but in no event later than within 40 days of service of the production and in any event, for productions made in 2023, no later than January 31, 2024. Once the case is within 60 days of the discovery cut-off, any additional Privilege Logs must be served promptly (presumptively within two weeks and in any event no later than one week before the fact cut-off) after any additional document productions served. |
| Class certification motions and Plfs. serve class cert. expert reports | April 25, 2024 | September 25, 2024 |
| Defs.' class cert. oppositions, Defs.' class cert. Daubert motions, and Defs. serve class cert. expert reports | June 27, 2024 | January 24, 2025 |
| Close of Fact Discovery | August 7, 2024 | January 7, 2025 for all fact discovery except for discovery from any DAP that files a new action within three months of or following the close of fact discovery. Any such DAP shall negotiate with defendants to provide time |

| | | for defendants to take reasonable and adequate fact discovery of any such DAP, having regard to the existing deadlines set by ECF No. 129.[2] |
|---|---|---|
| Plfs.' class cert. replies, Plfs.' class-cert.-related Daubert motions, Plfs.' opps. to Defs.' Daubert motions, and Plfs. serve any class cert. expert rebuttal reports | September 5, 2024 | April 4, 2025 |
| Defs.' opps. to Plfs.' Daubert motions, and Defs.' replies ISO Defs.' Daubert motions | October 14, 2024 | June 6, 2025 |
| Plfs.' replies ISO Plfs.' Daubert motions | November 25, 2024 | August 15, 2025 |
| Additional deadlines related to trial experts and other deadlines | At the close of fact discovery, the parties should meet and confer about setting merits expert discovery deadlines and present a proposal to the Court within 60 days after that deadline. | At the close of fact discovery for Class Plaintiffs, the parties should meet and confer about setting merits expert discovery deadlines and present a proposal to the Court within 30 days after that deadline. |

**SO ORDERED.**

Dated: March 5, 2024                                  *s/ John F. Docherty*
                                                                        JOHN F. DOCHERTY
                                                                        United States Magistrate Judge

---

[2] No testimony obtained after April 5, 2025 will be used in any non-DAP case, including but not limited to any briefing, expert report(s) and/or trial.