```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA

 ---------------------------------------------------------------
                                    )
 In Re:  Cattle and Beef            )  File No. 22MD3031
 Antitrust Litigation               )        (JRT/JFD)
                                    )
                                    )
                                    )  Minneapolis, Minnesota
                                    )  August 22, 2024
                                    )  11:35 A.M.
                                    )
                                    )
                                    )
 ---------------------------------------------------------------


        BEFORE THE HONORABLE CHIEF JUDGE JOHN R. TUNHEIM

              UNITED STATES DISTRICT COURT JUDGE

                              AND

        THE HONORABLE MAGISTRATE JUDGE JOHN F. DOCHERTY

           UNITED STATES DISTRICT COURT MAGISTRATE JUDGE


                (STATUS CONFERENCE VIA VIDEO CONFERENCE)
```

```
 1
     APPEARANCES
 2   On behalf of Cattle           Cafferty Clobes Meriwether &
     Producer Plaintiffs:          Sprengel, LLP
 3                                 DANIEL O. HERRERA, ESQ.
                                   135 South LaSalle Street
 4                                 Suite 3210
                                   Chicago, IL 60606
 5
                                   Lockridge Grindal Nauen PLLP
 6                                 JOSEPH BRUCKNER, ESQ.
                                   100 Washington Avenue South
 7                                 Suite 2200
                                   Minneapolis, MN 55401
 8
                                   Scott + Scott
 9                                 MATTHEW PEREZ, ESQ.
                                   ZACHARY KRANC, ESQ.
10                                 The Helmsley Building
                                   230 Park Ave, 17th Floor
11                                 New York, NY 10169

12   On behalf of Direct           Hausfeld LLP
     Purchaser                     MEGAN E. JONES, ESQ.
13   Plaintiffs:                   KYLE G. BATES, ESQ.
                                   600 Montgomery Street
14                                 Suite 3200
                                   San Francisco, CA 94111
15
                                   Gustafson Gluek PLLC
16                                 MICHELLE J. LOOBY, ESQ.
                                   JOSHUA J. RISSMAN, ESQ.
17                                 ANTHONY J. STAUBER, ESQ.
                                   120 Sixth Street
18                                 Suite 2600
                                   Minneapolis, MN 55402
19
     On behalf of the              CUNEO GILBERT & LADUCA, LLP
20   Commercial &                  CODY D. MCCRACKEN, ESQ.
     Institutional Indirect        4725 Wisconsin Ave,
21   Purchaser Plaintiffs:         Suite 200
                                   Washington, D.C. 20016
22
     On behalf of the              Greene Espel PLLP
23   Consumer Indirect             Lockridge Grindal Nauen PLLP
     Purchaser Plaintiffs:         BRIAN D. CLARK, ESQ.
24                                 KYLE POZAN, ESQ.
                                   100 Washington Avenue South
25                                 Suite 2200
                                   Minneapolis, MN 55401
```

```
 1                                   Hagens Berman Sobol Shapiro
                                     ABBY WOLF, ESQ.
 2                                   SARAH DUPREE, ESQ.
                                     SHANA SCARLETT, ESQ.
 3                                   715 Hearst Avenue
                                     Suite 202
 4                                   Berkeley, CA 94710

 5      On behalf of the Specht      Paul LLP
        Class Plaintiffs:            RICHARD M. PAUL, III, ESQ.
 6                                   601 Walnut Street
                                     Suite 300
 7                                   Kansas City, Missouri 64106

 8      On behalf of the Direct      Cadwalader, Wickersham & Taft
        Action Plaintiffs:           LLP
 9                                   PHILIP J. IOVIENO, ESQ.
                                     200 Liberty Street
10                                   New York, NY 10281

11                                   Kenny Nachwalter, P.A.
                                     WILLIAM J. BLECHMAN, ESQ.
12                                   MICHAEL A. PONZOLI, ESQ.
                                     1441 Brickell Avenue
13                                   Suite 1100
                                     Miami, FL 33131
14
        On behalf of Winn-Dixie      Ahern & Associates
15      Direct Action                PATRICK J. AHERN, ESQ.
        Plaintiffs:                  Willoughby Tower
16                                   8 South Michigan Avenue, Suite
                                     3600
17                                   Chicago, Illinois 60603

18      On behalf of the             Wilkinson Stekloff LLP
        Cargill Defendants:          KOSTA S. STOJILKOVICH, ESQ.
19                                   2001 M Street, NW, 10th Floor
                                     Washington, DC 20036
20
                                     Wilkinson Stekloff LLP
21                                   OWEN GALLOGLY, ESQ.
                                     130 W 42nd Street, Floor 24
22                                   New York, NY 10036

23                                   Greene Espel PLLP
                                     X. KEVIN ZHAO, ESQ.
24                                   222 S. Ninth Street, Suite 2200
                                     Minneapolis, MN 55402
25
```

```
 1      On behalf of the JBS       McGrath North Mullin & Kratz, PC
        Defendants:                LLP
 2                                 PATRICK E. BROOKHOUSER, JR.,
                                   ESQ.
 3                                 First National Tower
                                   Suite 3700
 4                                 1601 Dodge Street
                                   Omaha, NE 68102
 5
        On behalf of the           Jones Day
 6      National Beef Packing      BENJAMIN L. ELLISON, ESQ.
        Defendants:                90 South Seventh Street
 7                                 Suite 4950
                                   Minneapolis, MN 55402
 8
                                   Gustafson Gluek PLLC
 9                                 MICHELLE FISCHER, ESQ.
                                   Canadian Pacific Plaza
10                                 120 Sixth Street
                                   Suite 2600
11                                 Minneapolis, MN 55402

12      On behalf of the Tyson     Spencer Fane
        Defendants:                JESSICA J. NELSON, ESQ.
13                                 100 South Fifth Street
                                   Suite 2500
14                                 Minneapolis, MN 55402

15
        COURT REPORTER:            KRISTINE MOUSSEAU, CRR-RPR
16                                 300 South Fourth Street
                                   Minneapolis, MN 55415
17

18         Proceedings recorded by mechanical stenography;

19      transcript produced by computer.

20

21

22

23

24

25
```

```
 1                        11:35 A.M.
 2
 3             (In open court via video conference.)
 4             THE COURT:  All right.  Good morning or good
 5    afternoon if you're on the East Coast.  This is In Re
 6    Cattle and Beef Anti Trust Litigation, 22-3031.
 7             We are here for a status conference today, and we
 8    have appearances already noted, which will be part of the
 9    record of the case.
10             So the first item on the status report, the joint
11    status agenda, is a status report on discovery and
12    approaching case deadlines.
13             Let's see.  Ms. Wolf?
14             MS. WOLF:  Yes.  Good morning, Your Honor.
15             THE COURT:  Did you have a report you wish to
16    make?
17             MS. WOLF:  Yes, Your Honor.  Plaintiffs wish to
18    provide the Court with an update regarding how discovery
19    was progressing thus far.  In terms of depositions, so far
20    in this case plaintiffs have taken more than 50
21    depositions.
22             More than 130 depositions have been taken by all
23    parties.  Many more have been scheduled to be completed in
24    the next few months.
25             The Court is likely aware of the three upcoming
```

1    contested motions, which are now set for hearing on August
2    27.  There is the motion for protective order regarding
3    Jason Fullerton, a motion to compel related to contingent
4    interrogatories, excuse me, and the motion to compel the
5    depositions of JBS custodians Andre Nogueira and Wesley
6    Batista Filho.
7             And I can provide the spellings later if that's
8    helpful.
9             For this motion, JBS and the plaintiffs have been
10   discussing a potential resolution and will update the Court
11   immediately if an agreement can be reached.
12            Relatedly, should the Court have any questions
13   about the Direct Purchasers' motion for substitution,
14   counsel for the DPPs are present today and are able to
15   address those.  We also have counsel at the Court's
16   disposal for any questions in the other pending motions.
17            Regarding class certification, class plaintiffs
18   are pushing forward, preparing their opening class
19   certification motions due on September 25th.  As we'll
20   discuss in the next agenda item, the resolution of the
21   expert stipulation is something that plaintiffs are hopeful
22   to address soon and very preferably prior to any expert
23   depositions.
24            There are other evidentiary stipulations being
25   exchanged, and meeting and conferring is ongoing related to

1  authenticity and business records.  Class plaintiffs are
2  concerned about the pace of such negotiations.
3           Defendants, we understand, are still reviewing
4  edits to the authenticity stipulation but are unwilling at
5  this time to enter into an agreement regarding the business
6  records stipulation.
7           For privilege logs and redactions, plaintiffs
8  have been working with the defendants to amend their
9  privilege logs and redactions.  That work is ongoing.
10          In terms of written discovery, the plaintiffs
11 have issued multiple sets of interrogatories related to the
12 structure data, and that has largely been resolved.  On
13 August 5th, plaintiffs sent additional written discovery
14 requests regarding defendants' labor at plants.
15          Since the substantial completion deadline of
16 August -- excuse me -- of March 1st, defendants have
17 continued to make productions.  At this time more than 30
18 productions have been made, and we believe those are
19 largely addressed but could continue.
20          Unless the Court has any questions, plaintiffs
21 have no further updates.
22          THE COURT:  All right.  Judge Docherty, you're
23 with us today.  Do you have any questions or followup for
24 Ms. Wolf?
25          MAGISTRATE JUDGE DOCHERTY:  No, I don't.  I'm

1  familiar with those motions that were mentioned.  There was
2  a great deal of information.
3              Thank you, Ms. Wolf.  I appreciate it.
4              MS. WOLF:  Thank you, Your Honor.
5              THE COURT:  All right.  For the defendants?
6              MR. ZHAO:  Good morning, Your Honor.  Kevin Zhao.
7  I represent Cargill, but I will be speaking on behalf of
8  defendants.  I don't have a lot to add to what Ms. Wolf
9  informed the Court.
10             Obviously as both Your Honors know, the parties
11 have been working extremely hard this summer, this spring,
12 on discovery, fact discovery, written discovery, and of
13 course depositions.  Since March I think we have been
14 taking four to six depositions every single week, including
15 weeks where we have holidays.
16             We obviously, as Ms. Wolf noted, there is still a
17 lot to do before the end of discovery currently set to end
18 in early January, at least fact discovery.
19             We're not asking for any changes to the discovery
20 schedule, but of course we're continuing to assess, and
21 we'll of course -- we'll of course discuss with plaintiffs
22 and the Court if anything needs to change.
23             The defendants believe that class certification
24 proceedings should proceed as scheduled commencing with
25 plaintiffs' opening briefs and supporting expert reports,

```
 1    but as we've noted in the indirect seller case, if the
 2    Court allows the proposed complaint, and I know that's
 3    still subject to briefing, we believe that the class
 4    proceedings in that case should adhere to the same
 5    schedule, and I believe the indirect sellers are aligned on
 6    that as well.
 7              So unless the Court has any questions for me, I
 8    think that concludes defendants' status update on
 9    discovery.
10              THE COURT:  All right.  Mr. Zhao, that's very
11    helpful.
12              Judge Docherty, did you have any questions?
13              MAGISTRATE JUDGE DOCHERTY:  No questions for
14    Mr. Zhao.
15              Thank you, Mr. Zhao.
16              MR. ZHAO:  Thank you, Your Honor.
17              THE COURT:  Okay.  Thank you for that update, and
18    the Court appreciates all the hard work that is going into
19    depositions at this point in time.  It's a labor intensive
20    part of the case, and I appreciate the hard work, focusing
21    on the deadlines.
22              So let's go to the next issue that was raised in
23    the joint report, and that is status report on expert
24    stipulation negotiations.
25              Ms. Wolf, are you going to start on that?
```

1          MS. WOLF:  Yes, please, Your Honor.

2          THE COURT:  Go ahead.

3          MS. WOLF:  Thank you.

4          We are seeking the Court's guidance to resolve
5    issues with the expert stipulation that the parties have
6    been negotiating since November of 2021.  The parties have
7    nearly reached agreement as to all provisions.

8          However, we have an area of disagreement that
9    threatens to disrupt expert depositions, and we're hopeful
10   that the Court can provide us with some structure or
11   framework going forward because presently we feel that
12   maybe, it may be a difficult path.

13         At the moment, there are 13 substantive
14   paragraphs of the stipulation.  All but one are agreed to,
15   and as to that disputed provision, the parties have stated
16   that their preference is that Rule 26 in an unmodified form
17   will govern this paragraph, and this paragraph relates to
18   conduct of depositions.

19         At this point, plaintiffs are at a bit of a loss
20   as to how to move forward given that we have now stated
21   similar positions.  We understand that there may be
22   lingering disputes as to what Rule 26 entails, but we
23   believe that the best path forward would be for the parties
24   to brief dueling provisions related to that paragraph, but
25   defendants are unwilling to do so at this time.

1   At this moment, we've hit a road block because
2  defendants have insisted that we agree to a series of
3  hypothetical questions that they wish to ask at the
4  deposition.  They provided us with two buckets of them, but
5  they indicated that there may be more.
6          We don't envision that this is a way for us to
7  reach agreement and that they should instead make
8  modifications to the draft, but they have been unwilling to
9  do so for quite some time.
10         Given that defendants have stated they're
11  inclined to ask questions that they believe may result in
12  conflict at the deposition, we would prefer, plaintiffs
13  would prefer that we address these issues prior to the
14  deposition so that there is no disruption at the
15  depositions, which obviously would be costly to the
16  litigation.
17         So we just wanted to memorialize our position as
18  best we could today.  I can provide a lot more detail about
19  the stipulation, but I don't envision it would be helpful
20  to the Court, but I'm prepared to do so if there are any
21  questions about the substance of the dispute or anything
22  regarding the history.  Excuse me.
23         THE COURT:  Well, let's hear from Mr. Gallogly
24  first, and then perhaps Judge Docherty may have some
25  questions about this and timing and everything.

1          So, Mr. Gallogly?

2          MR. GALLOGLY:  Thank you, Your Honor.  I also
3  represent Cargill to speak on behalf of defendants on this
4  issue.

5          I think we can be brief here, Your Honor.  At the
6  outset, defendants didn't believe there was any need to
7  raise this issue to the Court today.  There is just no live
8  dispute here for the Court to resolve.

9          As Ms. Wolf pointed out, the defendants and the
10 plaintiffs have negotiated over a potential expert
11 stipulation, but we haven't been able to reach agreement.

12         Defendants disagree with Ms. Wolf's
13 characterization that there is only one provision at issue.
14 Throughout, the defendants have been very clear that we
15 consider all of the provisions of the stipulation to be
16 interrelated, to be negotiated as a package, and that we
17 are not prepared to agree to any terms of the stipulation
18 until all terms are agreed.

19         The terms affect one another, and changes to one
20 will result in changes to another.  So but the net is, I
21 agree with Ms. Wolf.  It's not necessary to get into the
22 specific terms that we have been negotiating because the
23 net is right now, the parties just don't agree to enter a
24 stipulation.

25         Defendants aren't obligated to enter into a

1  stipulation.  Plaintiffs can't force the defendants to
2  enter into a stipulation, and to the extent we can't agree
3  on one, we can't come to terms, all that means is that we
4  will proceed to expert discovery under the terms of FRCP
5  26.
6              That rule controls here.  It provides all of the
7  guidance that the parties need, and sounds to defendant,
8  defendants' understanding is, plaintiffs either disagree
9  with defendants' interpretation of Rule 26 or would prefer
10 a different customized set of rules to govern expert
11 discovery.
12             Again, they're just not entitled to that until we
13 can agree to a stipulation, and we haven't.  And from our
14 perspective, that's all there is to the issue.
15             I'll just add very briefly that defendants don't
16 think it's appropriate for the plaintiffs to seek informal
17 guidance from the Court in the context of case management
18 conferences.  They're essentially asking for an advisory
19 opinion on a hypothetical dispute that may never
20 materialize.
21             There haven't been any experts disclosed in this
22 case or any expert depositions noticed.  If and when those
23 are disclosed and noticed, Rule 26 and the accompanying
24 advisory notes provide ample guidance for the questions
25 that plaintiffs have raised.

1          And if there ends up being a real dispute down
2  the line, then the plaintiffs can raise it to the Court.
3  At this point unless the plaintiffs plan on filing any sort
4  of motion, defendants aren't clear what kind of motions
5  practice would be proper right now, given that there is no
6  ripe dispute between the parties.
7          But unless the plaintiffs would like to file a
8  motion to which defendants would respond, we don't feel
9  like there is much more to discuss on this issue.  We just
10 won't be proceeding with an expert stipulation.
11         MAGISTRATE JUDGE DOCHERTY:  When are expert
12 depositions meant to start or projected to start?  Either
13 one of you can answer.
14         MR. GALLOGLY:  I don't have a particular date.
15 At some point in the fall.
16         Ms. Wolf, unless you have anything more specific?
17         MS. WOLF:  I would like a moment to try to pull
18 that up, but that is my general understanding as well.
19         MAGISTRATE JUDGE DOCHERTY:  Right.  What I was
20 getting at was a ball park idea of how much time we've got,
21 and it sounds like we've got some.  It doesn't sound, from
22 what I've heard this morning, that there is reason for
23 optimism about getting an expert stipulation negotiated.
24         I agree with Mr. Gallogly that I'm not going to
25 sort of give guidance or give advice, but -- and I'm not

1   sure what sort of motion would be appropriate, but if there
2   is a motion, I'll -- it will get briefed.  It will get
3   argued.  I'll make a decision.
4           And if there is a way of doing that in advance of
5   the depositions, that would be preferable because after
6   all, Rule 1 does talk about the inexpensive and efficient
7   resolution of disputes, and it would be much better to rule
8   on a motion than to get a phone call from a deposition
9   room.
10          The answer is likely to be, you know, wrap this
11  up and file a motion, rather than me giving an off-the-cuff
12  answer to an unexpected phone call one day, and I don't
13  know that there is much more in the way of, much more that
14  I can appropriately say.
15          THE COURT:  Yeah.  I think that's correct, Judge
16  Docherty.
17          I think that continued negotiations would be
18  helpful.  If you can't reach an agreement and you think one
19  is necessary, you're just going to have to file a motion,
20  Ms. Wolf, and at some point in time this fall, I guess.
21  All right?
22          MS. WOLF:  Thank you, Your Honor.
23          MR. GALLOGLY:  Thank you, Your Honor.
24          THE COURT:  Okay.  Any other issues we should
25  discuss today or any, predict any issues coming up?

1  MR. ELLISON: One matter, Your Honor. This is
2  Ben Ellison on behalf of National Beef for the defendant,
3  and I will be speaking for the defendants. We had reached
4  out to -- this is with respect to the motion for the
5  indirect seller class, the motion to amend their complaint.
6  Briefing is ongoing on that, and the final brief
7  will be due next week. We reached out to chambers, and
8  we're in the process of getting possible dates for a
9  hearing on that.
10  Your order on the briefing schedule indicated
11  that we should reach out to chambers so the hearing could
12  be scheduled as soon as practicable following the
13  completion of briefing, and I just wanted to mention that
14  and put that on your radar, and we will continue to figure
15  out a date that works.
16  We agree it should be done as soon as possible in
17  particular because it addresses questions about whether the
18  class will be in the case or not, and the class
19  certification deadlines, of course, are upcoming.
20  So unless you have further questions or unless
21  Mr. Paul, counsel for that class, has anything to say,
22  that's all I have to say about that.
23  THE COURT: Mr. Paul, anything?
24  MR. PAUL: I have nothing really to add. I think
25  we would share the concern raised by Mr. Ellison that, you

1   know, as soon as practicable, as soon as the Court is able
2   to get to it, we would appreciate knowing where we stand.
3           THE COURT:  All right.  We'll get to it right
4   away as soon as everything is in, so we will get a hearing
5   date fairly quickly.
6           MR. PAUL:  Thank you.
7           THE COURT:  All right.  Any other issues today?
8           Mr. Ellison, did you have anything else?
9           MR. ELLISON:  No, Your Honor.  Thank you.
10          THE COURT:  Okay.  All right.  Anyone else?
11          All right.  I think we should set, at least get
12  on the calendar another status conference, whether we will
13  need it at the time or whether it will interfere with
14  something else going on, but at least getting one on the
15  calendar I think is important.
16          Should we do the same date?
17          COURTROOM DEPUTY:  Yes, Your Honor.  October 2nd.
18          THE COURT:  October 2nd.  Just put it on the
19  calendar.  If it needs to be moved, we can move it.  Do we
20  have a time yet on that day?
21          COURTROOM DEPUTY:  Three o'clock.
22          THE COURT:  Three o'clock on October 2nd would be
23  the plan for the next status conference, unless there is
24  objection.
25          I know that Judge Docherty has some conflicts

1      that day, so we will work around those if it is necessary,
2      but we'll just get this on the calendar now for everyone.
3               All right?
4               MR. ZHAO:  Thank you, Your Honor.  I'm sure
5      defendants can make that date work.
6               THE COURT:  All right.  If there is nothing else
7      today, thank you for gathering.  Appreciate the fact that
8      you've taken the time today to gather by Zoom so we could
9      talk about these issues and keep everything on track, and
10     again, I appreciate the hard work being done during the
11     depositions.
12              So we will be in recess and look forward to the
13     filings that are coming.
14              MR. ZHAO:  Thank you, Your Honor.
15              MS. WOLF:  Thank you, Your Honor, on behalf of
16     the plaintiffs.
17              THE COURT:  All right.  We're in recess.
18                       **(Court was adjourned)**
19                       *        *         *
20              I, Kristine Mousseau, certify that the foregoing
21     is a correct transcript from the record of proceedings in
22     the above-entitled matter.
23
24         Certified by:  s/  *Kristine Mousseau, CRR-RPR*
                               Kristine Mousseau, CRR-RPR
25