

Holley C. M. Horrell
612-373-8394 *direct*
hhorrell@greeneespel.com

October 24, 2024

**VIA ELECTRONIC FILING**

Hon. John F. Docherty
United States Magistrate Judge
U.S. District Court for the District of Minnesota

  Re: *In re Cattle & Beef Antitrust Litigation*, No. 22-md-3031

Dear Judge Docherty:

  Pursuant to the Order at ECF No. 946, Defendants respectfully request that the Court adopt Defendants' limited proposed amendments to the current case schedule (ECF No. 575). As set forth in the joint chart (ECF No. 950), Defendants propose three changes to allow adequate time to complete fact discovery in two discrete categories—Direct Action Plaintiff (DAP) cases and third-party depositions. The primary proposed change would extend the close of fact discovery *solely* for DAP case discovery and for conducting third-party depositions, from January 7, 2025, to April 4, 2025. The other two proposed changes flow from that modification.

  There is ample good cause for this limited extension. While Defendants have diligently pursued discovery to date—**taking 90 depositions and defending 55 in the last 8+ months**—key fact discovery remains outstanding. Defendants have not been able to accelerate the timing of the remaining discovery because it depends materially on factors beyond their control. Among other things, there have been significant developments since the current schedule was set, including a new Complaint from Feeder Cattle Plaintiffs and the filing of new DAP claims that—even if they were just stand-alone cases—would require meaningful discovery proportional to the complexity of the cases and value of the claims. Completing that discovery is not practicable under the current schedule, including with the additional complications of scheduling around winter holidays and managing significant class certification work.

  The proposed extension is narrowly tailored so that it would not delay the overall case schedule or prejudice Plaintiffs. Defendants are not asking to extend the deadlines for class briefing or fact discovery as to named Class Plaintiffs.[1] And the rest of fact discovery would still end by the time Class Plaintiffs file their replies in support of certification. The extension of DAP discovery would allow for key aspects of those cases—including discovery as to assigned claims and discovery in more recently filed actions by major DAPs like Target, Sodexo, and McDonald's—to be developed. Since the DAP cases are unlikely to proceed to merits expert discovery before

---

 [1] Defendants are working in good faith to complete fact discovery as to the recently amended Feeder Cattle case in time to respond to class certification in that case on the same schedule as the other putative classes, but reserve the right to revisit with the Court if needed.

the Court rules on the putative classes, the proposed extension should not impact the timing of any subsequent proceedings in this MDL.[2]

## I.    Defendants Have Diligently Pursued Discovery But Face A Very Large Workload

Since the Court last addressed the schedule on February 9, 2024, the parties have completed an immense volume of fact discovery. Defendants have noticed over **140** depositions since February and taken roughly **90** depositions. Defendants have also reviewed the roughly 160 different document productions by DAPs and third parties that were served during this period—spanning over 15 million pages—and identified and raised deficiencies in the productions and other written discovery. Defendants also completed their document productions; responded to interrogatories and requests for admissions; met and conferred extensively over certain issues; and defended over **50** depositions of their own witnesses.

Despite these efforts, Defendants anticipate heightened scheduling challenges with the upcoming end-of-year holidays. In addition, Defendants must respond to Class Plaintiffs' class certification motions and conduct class certification expert work, with Defendants' responses, expert reports, and *Daubert* motions due January 24, 2025. This is not work that Defendants could have begun in earnest before receiving Class Plaintiffs' briefs and expert reports in support of certification last month. Finally, Defendants anticipate noticing more party and third-party depositions to address new DAP cases, address the newly amended Feeder Cattle claims, pursue leads obtained as the result of recent depositions, and explore certain claims and theories that Class Plaintiffs put forth in their class briefs. Regardless of resources or team size, it is not realistic for a defense group comprised of only four Defendants to complete all of this work by January.

## II.    Defendants Still Need Significant Discovery from DAPs and Third Parties

Defendants have already noticed and are working to schedule and take around 70 fact depositions, including of DAPs, other Plaintiffs, and third parties. This current week, for example, the parties have 6 depositions scheduled, including one on Saturday. Defendants expect similar or higher deposition counts for the balance of the year. Despite such efforts, Defendants will not be able to complete all fact discovery by January 7, particularly as to DAP cases and third parties.

### A.    More Discovery in DAP Cases Is Needed and Appropriate

Defendants are mindful that, to date, DAP discovery has been on the same schedule as the Putative Classes. But the lay of the land has changed, and there is good cause for a targeted extension of DAP discovery.

---

[2] Defendants do not propose changing the current case schedule's provisions related to yet-to-be filed DAP cases. For any such new cases, the DAP and Defendants will negotiate over discovery deadlines consistent with the Court's guidance. (*See* ECF No. 575, at 4-5.)

*First*, the number of DAPs has continued to grow. The additional cases are large and significant, including claims brought by DAPs Target Corporation (filed in February), Sodexo, Inc. and Sodexo Operations, LLC (filed in April), and McDonald's Corporation (filed this month).

*Second*, although Defendants have diligently sought discovery from DAPs (on top of discovery of Class Plaintiffs), discovery in each DAP case has proceeded at its own pace. DAP cases have presented different issues at different stages—in negotiating with different DAP counsel over document custodians and search terms; assessing and conferring over objections to RFPs and other written discovery; the size and timing of document productions; evaluating whether to pursue disputes over document deficiencies; assessing which deponents to notice; and working to schedule the depositions, prepare for, and take them. Here are some examples:

- As of mid-September 2024 (that is, only about a month ago), at least 12 DAPs had not certified that they had substantially completed their document productions.

- A number of those DAPs had not produced a single document at that time, and some *still* have not produced any documents. For example, Target Corporation, which filed suit in February 2024, did not make its first responsive document production until October 1, 2024, and has yet to produce any documents from some agreed custodians. And BJ's Wholesale Club, which sued in December 2023, has not produced any documents to date.

- McDonald's filed a DAP case on October 4, the last business day before the deadline to stay within the default DAP discovery schedule. (*See* ECF No. 575, at 4-5.) Without Defendants' proposed adjustments to the case schedule, Defendants will be forced to complete all fact discovery against this significant new Plaintiff before January 7, 2025, even though McDonald's has yet to even serve its initial disclosures.

- Sherwood Food Distributors, Harvest Meat Company, Western Boxed Meat Distributors, and Hamilton Meat each brought separate claims but, upon receipt of deposition notices in July, claimed they were a single Plaintiff Family and that Defendants could only notice two 30(b)(1) notices for all four entities collectively. Plaintiffs agreed to proceed with a single 30(b)(1) with a Harvest Meat witness in October, who, as expected, proved to lack knowledge of Sherwood's (pre-merger) and Hamilton Meat's beef purchasing and sales practices. Noticing and scheduling other needed depositions is only now underway.

*Third*, while the parties have worked to cooperatively set deposition dates per Section IV.A of the Deposition Protocol (Case No. 20-cv-1319, ECF No. 573), for a number of DAPs, the timeline for scheduling has been substantially longer than anticipated. For instance, Defendants noticed a 30(b)(6) deposition of DAP Troyer Foods, Inc. on May 21, 2024. The parties scheduled it for July 10, 2024, but Troyer rescheduled at the last minute due to a change in counsel. After Defendants pressed Troyer's new counsel at least four times for a new date, the parties rescheduled the deposition for November 21, 2024—six months after Defendants' notice. Similarly, Defendants noticed a 30(b)(1) deposition of a Kraft Heinz Food Company witness on September 25, 2024 for an October date. After six attempts simply to coordinate dates went unanswered by Kraft Heinz's

counsel, Defendants were forced to accept Kraft Heinz's unilaterally proposed December 12, 2024 date. Likewise, Defendants noticed a 30(b)(1) deposition of a former Publix Super Markets, Inc. employee, on July 19, 2024, for an August deposition. Counsel for Publix was not able to confirm representation of the former employee for more than two months, and the parties ultimately agreed on a December 5, 2024 date. The goal here is not to point fingers but to demonstrate the practical reality that obtaining discovery, including deposition testimony, from DAPs has taken longer than could reasonably be expected. These processes take time in any case, but are magnified in this MDL with over 80 distinct named Plaintiffs in DAP cases.

*Fourth,* a number of open issues with respect to DAP discovery have emerged and need to be resolved, hopefully without Court intervention. To highlight one recurring issue, many DAPs are pursuing assigned claims but have refused to provide discovery on behalf of their assignors. For example, if a DAP obtained some of its beef through a buying cooperative that assigned its claims to the DAP, Defendants are entitled to pursue discovery from the DAP about the assignor's procurement of beef. *E.g.*, *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005). But in many cases the parties are nearing impasse on this issue, and Defendants may well move to compel or be forced to seek assignor discovery through third-party subpoenas. This complication merits additional time. *See Silbernagel v. Westfield Ins. Co.*, No. 22-CV-1979 (JRT/JFD), 2023 WL 2264277, at *3 (D. Minn. Feb. 28, 2023) (pursuit of legitimate legal disputes can support good cause finding).

### B. More Time for Third-Party Depositions Is Also Needed and Appropriate

Defendants have noticed or cross-noticed around 25 third-party depositions, but they anticipate taking up to their limit of 45 depositions, and may even need more.

Third parties have typically been slow to negotiate and produce documents in response to subpoenas (pushing depositions into the later part of discovery), and Plaintiffs have cross-noticed many of Defendants' third-party deposition notices, which extends the process for scheduling those depositions. For example:

- Several key third parties (*e.g.*, Consolidated Beef Producers) are still producing documents.

- The parties only this week have settled on a deposition date for Cassandra Fish, who was prominently featured in Plaintiffs' complaints, even though she was served with a deposition subpoena in August. This was in part due to Ms. Fish having changed counsel.

- The lawyer for Matt Thompson, identified as "Confidential Witness 2" in the Complaints, has not yet confirmed a deposition date.

- Plaintiffs served Eric Brandt (affiliated with One World Beef) with a deposition subpoena in August, which Defendants promptly cross-noticed. Plaintiffs then rejected four different dates (9/25, 10/3, 10/9, 10/10), causing it to be scheduled for mid-November.

October 24, 2024
Page 5

- Defendants noticed the deposition of the USDA in August, and Plaintiffs cross-noticed. The first of several USDA depositions was set to occur on October 16 but was postponed at the last minute because the witness suffered a medical emergency.

- Defendants noticed the deposition of the Government Accountability Office ("GAO"), which prepared a key report on the Cattle industry. The GAO has indicated that it will not cooperate with the deposition notice unless Congress—which is not in session until November—clears the GAO's participation.

In addition, the Feeder Cattle Plaintiffs disclosed less than two weeks ago that ***roughly 30 third parties*** have information that they may rely on, opening up an entirely new front of third-party discovery. Although Feeder Cattle Plaintiffs have made a small initial production, it seems they have yet to produce any ESI at all.

Defendants also continue to evaluate the millions of pages of third-party productions, Plaintiffs' witnesses' testimony, and Plaintiffs' recent class certification papers. Indeed, Class Plaintiffs argued in opposing Defendants' Motion to Compel Answers to Interrogatories that the class certification submissions would "provide Defendants with the information they seek" about the contours of Plaintiffs' claims. (ECF No. 802, at 20.) Accordingly, in addition to the already noticed third-party depositions that are in the queue, Defendants anticipate seeking depositions of, *e.g.*, alleged "conduits" highlighted in Class Plaintiffs' recent papers; at least some of the auction houses, sale barns, and others that Feeder Cattle Plaintiffs recently disclosed; former employees of certain DAPs if the DAP does not make them available; and potentially third-party assignors.

\* \* \*

The scheduling challenges described above are exacerbated by two indisputable factors. First, the current schedule sets the final push to complete fact discovery during the winter holidays, when witness availability for depositions is often limited. Second, while they complete fact discovery, Defendants must also respond to ***six*** putative class briefs and ***seven*** expert reports that, in total, seek to certify damages classes worth more than ***$75 billion*** after trebling. This observation is made not to seek sympathy but rather a recognition that this MDL features one of the largest assortments of putative classes and opt-outs of any federal-court litigation today, and completing all fact discovery over the holidays given the foregoing issues while also briefing six putative classes and deposing their experts is not practicable in a case with only four Defendants.

In conclusion, there is abundant good cause for granting Defendants' narrowly tailored requested amendments to the case schedule. The amendments would allow Defendants limited additional time to pursue discovery necessary to defending themselves on the merits, including in the dozens of individual DAP cases. They would afford the same additional time to current DAPs—and to Class Plaintiffs for purposes of third-party depositions—and would not prejudice them or slow the overall timeline of this MDL. The balance tilts overwhelmingly in favor of granting Defendants' request.

October 24, 2024
Page 6

                                        Sincerely,

                                        */s/ Holley C. M. Horrell*

                                        Holley C. M. Horrell

HCMH/jo