

**MINNESOTA OFFICE**
CANADIAN PACIFIC PLAZA
120 S. 6TH ST., STE 2600
MINNEAPOLIS, MN 55402

**CALIFORNIA OFFICE**
600 W. BROADWAY
SUITE 3300
SAN DIEGO, CA 92101

**MICHELLE J. LOOBY**
mlooby@gustafsongluek.com
TEL (612) 333-8844 • FAX (612) 339-6622
MINNESOTA OFFICE

October 24, 2024

**VIA ECF**
The Honorable John F. Docherty
United States Magistrate Judge
U.S. District Court, District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

      Re:    *In re Cattle & Beef Antitrust Litigation*, No. 22-md-3031 (JRT/JFD)
            Plaintiffs' Opposition Letter to Defendants' Request for Extensions to Case Schedule

Dear Judge Docherty:

      Per the Court's Order (ECF No. 946), all Plaintiffs—Cattle Plaintiffs, Direct Purchaser Plaintiffs, Commercial and Indirect Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Indirect Seller Plaintiffs[1] (collectively "Class Plaintiffs"), and Direct Action Plaintiffs ("DAPs") (collectively "Plaintiffs")—respectfully submit this letter in opposition to the extensions sought by Defendants to the existing scheduling order. *See* ECF No. 575.

      This case has been pending for several years,[2] and no more delay is warranted. The original Case Scheduling Order ("Schedule") was entered over two years ago on June 22, 2022. *See* Case No. 20-cv-01319, ECF No. 571. The parties have ample time to obtain the needed discovery in the remaining two-and-a-half months before discovery closes, especially in light of the five-month extension of discovery the Court previously granted. *See* ECF No. 575. Another postponement will be unfairly prejudicial in terms of further delaying the litigation and raising costs. Plaintiffs are prepared to adhere to both the November 22 third-party subpoena deadline and the close of fact discovery deadline on January 7, 2025. The parties have ample time to obtain the needed discovery in the remaining two-and-a-half months before discovery closes.

---

[1] Indirect Seller Plaintiffs object to any reservation of rights by Defendants.
[2] Consumers' case was filed in April 2019; Cattle's was re-filed in May 2019 (originally filed in another district in April 2019); CIIPPs' was filed in June 2020; DPPs' was filed in June 2020; and ISPs' was filed in October 2022.

Page 2
October 24, 2024

This is Defendants' second request this year to extend discovery deadlines. In January, Defendants asked for a *seven-month* extension of the discovery dates. ECF No. 524. The majority of Class Plaintiffs opposed that extension (ECF No. 525), but this Court granted Defendants' request in part, allowing a five-month extension. *See* ECF No. 575. Defendants now come back to ask for yet another extension. This time, however, there is no reasonable basis to give Defendants further time to conduct discovery.

Plaintiffs understand that Defendants seek the following: (1) extend the deadline for serving third-party subpoenas by more than six weeks from November 22, 2024, to January 7, 2025; (2) extend the close of fact discovery related to DAPs by three months from January 7, 2025, to April 4, 2025; and (3) subsequently delay all parties' proposals regarding merits expert discovery by ten weeks from February 6, 2025, to April 18, 2025. Critically, this proposal allows Defendants to develop evidence for their cases—and against Class Plaintiffs—but prohibits Class Plaintiffs from doing the same by obtaining discovery from Defendants. These extensions are unnecessary and only serve to further delay the proceedings in this case.

## I. The Deadline to Serve Third-Party Subpoenas and Conduct Third-Party Depositions Should Not be Extended Again

Under the current Schedule, third-party subpoenas are due to be served no later than November 22, 2024.[3] Now, less than a month before this deadline, Defendants are asking for a nearly two-month extension to serve additional subpoenas.

Courts in this District have found that subpoenas must be served "sufficiently in advance of the discovery deadline so as to allow a response before the close of discovery." *Sobolik, Tr. for Sobolik v. Briggs & Stratton Corp.*, No. 09-cv-1785, 2010 WL 11640189, at *7 (D. Minn. July 2, 2010). Indeed, the original Schedule specifies that "[a]bsent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery." Case No. 20-cv-1319, ECF No. 571, at 8. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (citation omitted).

Defendants cannot show good cause. Defendants knew they would need third-party discovery for their class certification oppositions, and even received an extension based on

---

[3] *See* Case No. 20-cv-1319, ECF No. 571, at 8 ("In no event shall third-party subpoenas be served less than 45 days prior to the deadline for completion of fact discovery."); ECF No. 575 (setting the close of fact discovery for January 7, 2025).

their representations that such discovery was necessary.[4] There has been no change in circumstances warranting additional time for third-party discovery.

Defendants claim that this extension is needed because it has taken longer than Defendants anticipated to schedule third-party depositions and to receive third-party productions. This does not justify a change to the Schedule. Defendants knew they must serve subpoenas sufficiently in advance of the discovery deadline to allow a response before the close of discovery. Moreover, if a third party requires additional time to respond to a subpoena or schedule a deposition, they can stipulate to an extension of time. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(d)(2)(B).

Similarly, should a specific third-party deposition need to be conducted after the close of discovery, Defendants can seek court approval for that specific situation. *See* Fed. R. Civ. P. 29 ("a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery…."). Defendants' speculation that unspecified third parties will not produce documents or be available to be deposed prior to the close of discovery is not a sufficient reason to extend the entire third-party discovery period.

Additionally, it is inequitable for Defendants, having received Class Plaintiffs' class certification submissions, to seek an extension of time to obtain discovery from DAPs and third parties that they can use to counter Class Plaintiffs' motions, support future dispositive motions against Class Plaintiffs, or introduce at trial against Class Plaintiffs, while at the same time foreclosing Class Plaintiffs' ability to obtain further discovery from Defendants following the submission of their class certification oppositions on January 24, 2025. *See* ECF No. 575, at 4.[5] Again, Plaintiffs are not asking for any extension to the existing deadlines under the Schedule; the parties can meet the existing deadlines, and another extension will unfairly prejudice Plaintiffs by further delaying resolution of their claims and raising their costs.

Finally, although Defendants may argue that, in the interest of fairness, these deadlines for third-party discovery will be extended for both Defendants *and* Plaintiffs, Plaintiffs are not asking for an extension. Discovery has been ongoing for *years*, during which Plaintiffs have been diligently prosecuting their cases. Further postponement will be unfairly prejudicial in terms of further delaying the litigation and raising costs. Plaintiffs

---

[4] *See* Defs' Letter Proposing Extension of Case Schedule, ECF No. 524, at 1 (Jan. 19, 2024) (seeking an extension of the case schedule given the "complexity of this action—with five putative classes (downstream and upstream), well over 100 named Plaintiffs (and growing), and *extensive third-party discovery*…," and noting the potential for 90 total third-party depositions) (emphasis added).

[5] Defendants have, of course, already had ample opportunity to take additional party discovery from Class Plaintiffs following Class Plaintiffs' September 25, 2024 class certification papers.

Page 4
October 24, 2024

are prepared to comply with both the November 22 deadline and the close of fact discovery deadline on January 7, 2025.

## II. Close of DAP Fact Discovery

Defendants are also requesting that DAP case discovery remain open until April 4, 2025. This Court already set the deadline for the close of fact discovery for January 7, 2025, with a limited exception related to new DAP actions. *See* ECF No. 575. Defendants have not shown sufficient good cause for this extension, especially where the Court has already considered the potential burden of new DAP actions, ordering that discovery be kept open for any DAP that files a new action within the three months before or after January 7, 2024, and requiring that any such DAP negotiate reasonable and adequate fact discovery deadlines with Defendants. *See* ECF No. 575. Defendants' unilateral proposal also unfairly prejudices Class Plaintiffs who would neither be able to take or defend against such discovery nor prevent it from being raised in their cases.

Under the current Schedule, this case already has a longer period set between the first deposition (January 10, 2024) and the close of fact discovery (January 7, 2025) than the other protein cases, at 12 months. Despite the larger number of parties, this period was seven (7) months in *Turkey* and less than 11 months in *Pork*. Defendants' proposal would extend this period for DAP discovery to almost 15 months. Defendants have not shown why such a deviation is necessary.

Defendants contend that a DAP-specific extension is necessary due to the volume of discovery left to take. Despite these expressed concerns, Defendants are well-resourced companies that have hired some of the country's largest law firms—firms that have been well-equipped to staff multiple depositions per week over the past several months. Defendants have repeatedly demonstrated—in both this case and other, larger protein cases[6]—that they can handle the amount of discovery remaining. Most DAPs completed their document productions by the substantial completion date in August 2023 (14 months ago), and have already defended multiple depositions and are scheduled to defend multiple additional depositions within the fact discovery period.

Defendants also argue that certain DAPs have not yet provided assignment-related discovery, which may result in further motion practice and the possibility of additional discovery. But DAPs have consistently objected to producing documents in the possession of their assignors since serving objections and responses to Defendants' First Set of RFPs almost two years ago. Consistent with those objections, DAPs have explained to

---

[6] *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-8637 (N.D. Ill.) ("*Broiler*") (involving 21 processor families as defendants and co-conspirators, and 1 non-processor defendant); *In re Turkey Antitrust Litigation*, No. 19-cv-8318 (N.D. Ill.) ("*Turkey*") (involving 10 processor defendant families, 5 processor co-conspirators, and 1 non-processor defendant); *In re Pork Antitrust Litigation*, No. 18-cv-1776-JRT-JFD (D. Minn.) ("*Pork*") (involving 6 processor defendant families and 1 non-processor defendant).

Page 5
October 24, 2024

Defendants that any discovery of third-party assignors should be pursued by subpoenas to those third parties or directly from the assignors that are plaintiffs in the litigation And DAPs have already produced assignment agreements and assignment-related information, including data reflecting the assigned purchases.

If the Court decides to extend DAP case discovery, Class Plaintiffs request that such an extension does not prejudice the class schedule. Further, Class Plaintiffs oppose any use of discovery obtained under these circumstances in the class cases, and respectfully request that the Court order that any individualized DAP discovery obtained after the current Schedule's deadline be restricted to exclusive use in the DAP cases and not admissible against Class Plaintiffs.[7]

### III.   Deadline to Submit Merits Expert Discovery Proposals

Under the existing Schedule, the parties are instructed to meet and confer about setting merits expert discovery deadlines and present a proposal to the Court by February 6, 2025. Defendants have proposed a ten-week extension to April 18, 2025, but provide no reason why they need additional time to prepare their proposal.

The only argument Defendants make is that this extension would not negatively impact the overall case schedule. To the contrary, if granted, this requested extension would have a cascading effect on the next phase of discovery and would inevitably impact the overall schedule. Under the current Schedule, the requirement that parties meet and confer and then present a merits expert discovery deadlines proposal to the Court by February 6 is the precursor to all "[a]dditional deadlines related to trial experts and other deadlines."[8] The parties would be unable to move on to the second phase of discovery during this ten-week period. As with the request to extend the deadlines related to third-party subpoenas and depositions, third-party and DAP discovery is not a sufficient reason to delay the start of merit discovery by ten weeks, especially when the Court is only requiring a mere *proposal*.

To avoid further unnecessary delay, expense, and prejudice, Plaintiffs respectfully request the Court deny Defendants' request to further extend the case scheduling order, and order that any individualized DAP discovery not otherwise accounted for in the current Schedule be restricted to exclusive use in the DAP cases.

---

[7] The Class Plaintiffs all oppose the extension of any discovery. But if the Court is inclined to grant the Defendants' request for an extension—which it should not— the Consumer Indirect Purchaser Plaintiffs respectfully request the extension apply equally to both sides.  It would be inequitable to allow Defendants to engage in one-way discovery and develop evidence that they could then use against the Plaintiffs without giving Plaintiffs an equal opportunity to do the same.
[8] ECF 575, at 5.

Page 6
October 24, 2024

                                                               Respectfully Submitted,

                                                               GUSTAFSON GLUEK PLLC

                                                               */s/  Michelle J. Looby*

                                                               Michelle J. Looby

cc:    All Counsel of Record via ECF