

Perkins Coie LLP
505 Howard Street
Suite 1000
San Francisco, CA 94105-3204

T. +1.415.344.7000
F. +1.415.344.7050
perkinscoie.com

December 10, 2024

David P. Chiappetta
DChiappetta@perkinscoie.com
D.  +1.415.344.7076
F.  +1.415.344.7276

**VIA ECF & EMAIL TO CHAMBERS**
The Honorable John F. Docherty
United States Magistrate Judge
U.S. District Court, District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

**Re:** *In re Cattle & Beef Antitrust Litigation*, No. 22-md-3031 (JRT/JFD) – IDR: Permission to take in-person deposition of expert witness (Dr. Russell Mangum) – Date Requested to be Heard: Dec. 18, 2024

Dear Judge Docherty:

Defendants request permission to take the deposition of expert witness Dr. Russell Mangum in person; Plaintiffs insist on a remote deposition purely to accommodate his purported preference for a virtual setting. Given that Dr. Mangum presents a complicated economic model and damages theory alleging *billions* of dollars of damages to the Consumer Indirect Purchaser Class, Defendants do not want to impair their ability to question Dr. Mangum and assess his theories by navigating technical issues, electronic exhibits, and virtual interactions. Dr. Mangum is the only expert for whom this issue has arisen. The parties have agreed to submit this narrow discovery dispute using the informal dispute resolution process outlined in the Pretrial Order. ECF No. 571 (Case No. 0:20-cv-01319).

Other plaintiff experts have agreed to be deposed in person at the locations most convenient to them. And, more generally, well over a hundred depositions have been conducted in this MDL, and absent good reason, the decision to proceed in person or remotely has been left to the discretion of the party taking the deposition.

Despite Defendants' numerous attempts to compromise with respect to Dr. Mangum's deposition – offering to take it at any location, incur the costs of an in-person deposition, and stretching to accommodate dates during the holiday season – the parties are at an impasse and require the Court to determine both how the deposition should proceed and to assist in scheduling.

**Defendants and Consumer Plaintiffs are at an impasse**

The Consumer Indirect Purchaser Class served its motion for class certification and supporting expert report from Dr. Mangum in late September. Defendants requested potential dates for his deposition in early November, offering to host it at Perkins Coie's

Los Angeles office, which is believed to be near Dr. Mangum's residence (the taking attorneys are not based in Los Angeles), or at any other location convenient for Dr. Mangum.  Plaintiffs' counsel responded that Dr. Mangum "prefers a remote deposition." Ex. 1 (copy of the parties' email correspondence). To date, no explanation has been proffered to support this preference, and despite over a month of negotiations (over email and phone) and attempted compromises, Plaintiffs refuse to make Dr. Mangum available in person on any date or any location. Due to Dr. Mangum's purported unavailability between the date on which this dispute is to be heard by the Court and the date upon which Defendants' Class Certification Opposition Brief and Daubert motions are due, the parties further need the Court's assistance in setting the date for his deposition.

**The civil rules favor in-person depositions**

Courts possess "wide discretion in determining the manner for taking depositions, including whether they should take place by remote means." *Patterson Dental Supply, Inc. v. Pace*, No. 19-CV-1940, 2020 WL 10223626, at *3 (D. Minn. Nov. 5, 2020) (quoting *Swenson v. GEICO Casualty Company*, No. 2:19-cv-1639, 2020 WL 4815035, at *3 (D. Nev. Aug. 19, 2020)). Indeed, parties are normally required to request permission for *remote* depositions because the default for depositions is for them to occur in person. To assess if a remote deposition is appropriate, this District considers whether the party requesting the remote proceeding can "advance a legitimate reason" for such request, and if so, will allow it if no prejudice would accrue to either party. *Id.* (citing *List v. Carwell*, No. 18-cv-2253, 2020 WL 5988514, at *8 (D. Minn. Oct. 9, 2020)).

Here, Plaintiffs have advanced no legitimate reason for their request for a remote deposition, simply stating that it is Dr. Mangum's "preference." Defendants specifically queried whether there are logistical or personal health reasons at issue – no. **It is simply a personal preference**. Dr. Mangum would not face any increased costs associated with travel for an in-person deposition, because Defendants are offering to hold the deposition in any location Dr. Mangum chooses and to cover the cost of the venue. No good cause exists to support a remote deposition.

Instead of even attempting to proffer such good cause, Plaintiffs insist that the current Deposition Protocol, at ECF No. 573 (Case No. 20-cv-01319), allows a party to insist on a virtual deposition. But, as detailed below, the provision of the Deposition Protocol relied upon by Plaintiffs is outdated and should no longer supersede this Court's preference for in-person depositions. Moreover, forcing the Defendants to conduct a remote deposition of the most instrumental witness to the Consumer Indirect Plaintiffs' case would cause prejudice to them.

**The Deposition Protocol also favors in-person depositions**

The parties stipulated to a protocol to govern depositions in this MDL in 2022, while the COVID pandemic was still forcing courts to adopt remote and virtual options to proceed with legal proceedings. *See* ECF No. 573 (Case No. 20-cv-01319). To accommodate the

"ongoing global COVID-19 pandemic," the Deposition Protocol provides that a "witness or defending counsel may elect to proceed with a deposition remotely." ECF No. 573 at 6. The protocol explicitly contemplates the expiration of the virtual option at the end of the pandemic:

> "When the U.S. District Court for the District of Minnesota's General Order re: Court Operations Under the Exigent Circumstances Created by COVID-19 has expired, been terminated, or vacated, or modified to permit in-person proceedings without limitations, the parties shall meet and confer to determine whether to continue permitting remote depositions pursuant to this Protocol."

*Id.* at 6-7. This mechanism to renegotiate the protocol to account for the expiration of the COVID-related virtual option reflects the long-standing preference for in-person proceedings. The General Order re: COVID-19 cited above (and all other COVID-19 related orders) expired in January 2023. And to date, the parties have successfully negotiated the date, time, and location for over 150 depositions without needing to amend this protocol, and, until now, no party has insisted on either a virtual or in-person setting for a witness.

Plaintiffs have not articulated an actual concern over the COVID pandemic, instead only noting in passing that the World Health Organization still believes the pandemic ongoing as an excuse for the continuing validity of the special provisions in the Deposition Protocol. Ex. 1 at 5. But in the U.S., and in this Court, the pandemic's impact has been terminated through official actions. This Court's general order adapting court procedures to pandemic conditions expired in 2023. In California, where Dr. Mangum lives and Defendants propose the in-person deposition takes place, Governor Newsom terminated the state's COVID-19 state of emergency in early 2023. Moreover, this Court has held that the "existence of the COVID-19 pandemic alone is insufficient to demonstrate good cause" for remote depositions. *United States v. Balega*, No. 19-CV-2959 (JRT/LIB), 2022 WL 20100634, at *3 (D. Minn. Mar. 10, 2022). And, as noted above, Plaintiffs have failed to even attempt to articulate any "legitimate reason" to deviate from this Court's preference for in-person depositions. Dr. Mangum's personal preference does not suffice.

Regardless of whether the existing (and now outdated) protocol allows a party to force a virtual deposition, Defendants request permission to depose this particular witness in person. Dr. Mangum is an economist that has prepared a complex economic model alleging nearly *two billion dollars* of harm to the consumer indirect purchaser class and, as detailed below, Defendants will be significantly disadvantaged by having to depose him remotely.

**Defendants would be prejudiced by a remote deposition**

This Court has recognized that conducting testimony via videoconference is not a substitute for in-person proceedings and can present significant limitations: "virtual reality is rarely a substitute for actual presence and even in an age of advancing technology, watching an

event on the screen remains less than the complete equivalent of actually attending it." *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020). Therefore "remote transmission [of testimony] is to be the exception and not the rule." *Id*.

Defendants' primary goal with this request is to eliminate the distractions caused by the inevitable technical issues that muffle audio, make exhibits more difficult to navigate,[1] or even prevent access to the proceeding whenever the internet glitches. Courts in this district acknowledge that such logistical and technical concerns are factors to be considered when determining whether to order remote depositions. *See List v. Carwell*, No. 18-cv-2253, 2020 WL 5988514, at *9 (D. Minn. Oct. 9, 2020) (ultimately rejecting an in-person deposition due to lack of clear evidentiary record for technical issues). All counsel in this case are well aware of the similar technical difficulties that have snarled prior depositions. *E.g.,* J. Drobeck at 57, 97, 161 (witness losing connection during virtual deposition); J. Watson (a Consumer Class representative) at 88, 100 (off record due to witness's technical difficulties); J. Dunion (deposition started late due to power outage at court reporter's house); J. Roach at 216 (off record due to Plaintiffs' counsel's technical difficulties); B. King (Consumer Class representative) at 53 (Sept. 5, 2024) (off record due to Plaintiffs' counsel's technical difficulties). Indeed, Defendants understand that there were significant technical issues during Dr. Mangum's initial deposition in the *In re: Pork Antitrust Litigation* held remotely (his subsequent deposition was taken in-person earlier this year).

As an expert witness, Dr. Mangum has presented a complicated economic damages model that purports to support an allegation of nearly two billion of damages to the class, and Defendants will need to be efficient and thoughtful to be able to address the nuances of his theories in the seven hours allotted for the deposition. Where testimony is critical, "the value of accurately assessing credibility is heightened" and "[r]emote depositions preclude [] the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions." *Tsien v. Bd. of Regents of Univ. Sys. of Georgia,* No. CV 121-008, 2021 WL 6617307, at *3 (S.D. Ga. Nov. 12, 2021). This is especially true when deponents "will be testifying about highly complex material." *Buergofol*, 2024 WL 4290795, at *5. Courts recognize the unique position that expert witnesses hold in a case, making "credibility critical," and noting that credibility is "better appraise[d] in person." *Lewis v. CoreCivic of Tennessee, LLC*, No. 21-CV-01385-JAH-BGS, 2023 WL 5944279, at *2 (S.D. Cal. Sept. 12, 2023) (ordering expert witness to appear in person); *see also Brand Q, Inc. v. Jung GMBH Ltd. Liab. Co.*, No. 22-80769-CIV, 2022 WL 17324238, at *5 (S.D. Fla. Nov. 29, 2022) (ordering that the deposition of plaintiff's Rule 30(b)(6) deposition be conducted in person in order to be "effective" because the "case involves nuanced copyright issues"); *Edwards v. Thomas*, No. 4:19-CV-4018, 2021 WL 8316970, at *2 (W.D. Ark. Nov. 18,

---

[1] If for no other reason, the ability to work with a lot of documents (as Defendants expect for this expert witness) in hard copy would streamline the proceeding and allow counsel to focus on the substance rather than technical issues (and waiting for an exhibit to load, refresh, appear, and then have the witness review it).

2021) (ordering expert witness to appear in person, noting that his "testimony in this case will be complex and is of greater importance than a typical discovery deposition"); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 8:15-CV-02034, 2017 WL 10562990, *6 (C.D. Cal. Aug. 14, 2017) (denying request for remote deposition in part because the deponent's testimony would likely "be controversial . . . [and] [v]ideoconference depositions are not suitable for such controversial situations").

**Plaintiffs are unwilling to make Dr. Mangum available at a later date**

Plaintiffs to date have offered only one date for Dr. Mangum: December 18. Given Plaintiffs' continuing refusal to permit an in-person deposition, necessitating this motion, that date now appears unfeasible. Defendants have offered *eight* alternative dates for Dr. Mangum, only to have Plaintiffs refuse each and every one.

With Defendants' opposition brief and *Daubert* motions due on January 24, Defendants request to take his deposition no later than January 15. (Plaintiffs have also notified Defendants that Dr. Mangum is involved in two trials, the first of which commences on January 13, but the dates of his actual testimony are not clear.) Defendants will make themselves available *any day* between December 23 and January 15 except for January 3 and January 6.

**Relief requested**

The prejudice of interference by technical issues during a critical deposition of an expert witness about a complex economic model outweighs Dr. Magnum's personal preference for a remote deposition and overrides whatever the Deposition Protocol provided for during the existence of this Court's now-expired General Order.

Defendants respectfully request:

- Permission to depose Dr. Mangum in person, at a location within the continental U.S. of his choosing; and

- For Plaintiffs to be ordered to make Dr. Mangum available for a deposition between December 23 and January 15 (except for court holidays, January 3, or January 6).

Sincerely,

/s/ David P. Chiappetta

# Exhibit 1

**From:**        Pozan, Kyle J. <kjpozan@locklaw.com>
**Sent:**        Monday, December 9, 2024 6:52 PM
**To:**          Chiappetta, David (SFO)
**Cc:**          Abby Wolf; Burke, Samantha (PHX); Connelly, Ulrike B. (Rike) (SEA)
**Subject:**     Re: Deposition of Dr. Mangum

David,

Accounting for the work and personal scheduling conflicts for the witness and counsel, which include holiday travel plans, neither of those dates work for Mr. Mangum's deposition should it proceed in person.

Thanks,
Kyle

**Kyle Pozan | Senior Counsel | He/Him/His**

**Lockridge Grindal Nauen PLLP**
1165 N Clark Street | Suite 700 | Chicago IL 60610
P: 312-470-4333 | www.locklaw.com

> On Dec 9, 2024, at 4:33 PM, Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com> wrote:
>
> Kyle,
>
> Moving beyond rhetoric to logistics and based upon Dr. Mangum's unavailability on each of the various dates proposed by defendants below, please let me know whether Dr. Mangum is instead available to be deposed on December 23rd or 27th.
>
> Regards,
> David
>
> **From:** Pozan, Kyle J. <kjpozan@locklaw.com>
> **Sent:** Sunday, December 8, 2024 1:46 PM
> **To:** Chiappetta, David (SFO) <DChiappetta@perkinscoie.com>
> **Cc:** Abby Wolf <abbyw@hbsslaw.com>; Burke, Samantha (PHX) <SBurke@perkinscoie.com>; Connelly, Ulrike B. (Rike) (SEA) <UConnelly@perkinscoie.com>
> **Subject:** Re: Deposition of Dr. Mangum
>
> David,

The Deposition Protocol, negotiated by all parties and entered as an Order by the Court, explicitly allows a witness to choose to proceed remotely. There is no carve out for any category of witness. Perhaps that is why no noticing party, until now, has rejected the election of witness to proceed remotely.

As I told your colleague, Kevin Zhao, on November 4, Dr. Mangum has back-to-back trials beginning January 13. That is why Plaintiffs, after not hearing from Defendants for six weeks about the scheduling of Dr. Mangum's deposition, proactively reached out to Defendants to relay his conflicts.

Best,
Kyle

**Kyle Pozan | Senior Counsel | He/Him/His**

**Lockridge Grindal Nauen PLLP**
1165 N Clark Street | Suite 700 | Chicago IL 60610
P: 312-470-4333 | www.locklaw.com

On Dec 8, 2024, at 2:07 PM, Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com> wrote:

Kyle,

By this point, we have each articulated our respective positions on this topic. I will note however that, to date, no deponent has refused to appear in the manner requested by the deposing party. Every deposition that the deposing party desired to be in-person has proceeded in-person. Dr. Mangum is the first deponent who had refused to so appear. Particularly given his importance in the case, the billions of dollars in purported damages predicated on his opinions, and the hundreds of thousands of dollars or more no doubt paid to Dr. Mangum to date, the benefits of an in-person appearance outweigh his mere "preference." This is particularly true given that we have offered to travel to any location selected by Dr. Mangum for the deposition. Dr. Mangum situation is wholly different than the named Consumer Plaintiffs who are representing the class seeking damages – many of whom have no substantive understanding of the case.

Given Dr. Mangum's unavailability during any of the dates we have proposed, please advise whether he is available on January 14th or 15th, 2025. We assume that the Court will have had an opportunity to resolve the issue by then, and the deposition may proceed either in-person or remotely on the selected date based on the Court's direction.

Regards,
David

**From:** Pozan, Kyle J. <kjpozan@locklaw.com>
**Sent:** Saturday, December 7, 2024 12:06 PM
**To:** Chiappetta, David (SFO) <DChiappetta@perkinscoie.com>
**Cc:** Abby Wolf <abbyw@hbsslaw.com>; Burke, Samantha (PHX)
<SBurke@perkinscoie.com>; Connelly, Ulrike B. (Rike) (SEA)
<UConnelly@perkinscoie.com>
**Subject:** Re: Deposition of Dr. Mangum

David,

You have it backward. True, more than 100 depositions have been taken, but for each one, the parties have accepted the preference of the witness as to whether the deposition will proceed in person or remotely, including for the remote depositions you took and are taking of the named Consumer Plaintiffs who are representing the class seeking damages. This is the first time a party has rejected the preference of the witness and disregarded the clear language of the Deposition Protocol to insist that a deposition proceed in person, despite the witness's election to the contrary. And to the extent you are suggesting that Consumers are not acting professionally by declining to bow to Defendants' demand for a one-time exception to the parties' established conduct and the terms of the Deposition Protocol, we are disappointed you would cast such an aspersion.

I again confirm our consent to IDR for this dispute, and we agree to the briefing schedule. We are not available on December 30. And in my November 4 email to your colleague, Kevin Zhao, I advised Defendants of Dr. Mangum's unavailability the week of January 6, so we are similarly unavailable on the three alternative dates you offered in January. This is a problem of Defendants' own making. Consumers are the ones who proactively reached out to Defendants about scheduling Dr. Mangum's deposition. Defendants then took more than two weeks after my November 19 email to state their intent to move for relief from the Court, and Defendants are taking another six days beyond that to file their IDR letter. We believe December 18 is still a viable date; Dr. Mangum remains available for a remote deposition that day.

Regards,
Kyle

**Kyle Pozan | Senior Counsel | He/Him/His**

**Lockridge Grindal Nauen PLLP**
1165 N Clark Street | Suite 700 | Chicago IL 60610
P: 312-470-4333 | www.locklaw.com

3

On Dec 6, 2024, at 3:31 PM, Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com> wrote:

Kyle,

As our teams have discussed, we're at an impasse about Defendants' right to take Dr. Mangum's deposition in person. We regret that with over 100 depositions having been successfully and mutually agreed upon that you are now refusing to make a witness available in person for no reason other than "the protocol allows us to do so." All parties have appeared in person for some depositions and been remote for others – and we don't think it is in anyone's interest to force a global renegotiation of the deposition protocol at this time. We've already had to waste valuable time just arguing over whether an expert witness that presents a theory of damages worth *billions* of dollars should be asked to sit in the same room as the questioning attorney to avoid the many technical issues that have plagued other depositions. We've offered to go to any location convenient for the witness and counsel and pay the costs of the same. Setting aside what the protocol says, as we disagree as to its plain reading, it is disappointing that we could not reach a professional compromise and need to take up judicial resources on this.

Defendants will request relief from Judge Docherty as to only Dr. Mangum's deposition. Given how narrow this issue is, we propose to initiate the information dispute resolution process laid out in the pre-trial order and file a letter next Tuesday, Dec. 10. Your clients' response would be due three business days later, on Friday. Given the need for multiple individuals to arrange for travel, to book the reporters, and the uncertainty of when the Court will rule, we will be resetting the date of the deposition. Please advise whether Dr. Mangum is available on December 30 or January 7, 8, or 9.

Please also confirm that your clients consent to the IDR procedure.

Regards,
David

4

**From:** Pozan, Kyle J. <kjpozan@locklaw.com>
**Sent:** Tuesday, November 19, 2024 1:28 PM
**To:** Chiappetta, David (SFO) <DChiappetta@perkinscoie.com>
**Cc:** Abby Wolf <abbyw@hbsslaw.com>; Burke, Samantha (PHX) <SBurke@perkinscoie.com>
**Subject:** Re: Deposition of Dr. Mangum

David,

Whether COVID remains a pandemic is a topic of debate, with the World Health Organization still deeming it a pandemic. Moreover, the Court's own conduct demonstrates a preference for remote proceedings. Notwithstanding that information, the Deposition Protocol does not state that all depositions shall revert to being in person once the COVID-19 pandemic and the U.S. District Court for the District of Minnesota's General Order re: Court Operations Under the Exigent Circumstances Created by COVID-19 expires. As you are aware, the parties continue taking remote depositions in this matter, including Defendants' depositions of named Plaintiffs. Consumers therefore question Defendants' repeated insistence on taking Dr. Mangum's deposition in person.

Moreover, the operative inquiry is not whether a "request made by a deposing party for an in-person deposition has been challenged" because the Deposition Protocol provides, "If the noticing party, the responding party, and the witness agree, a deposition may take place in person . . . ." In each of those circumstances, it appears the noticing party, the responding party, and the witness all agreed to proceed in person. The proper inquiry is whether a noticing party has objected to an election by the witness to proceed remotely, which the Deposition Protocol does not permit and which Defendants are doing here.

If Defendants wish to meet and confer to discuss amending the Deposition Protocol to allow the noticing party to override the election of the witness for a remote deposition, please make the request to all Plaintiffs' counsel.

Thanks,
Kyle

**Kyle Pozan | Senior Counsel | He/Him/His**

**Lockridge Grindal Nauen PLLP**
1165 N Clark Street | Suite 700 | Chicago IL 60610
P: 312-470-4333 | www.locklaw.com

On Nov 19, 2024, at 1:23 PM, Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com> wrote:

Kyle,

As you're aware, the provision of the Deposition Protocol that you quote below was included to address the "ongoing global COVID-19 pandemic" that then existed, and expired together with the "U.S. District Court for the District of Minnesota's General Order re: Court Operations Under the Exigent Circumstances Created by COVID-19." (Dkt. 573, pages 6-7).

For purposes of meeting our respective obligations to meet and confer prior to raising this with the Court, please let us know why you are of the view that Dr. Mangum's deposition should be treated differently than all other depositions taken in the case to date. I note that, to my knowledge, no request made by a deposing party for an in-person deposition has been challenged.

Regards,
David

**David Chiappetta** | **Perkins Coie LLP**
**PARTNER**
505 Howard St., Suite 1000
San Francisco, CA 94105
Phone: +1.415.344.7076
Email: DChiappetta@perkinscoie.com
Web: David Chiappetta | Perkins Coie

**David Chiappetta** | **Perkins Coie LLP**
**PARTNER**
505 Howard St., Suite 1000
San Francisco, CA 94105
Phone: +1.415.344.7076
Email: DChiappetta@perkinscoie.com
Web: David Chiappetta | Perkins Coie

**From:** Pozan, Kyle J. <kjpozan@locklaw.com>
**Sent:** Wednesday, November 13, 2024 5:51 PM
**To:** Chiappetta, David (SFO) <DChiappetta@perkinscoie.com>
**Cc:** Abby Wolf <abbyw@hbsslaw.com>; Burke,

Samantha (PHX) <SBurke@perkinscoie.com>
**Subject:** Re: Deposition of Dr. Mangum

David,

Dr. Mangum would like to begin at 9:30 a.m. PT.

Thanks,
Kyle

**Kyle Pozan | Senior Counsel | He/Him/His**

**Lockridge Grindal Nauen PLLP**
1165 N Clark Street | Suite 700 | Chicago IL 60610
P: 312-470-4333 | www.locklaw.com

> On Nov 13, 2024, at 1:17 PM, Pozan,
> Kyle J. <kjpozan@locklaw.com>
> wrote:
>
> David,
>
> December 18 works for Dr. Mangum
> and Consumer IPP counsel.
>
> The Order for Deposition Protocol,
> ECF No. 573, provides that a "witness
> or defending counsel may elect to
> proceed with a deposition remotely,"
> and Dr. Mangum has elected to
> proceed remotely. We will report back
> with his preferred start time so you
> can issue the notice.
>
> Thanks,
> Kyle
>
> **Kyle Pozan | Senior Counsel | He/Him/His**
>
> **Lockridge Grindal Nauen PLLP**
> 1165 N Clark Street | Suite 700 | Chicago IL
> 60610
> P: 312-470-4333 | www.locklaw.com

7

On Nov 13, 2024, at 8:49 AM, Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com> wrote:

Kyle,

In that case, let's lock down December 18th.

Now that the pandemic has subsided and the parties are back to taking depositions either remotely or in-person at the election of the deposing party, we would like to proceed with an in-person deposition. Could you please let us know where Dr. Mangum will be located on that date, if our LA office isn't suitable?

Regards,
David

**David Chiappetta** | **Perkins Coie LLP**
PARTNER
505 Howard St., Suite 1000
San Francisco, CA 94105
Phone: +1.415.344.7076
Email: DChiappetta@perkinscoie.com
Web: David Chiappetta | Perkins Coie

**From:** Pozan, Kyle J. <kjpozan@locklaw.com>
**Sent:** Tuesday,

8

November 12, 2024
5:50 PM
**To:** Chiappetta, David (SFO) <[DChiappetta@perkinscoie.com](mailto:DChiappetta@perkinscoie.com)>
**Cc:** Abby Wolf <[abbyw@hbsslaw.com](mailto:abbyw@hbsslaw.com)>; Burke, Samantha (PHX) <[SBurke@perkinscoie.com](mailto:SBurke@perkinscoie.com)>; Burke, Samantha (PHX) <[SBurke@perkinscoie.com](mailto:SBurke@perkinscoie.com)>
**Subject:** Re: Deposition of Dr. Mangum

David,

Dr. Mangum requests a day later that week. And while we appreciate your offer to hold the deposition at your L.A. office, Dr. Mangum prefers a remote deposition.

Thanks,
Kyle

**Kyle Pozan | Senior Counsel | He/Him/His**

**Lockridge Grindal Nauen PLLP**
1165 N Clark Street | Suite 700 | Chicago IL 60610
P: 312-470-4333 | [www.locklaw.com](http://www.locklaw.com)

9

On Nov 12, 2024, at 6:26 PM, Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com> wrote:

Counsel,

I am reaching out to confirm whether Dr. Mangum is available to be deposed on Tuesday, December 17th. Assuming he is in Los Angeles, we are planning to notice the deposition to

10

be held in our Los Angeles office.

Regards,
David

**David Chiappetta |** **Perkins Coie LLP**
PARTNER
505 Howard St., Suite 1000
San Francisco, CA 94105
Phone: +1.415.344.7076
Email: DChiappetta@perkinscoie.com
Web: David Chiappetta | Perkins Coie

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in

11

error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

12

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.