# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re Cattle and Beef Antitrust Litigation* | Case No. 22-md-3031 (JRT/JFD) |
| This Document Relates to:<br>All cases. | **ORDER EXTENDING CERTAIN DEADLINES RELATED TO DIRECT ACTION PLAINTIFFS** |

Before the Court is a dispute between Defendants and Plaintiffs over Defendants' request that the deadline for completion of fact discovery as to Direct Action Plaintiffs and for conducting third party depositions in this MDL be extended from January 7, 2025, the deadline in this MDL's operative Pretrial Scheduling Order. (Dkt. No. 575) to Defendants' proposed new date of April 4, 2025. The parties put their dispute before the Court through informal letters submitted on October 24, 2024. (Dkt. Nos. 951 ("Defendants' letter") and 952 ("Plaintiffs' letter").) Defendants also seek two additional scheduling changes that they characterize as flowing from this: First, that the deadline for serving third-party subpoenas be extended from November 22, 2024 to January 7, 2025, and second, that the parties' deadline to meet and confer about setting merits expert discovery deadlines and to present a proposal to the Court be extended from February 6, 2025 to April 18, 2025. (Joint Chart re: Case Schedule 1–2, Dkt. No. 950.) Defendants support their proposal by pointing to the overall workload in this case (Def's. Letter at 2); the recent entry into the case of several large DAPs, such as Target and MacDonald's, and that discovery as to some of these new

DAPs is barely underway (*Id*. at 3); the identification by Feeder Lot Plaintiffs of approximately thirty third parties who are potential sources of relevant information (*Id*. at 5); and other matters. Plaintiffs oppose the extension request, pointing out that the workload in this case could have been anticipated, as could the occurrence of discrete events, such as the entry into the case of new DAPs. (Pl's'. Letter at 3.) Plaintiffs state that the reasons advanced by Defendants do not justify an extension. Plaintiffs are also concerned that discovery conducted between January 7 and April 4 will be used by Defendants in class certification litigation, and that Plaintiffs will not be able to respond. (*Id*.) As Plaintiffs put it in their letter,

> it is inequitable for Defendants, having received Class Plaintiffs' class certification submissions, to seek an extension of time to obtain discovery from DAPs and third parties that they can use to counter Class Plaintiffs' motions, support future dispositive motions against Class Plaintiffs, or introduce at trial against Class Plaintiffs, while at the same time foreclosing Class Plaintiffs' ability to obtain further discovery from Defendants following the submission of their class certification oppositions on January 24, 2025.

(*Id*.)

The matter was discussed at the case management conference held on October 30, 2024. (Status Conf. Tr. 5:11–13, Dkt. No. 988.) At that conference, Plaintiffs expressed some openness to DAP-by-DAP extension, as needed for specific DAPs, rather than a blanket extension. (*Id*. at 21:7–10.) With a modification, that is the path the Court will follow. The Court understands the pressure all counsel in this case, including defense counsel, are under, but agrees with Plaintiffs that this is an inherent part of litigating an enormous antitrust case, as are events that cause stress on the existing schedule (and on the

lawyers trying to adhere to that schedule). However, the Court notes that Plaintiffs' letter does not address the concern of Defendants that most persuaded the Court that some relief was warranted, namely the recent entry into this case of several very large DAPs, some of whom have yet to produce their first page of discovery. In other words, while the workload concerns raised by Defendants would not have been enough, standing alone, to persuade the Court to grant relief, the recent addition of the large DAPs changes the equation.

Accordingly, **IT IS HEREBY ORDERED THAT**;

1. The deadline for fact discovery in this case is extended from January 7, 2025 to April 4, 2025, but only for discovery taken from, or provided by, DAPs that joined this case in 2024 or who have not yet reached the milestone of substantial completion of document discovery (or both);

2. The deadline for third-party depositions is extended to April 4, 2025, for both Defendants and Plaintiffs;

3. The parties' deadline to meet and confer about setting merits expert discovery deadlines and to present a proposal to the Court is extended to April 18, 2025; and

4. To address Plaintiffs' concerns about the one-sided use of material disclosed during the extended fact discovery period, no document produced after the original fact discovery deadline of January 7, 2025, and no deposition testimony from a deposition conducted after January 7, 2025, may be used in class certification litigation.

Dated: December 10, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge