GREENE
ESPEL PLLP

Holley C. M. Horrell
612-373-8394 *direct*
hhorrell@greeneespel.com

December 20, 2024

**_VIA ELECTRONIC FILING_**

Hon. John F. Docherty
United States Magistrate Judge
U.S. District Court for the District of Minnesota

      Re:     *In re Cattle & Beef Antitrust Litigation*, No. 22-md-3031

Dear Judge Docherty:

      Pursuant to Your Honor's practice pointers, I write on behalf of Defendants in the above-referenced case to respectfully seek clarification on several points concerning the December 10, 2024 Order Extending Certain Deadlines Related to Direct Action Plaintiffs, ECF No. 1026 ("Order").

      The day after the Order was entered, Defendants raised with Plaintiffs their questions concerning the Order in an attempt to reach agreement on interpreting and applying the Order. After conferring and what seemed like a promising exchange of proposals, Plaintiffs advised Defendants just this morning that the various Plaintiffs groups could not reach consensus on responding to Defendants' latest proposal but did not offer any rationales for disagreeing. Nor did they provide a counterproposal. *See* Attachment A. Defendants therefore seek clarification from the Court as soon as possible in light of the ongoing deposition scheduling as January 7 quickly approaches.

      The Order extends the deadline for certain party fact discovery to April 4, 2025, limited to "discovery taken from, or provided by, DAPs that joined this case in 2024 or who have not yet reached the milestone of substantial completion of document discovery (or both)." Order at 3. The Order also extends the deadline for "third-party depositions" to April 4, 2025. *Id.* The Order provides, however, that "[t]o address Plaintiffs' concerns about the one-sided use of material disclosed during the extended fact discovery period, no document produced after the original fact discovery deadline of January 7, 2025, and no deposition testimony from a deposition conducted after January 7, 2025, may be used in class certification litigation." *Id.* at 4 ¶ 4 ("Paragraph 4").

      Defendants respectfully seek clarification concerning several questions that relate to the Order:

    1.   *Whether Paragraph 4 Applies to Depositions that Parties and Nonparties Agree to Allow After January 7, 2024*

Hon. John F. Docherty
December 20, 2024
Page 2

Defendants seek clarification about how the Order applies to depositions that the parties (and nonparties) by agreement schedule later than January 7. Plaintiffs refuse to agree that Paragraph 4 is inapplicable to all such depositions.

In light of the variety of scheduling difficulties outlined Defendants' October 24, 2024 letter (ECF No. 951), the parties and nonparties have agreed to a sizeable number of such *ad hoc* extensions, generally after Defendants' schedule extension motion was taken under advisement.

The parties have in many instances agreed to schedule already-noticed depositions for after January 7, 2025. This includes numerous depositions that *at Class Plaintiffs' request* have been scheduled later:

- One example is Mark Nelson (an employee of *Cattle* Class Representative Eric Nelson), whose deposition Defendants noticed on November 15 for December 10, 2024; at *Cattle* Plaintiffs' request, Defendants agreed in November to reschedule this deposition for January 23, 2025.

- As another example, Defendants noticed the deposition of a third party (NAMI) on October 3, 2024, and after all Plaintiffs cross-noticed and rejected Defendants' noticed date, scheduling became so cumbersome that just today, Plaintiffs finally confirmed a date that works for all parties: January 16, 2025.

- Other notable examples are depositions of Feeder Class Plaintiffs, who still have not completed their document productions, and which the Feeder Class is amenable to scheduling through January 17, 2025, citing a need to be flexible around the holidays.[1]

In reaching these agreements, Plaintiffs at no time reserved any rights to argue that the depositions could not be used in the Class Plaintiffs' cases or in class certification. To be sure, Defendants have also suggested setting some depositions later (for example, of Consolidated Beef Producers), but there too, Plaintiffs agreed without any reservations of rights.

These examples are not exhaustive; there are many other examples of depositions being scheduled by agreement for after January 7—for witnesses of Defendants, Class Plaintiffs, DAPs,

---

[1] *See* Attachment A at 8. Particularly given that new Plaintiffs were added in the Feeder Class case after the Court granted the class leave to amend their complaint less than three months ago on September 30, and those new Plaintiffs served their Initial Disclosures a little over two months ago on October 11, 2024, Defendants may need to seek relief from the Court on specific issues related to Feeder Class discovery, although we are working to avoid judicial intervention.

Hon. John F. Docherty
December 20, 2024
Page 3

*and* third parties alike.[2] It is clear from the Order that any depositions that are *noticed* after January 7, 2025 would be subject to the Paragraph 4 limitation, but Paragraph 4 does not directly address the circumstances described above.

Defendants would not have agreed to all these later dates if we had known that Plaintiffs would later take the position that Paragraph 4 (then not in existence) limits the use of even depositions scheduled *by agreement* to occur after January 7. Having made no reservation of rights in reaching these agreements, Plaintiffs' approach now would unfairly prejudice Defendants who had relied on agreements reached in good faith and now face trying to take those depositions earlier (a near-impossible task) or being deprived of testimony in Class Plaintiffs' cases.

Defendants do not believe that the fairness considerations about "one-sided[ness]" that the Court cited in the Order apply to such later-by-agreement depositions. *See* Order at 4. Indeed, it is notable that the parties have (after the entry of the Order) agreed to several mutual extensions of deadlines past January 7 for responding to already-served written discovery, such as responses and objections to certain timely-served requests for admissions and interrogatories, and Plaintiffs have agreed that such written discovery responses can be used in all cases. There is no sensible or fair reason to distinguish similar agreements on deposition timing.[3]

Accordingly, Defendants seek clarification that the limitation set forth in Paragraph 4 of the Order does <u>not</u> apply to depositions that were noticed a reasonable time period before January 7—such as by December 23, 2024[4]—but that by mutual agreement are scheduled to occur after January 7, 2025.

---

[2] All Plaintiffs noticed some additional depositions of Defendants in December, which for a variety of reasons will not be able to occur by January 7. Tellingly, Plaintiffs are pushing for Defendants to agree that those depositions will be usable in all cases while being unwilling to make the same concession as to Plaintiffs' witnesses or non-party witnesses.

[3] Similarly, in discussions just this week over the now-agreed January 16 date for the NAMI deposition, Plaintiffs' counsel (who wanted a later date) acceded to Defendants' request to hold that deposition sufficiently before Defendants' class certification opposition briefs were due so that Defendants could incorporate the testimony into their opposition briefs. Thus, Plaintiffs accept that certain third-party depositions may be used in class certification litigation, while taking an inconsistent position as to others. Clarification from the Court is required.

[4] In Defendants' most recent proposal to Plaintiffs on these clarification issues, Defendants proposed that all deposition or document notices or subpoenas that are noticed by December 23, 2025 be subject to use in all cases, including in the class certification litigation. *See* Attachment A. Defendants suggest this brightline rule here.

Hon. John F. Docherty
December 20, 2024
Page 4

2.   *Whether Paragraph 4 Applies to Discovery Ordered Pursuant to a Timely Discovery Motion*

The parties did not request to change, and the Court did not alter, the deadline set forth in the original Scheduling Order that nondispositive motions (such as discovery motions) not related to expert discovery must be filed and served "no later than two weeks after the deadline for the completion of fact discovery." Case No. 20-cv-1319, ECF No. 571. Accordingly, Defendants understand that any discovery ordered by the Court pursuant to a timely filed discovery motion— such as the pending motions related to certain DAPs—is not subject to the limitation set forth in Paragraph 4 of the Order. Because not all Plaintiffs have agreed with Defendants' interpretation, Defendants seek clarification on this point.

3.   *The Definition of "Class Certification Litigation"*

Paragraph 4 prohibits the use of certain fact discovery from being used "in class certification litigation." Order at 4. The parties appear to interpret that term differently.

Defendants understand that the term "class certification litigation" refers to litigation over Class Plaintiffs' motions for class certification, including expert reports submitted in support of or opposition to such motions and any motions related to such experts. Defendants do not believe that Paragraph 4 limits the use of fact discovery for other purposes, including merits, in any MDL case. Plaintiffs disagree. *See* Attachment A at 5–7.

Defendants' interpretation of this term makes sense for at least three reasons.

*First*, the colloquy at the hearing concerned class certification briefing. The Court asked for clarification about Class Plaintiffs' argument that continuing discovery past January 7 might prejudice them because "it allows the defense to continue to take discovery that would be pertinent to class certification." Tr. 6:4-6:7. Class Plaintiffs argued that it would be unfair "because we have put our papers in on class certification or pass-through." Tr. 20:22-21:1.[5] Thus, the argument focused on class certification briefing.

*Second*, in the Court's prior scheduling order, the Court provided that "[n]o testimony obtained after April 5, 2025 will be used in any non-DAP case, including but not limited to any briefing, expert report(s) and/or trial." ECF No. 575, n.2. That the Court used very different

---

[5] Defendants disagree with this premise, because Class Plaintiffs (1) remain able to participate and ask questions in DAP and third-party depositions that take place after January 7, 2025, and (2) will have the opportunity to incorporate discovery taken after January 7, 2025 into their class certification expert rebuttal reports and responsive briefs, which are not due until April 4, 2025. *See* ECF No. 575.

Hon. John F. Docherty
December 20, 2024
Page 5

language in this Order shows clearly that the limitation in the Order related to—as stated—"class certification litigation," *not* to the use "in any non-DAP case."

*Third*, the Court's order allowed for all Plaintiffs and Defendants to continue to take third party depositions up to April 4, 2025. If Defendants' position is incorrect, then there would be no purpose for allowing Class Plaintiffs to continue to take third-party depositions during that time period. Under Plaintiffs' apparent interpretation, Class Plaintiffs would not be able to use such third-party deposition testimony for any purpose—class certification or otherwise.

Thus, Defendants seek clarification that the Paragraph 4 limitation prevents the use of the discovery in class certification motions practice and expert work, rather than more broadly any use in Class Plaintiffs' (non-DAP) cases.

\* \* \* \* \*

Defendants appreciate the Court's attention to these questions. While we regret the burden on the Court it presents, Defendants respectfully ask the Court to provide clarification as soon as possible, given that these points of difference are affecting in real-time the scheduling and taking of depositions over the next two-and-a-half weeks.

Sincerely,

*/s/ Holley C. M. Horrell*

Holley C. M. Horrell

HCMH/jo

**ATTACHMENT A**

## Holley C. M. Horrell

| | |
|---|---|
| **From:** | Holley C. M. Horrell |
| **Sent:** | Friday, December 20, 2024 11:36 AM |
| **To:** | Jennifer W. Sprengel |
| **Cc:** | Kevin Zhao; Daniel Herrera |
| **Subject:** | RE: In re Cattle - Scheduling Order |

Appreciate the confirmation on the first part. Can you please help us understand any rationales for not agreeing to Defendants' proposal? Happy to hop on a call if that is easier.

Thanks,
Holley

Holley C. M. Horrell
612.373.8394 *direct*

**From:** Jennifer W. Sprengel <JSprengel@caffertyclobes.com>
**Sent:** Friday, December 20, 2024 11:27 AM
**To:** Holley C. M. Horrell <HHorrell@greeneespel.com>
**Cc:** Kevin Zhao <KZhao@greeneespel.com>; Daniel Herrera <DHerrera@caffertyclobes.com>
**Subject:** Re: In re Cattle - Scheduling Order

Holley,
Correct—I have reached all plaintiffs groups and we are collectively not able to agree to your proposal. I am always willing to keep talking with you but I appreciate that you needed an answer.
I am not able to answer your second question.
Jen

> On Dec 20, 2024, at 11:08 AM, Holley C. M. Horrell <HHorrell@greeneespel.com> wrote:
>
>
> Jen,
>
> Thank you for letting me know. I want to confirm what I think you're saying, which is that you have been able to reach all Plaintiffs' groups and this is the response, as opposed to you are still working to confirm responses. Am I understanding right?
>
> Do any Plaintiffs' groups agree with Defendants' proposal?
>
> Thank you,
> Holley
>
>
> Holley C. M. Horrell
> 612.373.8394 *direct*

**From:** Jennifer W. Sprengel <JSprengel@caffertyclobes.com>
**Sent:** Friday, December 20, 2024 11:05 AM
**To:** Holley C. M. Horrell <HHorrell@greeneespel.com>
**Cc:** Kevin Zhao <KZhao@greeneespel.com>; Daniel Herrera <DHerrera@caffertyclobes.com>
**Subject:** Re: In re Cattle - Scheduling Order

Hi Holley,
While I was hopeful we'd be able to reach agreement on terms for a joint stipulation on this, I am not able to reach a consensus among Plaintiffs.
Jen

> On Dec 20, 2024, at 10:57 AM, Holley C. M. Horrell <HHorrell@greeneespel.com> wrote:
>
> Jen,
>
> Any updates? I'm sure you appreciate that in light of the 12/23 deadline that Defendants have proposed, a delayed response by Plaintiffs is challenging.
>
> Thank you,
> Holley
>
> Holley C. M. Horrell
> 612.373.8394 *direct*

**From:** Jennifer W. Sprengel <JSprengel@caffertyclobes.com>
**Sent:** Thursday, December 19, 2024 12:38 PM
**To:** Holley C. M. Horrell <HHorrell@greeneespel.com>
**Cc:** Kevin Zhao <KZhao@greeneespel.com>; Daniel Herrera <DHerrera@caffertyclobes.com>
**Subject:** Re: In re Cattle - Scheduling Order

Yes, I will get back to you today.

> On Dec 18, 2024, at 10:17 PM, Holley C. M. Horrell <HHorrell@greeneespel.com> wrote:
>
> Jen,

2

Would appreciate a response tomorrow.

Thank you,
Holley


Holley C. M. Horrell
612.373.8394 *direct*

---

**From:** Holley C. M. Horrell
**Sent:** Tuesday, December 17, 2024 8:26 PM
**To:** Jennifer W. Sprengel <JSprengel@caffertyclobes.com>
**Cc:** Kevin Zhao <KZhao@greeneespel.com>; Daniel Herrera <DHerrera@caffertyclobes.com>
**Subject:** RE: In re Cattle - Scheduling Order

Hi Jen,

Thanks to you and others for the call today. As promised, here's a recap of Defendants' proposal. In response to what appeared to be a desire from Plaintiffs for a date-certain approach, Defendants propose the following:

> For any deposition notices or subpoenas and any document subpoenas noticed by December 23, 2024, the discovery may be used for any purpose in any case in the MDL litigation, including the class certification litigation, even if the response deadline or deposition date occurs after January 7, 2025 but on or before April 4, 2025.  Written discovery that was timely served on a party may also be used for any purpose in any case in the MDL litigation, including the class certification litigation, even if the parties agree on a case-by-case basis to extend the response deadlines past January 7, 2025 *[for example, the parties' mutual extensions on RFAs]*.

> [*In response to Kyle's question/comments on the call:*] For clarity, the parties agree that document subpoenas that have already been served, or that are served by December 23, 2024, may be responded to after January 7, 2025, with a production deadline of no later than April 4, 2025.

> All parties reserve their rights to object to noticed or served discovery on grounds other than timeliness. [*We are open to other language here; the idea is simply to acknowledge that just because a subpoena was noticed doesn't mean all parties agree it is proper, and this stipulation only addresses the timing.*]

> [*In response to Class Plaintiffs' note on #2:*] With regard to the discovery motions practice, the deadline for non-dispositive motions set forth in the Scheduling Order at 20cv1319, ECF 571,

applies, and any discovery ordered pursuant to such a timely discovery motion may be used for any purpose in the MDL litigation, including the class certification litigation.

Last, subject to reaching agreement on this overall proposal, Defendants are in agreement with the doc production timing and deposition scheduling discussed below with respect to Indirect Seller Plaintiffs.

Please let us know if Plaintiffs agree.

Thanks,
Holley

Holley C. M. Horrell
612.373.8394 *direct*

---

**From:** Jennifer W. Sprengel <JSprengel@caffertyclobes.com>
**Sent:** Tuesday, December 17, 2024 10:16 AM
**To:** Holley C. M. Horrell <HHorrell@greeneespel.com>
**Cc:** Kevin Zhao <KZhao@greeneespel.com>; Daniel Herrera <DHerrera@caffertyclobes.com>
**Subject:** Re: In re Cattle - Scheduling Order

Hi Holley
Would 3:30 today work? Tomorrow is full for most. So if not today, I can canvass for Thursday and Friday times.

> On Dec 16, 2024, at 5:12 PM, Holley C. M. Horrell <HHorrell@greeneespel.com> wrote:
>
> Thank you. Would you be able to canvass your side for some potential times to discuss tomorrow afternoon or Wednesday morning? I am not sure yet when will work for Defendants but appreciate that it can take some time to coordinate timing on your end.
>
> Thanks,
> Holley
>
> Holley C. M. Horrell
> 612.373.8394 *direct*

---

**From:** Jennifer W. Sprengel <JSprengel@caffertyclobes.com>
**Sent:** Monday, December 16, 2024 4:27 PM

4

**To:** Holley C. M. Horrell <[HHorrell@greeneespel.com](mailto:HHorrell@greeneespel.com)>
**Cc:** Kevin Zhao <[KZhao@greeneespel.com](mailto:KZhao@greeneespel.com)>; Daniel Herrera <[DHerrera@caffertyclobes.com](mailto:DHerrera@caffertyclobes.com)>
**Subject:** Re: In re Cattle - Scheduling Order

Thanks. I know everyone is incredibly busy right now so understand we will speak when folks come up for air.

On Dec 16, 2024, at 4:24 PM, Holley C. M. Horrell <[HHorrell@greeneespel.com](mailto:HHorrell@greeneespel.com)> wrote:

Jen, confirming receipt. We'll get back to you as soon as we can.

Thanks,
Holley

Holley C. M. Horrell
612.373.8394 *direct*

**From:** Jennifer W. Sprengel <[JSprengel@caffertyclobes.com](mailto:JSprengel@caffertyclobes.com)>
**Sent:** Monday, December 16, 2024 3:44 PM
**To:** Kevin Zhao <[KZhao@greeneespel.com](mailto:KZhao@greeneespel.com)>
**Cc:** Daniel Herrera <[DHerrera@caffertyclobes.com](mailto:DHerrera@caffertyclobes.com)>; Holley C. M. Horrell <[HHorrell@greeneespel.com](mailto:HHorrell@greeneespel.com)>
**Subject:** RE: In re Cattle - Scheduling Order

Hi Kevin,
I just left you a voicemail with a little more background to go along with this email, but the following verbiage in red reflects the collective responses from plaintiffs:

1. The parties have already agreed, on a case-by-case basis, to schedule certain depositions for after January

7, 2025.  Deposition and written discovery deadlines that were~~, or might in the future be,~~ extended beyond January 7 by agreement of the Parties prior to December 13, 2024 (rather than by Court Order) may be used for any purpose in the litigation, including the class certification litigation. Party depositions (excluding those of Feeder Cattle Plaintiffs and their representatives, which are dealt with by the paragraphs below, and DAP Plaintiffs and their representatives), which the parties subsequently agree to, on a case-by-case basis, to schedule after January 7, 2025, may be used for any purpose in the litigation, including the class certification litigation.  Non-party depositions noticed on or before December 13, 2024 (including former employees of parties whose depositions were noticed on or prior to that date, but whom the party ultimately does not present) may be used for any purpose in the litigation, including the class certification litigation. The deadline for the production of documents from non-party subpoenas noticed on or before December 13, 2024 is April 4, 2025, and those documents may be used for any purpose in the litigation, including the class certification litigation.

2.   Any additional discovery permitted following timely discovery motions, including the two pending discovery motions, may be used for any purpose in the litigation. Class Plaintiffs do not agree with paragraph 2. DAPs do not agree that defendants' motion for assignor discovery was timely, but agree that any additional discovery permitted based on that motion may be used for any purpose in the DAP litigation.

3.   The Court's limitation on the use of discovery conducted after January 7 "in the class certification litigation" applies to the use of fact discovery in the parties' briefing and argument concerning whether the putative classes should be certified. It does not restrict the use of fact discovery obtained after January 7 in the merits phase of any litigation in the MDL. Plaintiffs do not agree.

Further, we would like the Court to modify the Order as to the Indirect Seller Case, given that discovery in that case only commenced this fall and document production is still ongoing. We propose the following:

4.   Indirect Seller Plaintiffs shall complete document production on or before December 31, 2024. Defendants shall complete document production by February 1, 2024; these

documents may be used for any purpose as to the Indirect Seller Case, including class certification litigation, notwithstanding each Party reserves all rights to object to document use on other grounds.

5. Indirect Seller Plaintiffs shall make the named plaintiffs available for depositions by January 17, 2025, and those depositions may be used for any purpose as to the Indirect Seller Case, including class certification litigation as to the Indirect Seller Case. Feeders agree to paragraph 5, with the understanding that the holidays are coming up, so Defendants must be flexible in scheduling.

6. Depositions of third parties disclosed by the Indirect Sellers that are taken on or before January 23, 2025, may be used for any purpose as to the Indirect Seller Case, including class certification litigation as to the Indirect Seller Case. Documents produced by third parties disclosed by Indirect Sellers who were noticed and served before December 13 may be used for any purpose as to the Indirect Seller Case, including class certification litigation, as to the Indirect Seller Case.

---

**From:** Kevin Zhao
<KZhao@greeneespel.com>

**Sent:** Friday, December 13, 2024 2:14 PM
**To:** Jennifer W. Sprengel
<JSprengel@caffertyclobes.com>
**Cc:** Daniel Herrera
<DHerrera@caffertyclobes.com>;
Holley C. M. Horrell
<HHorrell@greeneespel.com>
**Subject:** RE: In re Cattle - Scheduling Order

Thanks. Appreciate it.

X. Kevin Zhao
Partner
612.373.8336 *phone*

**GREENE ESPEL PLLP**   222 South Ninth
Street, Suite 2200, Minneapolis, MN
55402-3362
612.373.0830 *phone*   612.373.0929
*fax*   www.greeneespel.com

**From:** Jennifer W. Sprengel
<JSprengel@caffertyclobes.com>
**Sent:** Friday, December 13, 2024 2:12 PM
**To:** Kevin Zhao
<KZhao@greeneespel.com>
**Cc:** Daniel Herrera
<DHerrera@caffertyclobes.com>;
Holley C. M. Horrell
<HHorrell@greeneespel.com>
**Subject:** Re: In re Cattle - Scheduling Order

Hi Kevin,
I am still working to get a coordinated response from all the groups for you. I should be able to get back to you with a collective response on Monday.
Thanks,
Jennifer

> On Dec 11, 2024, at 4:45 PM, Jennifer W. Sprengel <JSprengel@caffertyclobes.com> wrote:

9

Thank Kevin. We will be in touch as quickly as possible.

On Dec 11, 2024, at 4:37 PM, Kevin Zhao <[KZhao@greeneespel.com](mailto:KZhao@greeneespel.com)> wrote:

Also, if you need more time, Friday would be fine too. As always, thanks for coordinating for your side.

X. Kevin Zhao

Partner

612.373.8336 *phone*

**GREENE ESPEL PLLP**

222

South Ninth Street, Suite 2200, Minneapolis, MN 55402-3362 612.373.0830 *phone* 612.373.0929 *fax* [www.greeneespel.com](http://www.greeneespel.com)

---

**From:** Kevin Zhao
**Sent:** Wednesday, December 11, 2024 4:03 PM
**To:** Jennifer W. Sprengel <[JSprengel@caffertyclobes.com](mailto:JSprengel@caffertyclobes.com)>
**Cc:** Daniel Herrera <[dherrera@caffertyclobes.com](mailto:dherrera@caffertyclobes.com)>; Holley C. M. Horrell

<[HHorrell@greeneespel.com](mailto:HHorrell@greeneespel.com)>
**Subject**: In re Cattle - Scheduling Order

Hi Jennifer,

Defendants have a few questions about the Court's Order [ECF No. 1026] concerning the Discovery Schedule.  Before we raise them with the Court, we want to see if we can align with Plaintif

fs on the following:

1. The parties have already agreed, on a case-by-case

basis, to schedule certain depositions for after Januar

y
7
,
2
0
2
5
.

D
e
p
o
s
i
t
i
o
n
a
n
d
w
r
i
t
t
e
n
d
i
s
c
o
v
e
r
y
d
e
a
d
l
i
n
e
s
t

hat were, or might in the future be, extended beyond Janua

ry7 by agreement of the Parties (rather than by Court Orde

r
)
m
a
y
b
e
u
s
e
d
f
o
r
a
n
y
p
u
r
p
o
s
e
i
n
t
h
e
l
i
t
i
g
a
t
i
o
n
,
i
n
c
l
u
d
i
n

g the class certification litigation.

2. Any additional d

iscovery permitted following timely discovery motions

, including the two pending discovery motions, may be use

d
f
o
r
a
n
y
p
u
r
p
o
s
e
i
n
t
h
e
l
i
t
i
g
a
t
i
o
n
.

3. T
h
e
C
o
u
r
t
,
s
l
i
m
i
t
a
t

i
o
n
o
n
t
h
e
u
s
e
o
f
d
i
s
c
o
v
e
r
y
c
o
n
d
u
c
t
e
d
a
f
t
e
r
J
a
n
u
a
r
y
7
"
i
n
t

he class certification litigation" applies to the use of

fact discovery in the parties' briefing and argument con

cerning whether the putative class should be certifie

d. It does not restrict the use of fact discovery obtained

27

after January 7 in the merits phase of any litigation in th

e
M
D
L
.

Further, we would like the Court to modify the Order as to the Indirect Seller Case, given that discovery in that case only commenced this fall and document production is still ongoing. We propose the following:

4. Indir

ect Seller Plaintiffs shall complete document producti

on or before December 24, 2024.

5. Indirect Seller Plain

tiffs shall make the named plaintiffs available for depo

sitions by January 17, 2025, and those depositions may be

used for any purpose, including class certification lit

igation as to the Indirect Seller Case.

6. Depositions of t

hird parties disclosed by the Indirect Sellers that are t

a
k
e
n
o
n
o
r
b
e
f
o
r
e
J
a
n
u
a
r
y
2
3
,
2
0
2
5
,
m
a
y
b
e
u
s
e
d
f
o
r
a
n
y
p
u
r
p

ose, including class certification litigation as to the

Indirect Seller Case.

Please let us know by close of business tomorrow, Dec. 12, if Plaintiffs agree on the above. If we are in agreement, we're happy to draft a stipulation and

proposed order for your review. If we're not in agreement, Defendants will seek clarification/modification from the Court.

Thanks, Kevin

X. Kevin Zhao
Partner
612.373.8336 *phone*
kzhao@greeneespel.com

**GREENE ESPEL PLLP**
222 South Ninth Street, Suite 2200, Minneapolis,

MN 55402-3362 612.373.0830 *phone* 612.373.0929 *fax* [www.greeneespel.com](www.greeneespel.com)

IMPORTANT: This electronic message contains information from Greene Espel P.L.L.P. or its attorneys that is presumptively confidential and, if sent to clients or co-counsel, may be privileged or otherwise protected from disclosure. The unauthorized use, distribution, or re-transmission of

any part of this message by an unintended recipient is strictly prohibited and may be a violation of law.  If you are not the intended recipient of this e-mail, please contact the sender immediately and delete all copies.