

**VIA ELECTRONIC FILING**               Jennifer W. Sprengel | jsprengel@caffertyclobes.com

December 22, 2024

Honorable John F. Docherty
United States Magistrate Judge
United States District Court, District of Minnesota

    Re: *In re Cattle and Beef Antitrust Litigation*, 22-MD-03031 (D. Minn.) (All Cases)

Dear Judge Docherty:

    Plaintiffs write in response to Defendants' December 20, 2024 letter to Your Honor. Plaintiffs view this matter more simply than set forth in Defendants' letter. While Defendants would prefer this Court to grant a blanket exception to its December 10 Order for all discovery noticed by December 23, 2024, Plaintiffs do not believe Court intervention is required at this time.[1]

    The parties have been negotiating and agreeing to extensions of certain dates in order to accommodate witnesses and third parties whose depositions or document productions could not be completed prior to January 7, 2025 with the *mutual understanding* that these agreed to extensions would not prevent either party from using evidence gleaned from these particular depositions or productions in class certification proceedings. Likewise, the parties negotiated mutual extensions of the due date for responses to recently served requests for admissions and interrogatories beyond January 7 with the explicit understanding that those responses may be used in class certification proceedings.

---

[1] Plaintiffs also disagree that the "clarifications" Defendants seek are in fact "clarifications" of the Court's Order. Rather, Defendants are asking the Court to reconsider and amend its December 10, 2024 Order so Defendants can continue to issue non-party discovery to contest Plaintiffs' class certification motions even though they have no intent to complete such discovery prior to January 7, 2025, having asked Plaintiffs to agree to reschedule multiple depositions of Defendant witnesses noticed for dates prior to January 7, 2025. After hearing argument, the Court agreed with Plaintiffs that there should be a cut-off for discovery that may be used to oppose Plaintiffs' class certification motions, which were filed over three months ago. Defendants already benefited from the Court's November 19, 2024 Order (ECF No. 980) to hold in abeyance the deadline to serve non-party discovery, and should not now be permitted to serve additional non-party discovery two-weeks prior to January 7, 2025.

Following the Court's December 10, 2024 Order, all of the parties discussed the possibility of a stipulation regarding the Order, and while Plaintiffs disagree with certain characterizations of those discussions as set forth in Defendants' letter, Plaintiffs do not believe a discussion of the parties' differences of opinion regarding what transpired is pertinent to the Court's consideration of this matter.

Rather, Plaintiffs believe the point is straightforward: to date the parties have agreed to certain dates for discovery post the January 7, 2025 cut off in order to accommodate schedules, and have agreed that this limited extended discovery may be used in class certification proceedings. A blanket one-size-fits all approach Defendants suggest – *i.e.*, all discovery served or noticed on or before December 23, 2024 – is not appropriate. Whether a deposition noticed in November or early December 2024 should be used by the parties in connection with Plaintiffs' September 2024 class certification motions is distinct from whether depositions noticed this Friday, or this coming Monday — a mere two weeks from the January 7, 2025 cut-off — should be used in resolving Class Plaintiffs' class certification motions.[2]

Accordingly, Plaintiffs respectfully suggest that the Court's intervention is not required at this time and that the parties should continue to address the issue on a case-by-case basis.[3]

---

[2] Plaintiffs do not understand Defendants to be asking the Court to override footnote 2 of the Second Order Amending Case Schedule, which was agreed to by the parties and states, "No testimony obtained after April 5, 2025 will be used in any non-DAP case, including but not limited to any briefing, expert report(s) and/or trial." (ECF No. 575 n.2).

[3] No dispute exists as to whether paragraph 4 of the Court's Order applies to discovery ordered pursuant to a timely discovery motion. *Cf.* ECF No. 1054 at 4. Plaintiffs agree that the deadline for any such motion remains that set out in Case No. 20-cv-1319, ECF No. 571, and that such discovery permitted by the Court can be used for all purposes. And no dispute exists as to the definition of "Class Certification Litigation" in paragraph 4 of the Court's Order. Plaintiffs agree that the Court was referring to litigation over Class Plaintiffs' motions for class certification, including class expert reports and related motions. *Cf.* ECF No. 1054 at 4-5. Defendants apparently misunderstood my December 16, 2024 email, by which Plaintiffs were rejecting paragraph three of Defendants' proposed clarification of the Order because it would change other aspects of the Court's December 10, 2025 Order and prior scheduling Orders which limited the use of certain discovery taken after January 7, 2025 in Class Plaintiffs' actions. Subject to those pre-existing limitations (*e.g.*, no testimony taken after April 4, 2025 will be used in any non-DAP case, ECF No. 572 n. 2), Plaintiffs understand that testimony taken of non-parties on or prior to April 4, 2025, and party discovery which takes place after January 7 but before April 4, 2025, by agreement, can be used in the merits phase of Class Plaintiffs' suits.

Respectfully Submitted,

Jennifer W. Sprengel