UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>Case No. 21-cv-1751 (JRT/JFD),<br><br>*Winn Dixie, Inc. & Bi-Lo Holding, LLC vs. Cargill, Inc., et al.* | Case No. 22-md-3031 (JRT/JFD)<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SUBSTITUTE PARTY** |

Pursuant to Rules 17(a)(3) and 25 of the Federal Rules of Civil Procedure, Plaintiffs Winn Dixie, Inc. and Bi-Lo Holding, LLC (collectively, the "Winn-Dixie Plaintiffs" or "Plaintiffs"), by and through their undersigned counsel, move this Court to substitute Bi-Lo LLC for Plaintiff Bi-Lo Holding LLC, for the reasons stated below.

**BACKGROUND**

Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC filed this action on August 2, 2021. (Dkt. #1, in 21-cv-1751, D. Minn.) In connection with the filing of this lawsuit, Plaintiffs disclosed that they had received an assignment from C&S Wholesale Grocers, Inc. ("C&S") for all antitrust and similar causes of action arising out of their purchases of beef through C&S and related to the allegations contained

1

in this litigation. See Paragraphs 30 and 31 of Complaint. On January 8, 2022, Plaintiffs sent the C&S assignment by email to defense counsel.

After the deposition of the Rule 30(b)(6) witness for Plaintiff Winn-Dixie Stores, Inc. (who was also offered by Plaintiffs to testify on behalf of Plaintiff Bi-Lo Holding LLC and in response to the Rule 30(b)(6) deposition notice directed to Bi-Lo Holding LLC), on or about October 7, 2024, Defendants raised for the first time that neither Plaintiff may be the correct real party in interest because Defendants contend that the assignment from C&S was made to Bi-Lo LLC, a related entity, and not to either Winn-Dixie Stores, Inc. or Bi-Lo Holding LLC.

Bi-Lo LLC is defined under the assignment to include Bi-Lo Holding LLC and Winn-Dixie Stores, Inc. Bi-Lo Holding LLC is the holding company for Bi-Lo LLC, which in turns owns Winn-Dixie Stores, Inc. The assignment also provides that (1) Bi-Lo LLC is doing business as Southeastern Grocers (SEG)(introductory paragraph), and (2) SEG includes without limitation Winn-Dixie Stories, Inc. and Bi-Lo Holding LLC. As to (2), in Paragraph 1, the assignment provides:

> The reference to SEG refers to, without limitation, BI-LO, LLC dba Southeastern Grocers, Bi-Lo Holding LLC, and Winn-Dixie Stores, Inc., together with all of its and their subsidiaries, affiliates whom it and they control, divisions, banners, predecessors, acquisitions, successors and assigns.

In Paragraph 3(a), the assignment further provides that the claims being assigned arise out of or relate to purchases of the Disputed Products that C&S sold to SEG,

2

which, based on the paragraph above, includes Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC. Paragraph 3(a) (defining Antitrust Claims as "***arising out of or relating to C&S's purchase of Disputed Products from any of the Defendants that C&S sold to SEG during the Relevant Time Period***"). Thus, based on its plain language, the assignment includes and covers purchases made by Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC through C&S.

Moreover, agreements have been produced in this litigation by Plaintiffs between Winn-Dixie Stores, Inc. or Bi-Lo LLC with various Defendants for the supply of beef.

Counsel for Plaintiffs and Defendants met and conferred several times regarding the issues and facts above. As a result of those meet and confer sessions, while Plaintiffs believe that the assignment from C&S adequately covers Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC, Plaintiffs offered to address Defendants' real party in interest argument by, pursuant to Rule 17(a)(3) and Rule 25 of the Federal Rules of Civil Procedure, (1) substituting Bi-Lo LLC for Bi-Lo Holding LLC, and (2) having Bi-Lo LLC ratify this action brought by Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC. In response, counsel for Defendants stated: "Please proceed as you propose." Email from Jacob Bylund to Patrick Ahern, November 15, 2024.

In addition, counsel for Defendants has suggested that, in addition to Plaintiffs' substitution of Bi-Lo LLC for Bi-Lo Holding LLC, Plaintiffs also stipulate on behalf of Bi-Lo LLC that it adopts the testimony of Mr. Thurlow as its testimony for purposes of the Rule 30(b)(6) notice served on Bi-Lo Holding LLC. Therefore, Plaintiffs and Defendants agreed to a stipulation filed on December 24 2024, as to the following:

1. Bi-Lo LLC, once substituted for Bi-Lo Holding LLC, hereby adopts the testimony of Frank Thurlow provided on July 26, 2024 (in response to the Rule 30(b)(6) deposition notice served on Winn-Dixie Stores Inc., and given as Winn-Dixie Stores, Inc.'s Rule 30(b)(6) designee).

2. In return for this stipulation, Defendants agree to forgo a separate Rule 30(b)(6) deposition of Bi-Lo Holding LLC and/or Bi-Lo LLC.

Dkt. 1057, in 22-md-3031.

Furthermore, pursuant to Rule 17(a)(3), by its undersigned counsel, Bi-Lo LLC hereby ratifies this action brought by Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC, including without limitation the Complaint, Amended Complaint and DAP Consolidated Amended Complaint and all discovery responses and disclosures submitted by them.  Specifically, Bi-Lo LLC authorizes the continuation of this action by Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holding LLC, and Bi-Lo

LLC agrees to be bound by the outcome or result of this action. *See Icon Group, Inc. v. Mahogany Run Dev. Corp.*, 829 F.2d 473, 478 (3d Cir. 1987).

**ARGUMENT**

Based on the above facts, Plaintiffs now bring this Motion to substitute Bi-Lo LLC for Bi-Lo Holding LLC pursuant to Rules 17(a)(3) and 25. Rule 17(a)(3) provides as follows:

> (3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

F.R.C.P. 17(a)(3). Based on the plain language of Rule 17(a)(3), Defendants' recent objection to Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC not being the proper real parties in interest, the alleged real party in interest under the C&S assignment, Bi-Lo LLC, is allowed a reasonable time to ratify, join or be substituted into the action. After such ratification (set forth above), joining or substitution, the original action filed by Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC proceeds as if it had been originally commenced by Bi-Lo LLC. Id.

Thus, based on the plain language of Rule 17(a)(3), Plaintiffs and Bi-Lo LLC move this Court for an order substituting Bi-Lo LLC for Plaintiff Bi-Lo Holding LLC, recognizing Bi-Lo LLC's ratification of the action filed and hereto date

prosecuted by Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC, and finding that that action proceeds as if originally commenced by Bi-Lo LLC.

In addition, substituting Bi-Lo LLC for Bi-Lo Holding LLC, is proper because it will have no meaningful impact on the litigation, will not prejudice Defendants, avoids the injustice of dismissing claims before proceeding to the merits, and was not the result of bad faith. The Court should therefore grant Plaintiffs' motion.

Substitution or joinder of the real party in interest should be freely granted when it is not the product of bad faith, does not alter the substance of the claims or allegations, and will not cause meaningful delay. *Breaker v. United States*, 977 F.Supp. 2d 921, 933 (D. Minn. 2013). Rule 17(a)(3) gives plaintiffs a reasonable time, after objection, to substitute the real party in interest before the case may be dismissed. Fed. R. Civ. P. 17(a)(3). The Advisory Committee Notes to Rule 17 explain the joinder provision further:

> The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice.

*Id.* at Advisory Committee Notes to 1966 Amendment. Courts look to various factors to determine whether to permit joinder of a real party in interest, including "whether the plaintiff engaged in deliberate tactical maneuvering, and whether the defendant

would be prejudiced by a substitution." *Breaker*, 977 F. Supp. 2d at 933 (D. Minn. 2013) (citing *Esposito v. United States*, 368 F.3d 1271, 1278 (10th Cir. 2004). Importantly, "relief under Rule 17(a) 'should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.'" *Id.* (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)).

Substitution of Bi-Lo LLC for Bi-Lo Holding LLC is not a deliberate tactical maneuver to delay this litigation, prejudice defendants, or otherwise benefit Plaintiffs' position in this litigation. As detailed above, Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC had a good faith belief that they were the proper real parties in interest according to the plain language of the assignment from C&S Wholesale Grocers, Inc.

Indeed, joining or substituting Bi-Lo LLC is akin to correcting a scrivener's error. Plaintiffs' claims and allegations will not change. Only one of Plaintiffs' names will change—slightly. Further, substitution will neither cause meaningful delay nor prejudice Defendants. In fact, Plaintiffs and Defendants have already stipulated that, upon Bi-Lo LLC being allowed by this Court to substitute for Bi-Lo Holding LLC, the Rule 30(b)(6) testimony offered by Plaintiff Winn-Dixie Stores, Inc. will be adopted by Bi-Lo LLC as its own Rule 30(b)(6) testimony, and

7

Defendants will not seek an additional Rule 30(b)(6) deposition of Bi-Lo LLC or Bi-Lo Holding LLC. Dkt. 1057.

Furthermore, substituting Bi-Lo LLC for Bi-Lo Holding LLC is beneficial to all parties because it (1) protects Defendants from a subsequent action by the corporation, and (2) avoids the injustice of dismissing claims without proceeding to the merits. *Breaker*, 977 F. Supp. 2d at 934. Accordingly, the Court should substitute Bi-Lo LLC for Bi-Lo Holding LLC as one of the named Plaintiffs in this litigation.

Finally, Defendants do not object this Motion.[1] See Meet and Confer Statement, filed herewith.

**CONCLUSION**

Substituting Bi-Lo LLC for Bi-Lo Holding LLC will not change the substance of the allegations, prejudice Defendants, or delay the litigation. Instead, it will promptly address Defendants' objection and ensure the claims are adjudicated on their merits, thereby protecting both Plaintiffs' and Defendants' interests. Therefore,

---

[1] In light of Defendants' non-opposition, Plaintiffs do not seek any action or ruling on whether Defendants waived their objection under Rule 17(a)(3). *See e.g., Chicago & Northwestern Transp. Co. v. Negus-Sweenie, Inc.*, 549 F.2d 47, 50 (8th Cir. 1977)(an objection on real party in interest grounds "should be raised with 'reasonable promptness' om the trial court proceedings. If not raised in a timely or seasonable fashion, the general rule is that the objection is deemed waived"); *see also Sun Refining & Marketing Co. v. Goldstein Oil Co.*, 801 F.2d 343, 345 (8th Cir. 1986); *United HealthCare Corp. v. American Trade Ins. Co.,* 88 F.3d 563, 569 (8th Cir. 1996). Defendants waived any argument under Rule 17 by failing to raise it within a reasonable time from when they knew of the facts allegedly supporting that argument, which is when Plaintiffs produced the assignment on January 8, 2022, over 2½ years ago.

the Court should grant Plaintiffs' unopposed motion to substitute Bi-Lo LLC for Bi-Lo Holding LLC as one of the named Plaintiffs in this action. In the alternative, Plaintiffs request that Bi-Lo LLC be joined as a party in this litigation.

Dated: January 2, 2025                                  Respectfully Submitted,

    */s/ Patrick J. Ahern*
Patrick J. Ahern
**AHERN & ASSOCIATES, P.C.**
8 South Michigan Ave
Suite 3700
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernassociatespc.com

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC*