

**SpencerFane**

Donald G. Heeman
Direct Dial: 612-268-7005
dheeman@spencerfane.com

May 22, 2025

<u>Via CM/ECF</u>

The Honorable John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Cattle and Beef Antitrust Litigation*, Case No. 22-md-03031 (JRT/JFD)

Dear Judge Tunheim:

    Defendants write to request permission to file a sur-reply brief of 6,000 words or less in further opposition to the Indirect Sellers' certification motion, Dkt. 882. Defendants do not request a sur-reply brief in any of the other five class actions. With Court approval, Defendants are prepared to file the sur-reply brief as early as June 6, alongside our *Daubert* reply briefs. Thus, this request will not impact the schedule. Of all the cases, a sur-reply is needed here because Indirect Sellers present completely new arguments and evidence in their reply brief—even sometimes contradicting the representations and assertions from their opening brief:

- Rather than relying on "information and belief" allegations as in their opening brief, Indirect Sellers for the first time in reply cite supposed documentary evidence that the named plaintiffs engaged in class-qualifying transactions.

- Rather than planning to use "affidavits" to identify class members, Indirect Sellers for the first time on reply suggest that establishing all the requirements of this complex class definition can be handled at trial by matching up "relevant records" from different parties.

- Rather than standing by Macartney's original "headcount" of qualifying transactions, Macartney presented a new rebuttal report that makes *$472 million* in downward adjustments. Indirect Sellers in reply use Macartney's supposed ability to make those corrections as evidence that common issues will predominate.

- Rather than asserting "pass-through" as Indirect Sellers, the so-called "Feeder Cattle Plaintiffs" now say the "impact of Defendants' conduct is not passed on," but instead injury came when "price signals" were "felt across concurrently operating [] markets." For the first time in reply, they argue this immunizes them from *Illinois Brick*.

- Rather than responding to Defendants' arguments that the benefits Indirect Sellers realized when *they* purchased cattle at lower prices defeats predominance, for the first time in reply

SPENCER FANE LLP | 100 SOUTH FIFTH STREET, SUITE 2500, MINNEAPOLIS, MN 55402 | 612.268.7000 | FAX 612.268.7001 | spencerfane.com

May 22, 2025
Page 2



        Indirect Sellers argue that Defendants are barred by the "law of the case" from trying to prevent windfall damages awards.

        Defendants request to be heard on these central and entirely new arguments. For example, Defendants should be given an opportunity to show that Indirect Sellers' new "evidence" only confirms there is *no proof* that *any* named plaintiff engaged in a *single* class-qualifying transaction. Providing Defendants with an opportunity to respond to these new arguments and evidence is especially important given that they do not only impact certification but—particularly if Indirect Sellers' new "law of the case" argument were accepted—could unfairly impact evidentiary issues at trial.

        Defendants conferred with Indirect Sellers concerning this request, which they oppose in full. With respect to the named-plaintiff standing issue only, they claimed the new evidence they relied on came from "belatedly produced third-party records." Dkt. 1240 (Cert. Reply) at 13. However, four of the five exhibits newly relied upon in reply in connection with the named-plaintiff issue (Exhibits 107, 109, 110, 111) were either duplicates of records that plaintiffs produced, or were plaintiff-created summaries of data Defendants produced long ago. As for the final document, Exhibit 108, that was produced by a third party after Indirect Sellers' opening brief was filed. While that may explain why that exhibit only appeared in Indirect Sellers' reply brief, it does not follow that Defendants should be denied the opportunity to respond. Rather, Indirect Seller's use of the document counsels *in favor* of affording such an opportunity to Defendants. And, in any event, this "belatedly produced" excuse applies to only one document, relevant to just one issue above.

        Accordingly, Defendants respectfully request the Court's leave to file a sur-reply of no more than 6,000 words, limited to responding to the new issues discussed herein. To put that number in perspective, the various class plaintiffs in this MDL collectively filed thousands of *pages* of material in April. Yet, this is the only request Defendants expect to make with respect to their June 6 filings. Also of note, across all the class cases, Defendants' opposition papers were 10,784 words under the Court's granted allotment. Thus, even if this request is granted, Defendants will have used fewer words overall than the Court already approved. Both in relation to the new issues raised, and in the greater context of this MDL, Defendants' request is modest.

        During conferral, Indirect Sellers expressed concern that, as the party with the burden on class certification, they should get the last word. Defendants do not oppose a short and timely sur-response, but believe any sur-response should be limited to 2,000 words, and be filed by June 20, in order to bring the class certification briefing to a timely close.

May 22, 2025
Page 3

By:   */s/ Donald G. Heeman*

| | |
|---|---|
| Donald G. Heeman, Reg. No. 0286023<br>Randi J. Winter, Reg. No. 0391354<br>Luke J. Wolf, Reg. No. 0399986<br>**SPENCER FANE**<br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN 55402<br>Tel.: (612) 268-7000<br>dheeman@spencerfane.com<br>rwinter@spencerfane.com<br>lwolf@spencerfane.com<br><br>William F. Hargens (*pro hac vice*)<br>Patrick E. Brookhouser, Jr. (*pro hac vice*)<br>**MCGRATH NORTH MULLIN & KRATZ, PC LLO**<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, NE 68102<br>Tel: (402) 341-3070<br>whargens@mcgrathnorth.com<br>pbrookhouser@mcgrathnorth.com | Sami H. Rashid (*pro hac vice*)<br>Kevin A. Janus (*pro hac vice*)<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>295 Fifth Avenue<br>New York, NY 10016<br>Tel.: (212) 849-7000<br>samirashid@quinnemanuel.com<br>kevinjanus@quinnemanuel.com<br><br>Michael D. Bonanno (*pro hac vice*)<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 538-8000<br>mikebonanno@quinnemanuel.com<br><br>Jeremy D. Andersen (*pro hac vice*)<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3685<br>jeremyandersen@quinnemanuel.com |

*On Behalf of All Defendants*