UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION | MDL No. 22-3031 (JRT/JFD) |
| *This Document Relates To:* <br><br> IN RE CATTLE ANTITRUST LITIGATION, Civil No. 19-1222 (JRT/JFD) | **ORDER GRANTING CATTLE PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CATTLE-JBS SETTLEMENT** |

Ranchers Cattlemen Action Legal Fund United Stockgrowers of America, Farmers Educational and Cooperative Union of America, Weinreis Brothers Partnership, Minatare Feedlot, Inc., Charles Weinreis, Eric Nelson, James Jensen d/b/a Lucky 7 Angus, and Richard Chambers as trustee of the Richard C. Chambers Living Trust ("Cattle Plaintiffs") in the above-captioned action (the "Action"), on behalf of themselves and the Settlement Classes (as defined below), and defendants JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc., and JBS S.A. ("JBS," and together with Cattle Plaintiffs, the "Parties"), have entered into a Stipulation and Agreement of Settlement, dated January 17, 2025 (the "Stipulation"), which, together with the exhibits annexed and Supplemental Agreement thereto, sets forth the terms and conditions for the resolution, discharge, release, settlement, and dismissal of the Action as to JBS.

On February 20, 2025, the Court granted Cattle Plaintiffs' Unopposed Motion for an Order: (i) granting preliminary approval of the Cattle-JBS Settlement[1] and Plan of Allocation; (ii) provisionally certifying the Settlement Classes and appointing Cattle Plaintiffs as representatives of the Settlement Classes and Co-Lead Counsel as settlement class counsel; (iii) appointing Angeion Group LLC ("Angeion") as Claims Administrator and Huntington Bank as Escrow Agent; (iv) approving the forms and manner of notice to the Settlement Classes; and (v) scheduling a Fairness Hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Cattle-JBS Settlement.

The Court held a Fairness Hearing on August 15, 2025 at which the Court heard argument on whether the Cattle-JBS Settlement should be finally approved.

**IT IS HEREBY ORDERED** that the Cattle Plaintiffs' Motion for Final Approval of the Cattle-JBS Settlement [Docket No. 1390] is **GRANTED** as follows:

1. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Cattle-JBS Settlement only, the Action is hereby finally certified as a class action on behalf of the classes (the "Settlement Classes") consisting of:

    (i) the "Producer Class": all persons or entities within the United States that directly sold to a Defendant one or more fed cattle for slaughter from June 1,

---

[1] Unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation.

2015 to February 29, 2020, other than pursuant to a Cost-Plus Agreement[2] and/or a Profit Sharing Agreement[3]; and

(ii) the "Exchange Class": all persons or entities who held a long position in Live Cattle Futures traded on the Chicago Mercantile Exchange prior to June 1, 2015, and subsequently liquidated the long position through an offsetting market transaction at any point prior to November 1, 2016.

2. Excluded from the Settlement Classes are Defendants, their parent companies, subsidiaries, any entity in which any Defendant has a controlling interest, affiliates, officers, directors, employees, assigns, successors, agents, legal representatives, heirs, or co-conspirators; the Court, court staff, defense counsel, jurors, all respective immediate family members of these excluded entities, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities, and local governmental entities and instrumentalities. The Producer Class excludes, for the avoidance of doubt, lots of fed cattle harvested by Defendants: (a) in which Defendants, their subsidiaries, and/or

---

[2] "Cost Plus Agreement" means an agreement to purchase fed cattle at a price determined, in all or in part, by applying an agreed mark-up to an accounting of costs incurred by the fed cattle seller in providing finished fed cattle.

[3] "Profit Sharing Agreement" means an agreement to supply fed cattle to a Defendant pursuant to which the Defendant: (a) financed all or part of the costs incurred by the seller in connection with the seller's purchase of unfinished cattle and/or the seller's efforts to finish unfinished cattle to slaughter weight (*e.g.*, feed); and/or (b) agreed to share certain profits or losses of either the seller and/or the Defendant in relation to the cattle to be supplied.

affiliates had a full or partial ownership interest; and/or (b) was finished at a feedlot owned by the Defendant, their subsidiaries, and/or affiliates. Also excluded from the Settlement Classes are any Persons that exclude themselves by submitting a request for exclusion that is accepted by the Court.

3. The Court finds, finally and for purposes of this Cattle-JBS Settlement only, that the prerequisites for class certification under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Classes is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Cattle Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; and (d) Cattle Plaintiffs and Co-Lead Counsel have and will continue to fairly and adequately protect the interests of the Settlement Classes. In addition, the Court finds, finally and for purposes of the Cattle-JBS Settlement only, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied in that common questions of law and fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Parties.

4. In so finding, the Court has considered each of the following additional factors under Rule 23(b)(3) of the Federal Rules of Civil Procedure and finds, finally and

for purposes of this Cattle-JBS Settlement only, that they also support class certification, namely:

    a.    the (lack of) interest of members of the class in individually controlling the prosecution of separate actions;

    b.    the extent and nature of any litigation concerning the controversy already begun by or against class members;

    c.    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    d.    the (lack of) difficulties likely to be encountered in managing a class action, given that if the Cattle-JBS Settlement is approved, there will be no class action litigation as to the Parties for the Court to manage.

5.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, finally and for purposes of the Cattle-JBS Settlement only, (a) Cattle Plaintiffs are certified as class representatives ("Class Representatives") of the Settlement Classes and (b) Scott+Scott Attorneys at Law LLP and Cafferty Clobes Meriwether & Sprengel LLP are appointed as Co-Lead Counsel for the Settlement Classes.

6.    The Court finds that Co-Lead Counsel have the authority to act on behalf of the Settlement Classes as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Cattle-JBS Settlement.

7. The Court finds that: (a) the Stipulation resulted from good faith, arm's-length negotiations during which the Parties were represented by experienced counsel; and (b) the terms of the proposed Cattle-JBS Settlement are fair, reasonable, adequate and in the best interest of the Settlement Classes, and its terms thus satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

8. Accordingly, the Court grants final approval of the Cattle-JBS Settlement, including the Plan of Allocation (Joint Decl. of Patrick J. McGahan and Daniel O. Herrera Supp. Cattle Pls.' Mot. Prelim. Approval ¶ 43, Ex. 4., Jan. 31, 2025, Docket No. 1172), as within the range of a fair, reasonable, and adequate settlement within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and applicable law, and consistent with due process.

9. The Court finds that the Class Notice issued by Angeion (a) constituted the best notice practicable under the circumstances and was reasonably calculated to reach the members of the Settlement Classes that would be bound by the Cattle-JBS Settlement and to apprise them of the Action, the terms and conditions of the Cattle-JBS Settlement, their right to be excluded from the Settlement Classes, and their right to object to the Cattle-JBS Settlement; and (b) meets the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure and due process.

10. The Action is dismissed with prejudice as to JBS in all class action complaints asserted by Cattle Plaintiffs and/or the Settlement Classes, excluding any persons or

entities who timely opted out of the Cattle-JBS Settlement.  Any member of the Settlement Classes who has not timely and validly requested to be excluded from the Settlement Classes is now subject to and bound by the provisions of the Cattle-JBS Settlement Agreement and has discharged and released the Released Parties from all Released Claims, regardless of whether such members of the Settlement Classes seek or obtain any distribution from the Settlement Fund.

      11.    No Settlement Class Members have objected to the Cattle-JBS Settlement.  The only valid opt out(s) to be excluded from the Settlement Class are identified in Exhibit 2 to the Joint Declaration of Patrick J. McGahan and Daniel O. Hererra in Support of Cattle Plaintiffs' Unopposed Motion for Final Approval of Cattle-JBS Settlement.  (Docket No. 1392.)  Such persons or entities are not entitled to any recovery from the Settlement Fund.

      12.    Nothing in this Order prevents JBS from taking any action to continue to defend itself against the remaining claims asserted by other plaintiffs against JBS in the MDL, including, for example, joining expert reports or motions directed to multiple plaintiffs, including Cattle Plaintiffs, or providing discovery produced by Cattle Plaintiffs to non-settling defendants.  This provision shall not be construed to prohibit Cattle Plaintiffs from seeking appropriate discovery from non-settling defendants or alleged co-conspirators, or any other person other than JBS.

13. Neither this Order, nor the Stipulation (including the Cattle-JBS Settlement contained therein), nor any act performed in accordance with the Stipulation, nor any statements, negotiations, documents, or discussions associated with them, is an admission or concession by JBS and the Released Defendants of any liability or wrongdoing whatsoever.  This Order and the Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by JBS and Released Defendants.  This Order and the Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any Person, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce this Stipulation.

14. On or about February 7, 2025, JBS served the appropriate state and federal officials with notice of the proposed settlement, as required by the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").  The 90-day waiting period for a court to grant final approval of a proposed settlement after the service of this notice (set forth in 28 U.S.C. § 1715(d)) has passed, and none of the notified federal or state officials have objected to or otherwise commented on the Cattle-JBS Settlement.

15. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Cattle-JBS Settlement and the Stipulation including, by way of illustration and not limitation, the enforcement thereof.

16. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no reason for delay, and that the judgment of dismissal as to JBS shall be final and appealable and entered forthwith.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 18, 2025  　　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.  　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge