# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE CATTLE AND BEEF ANTITRUST LITIGATION*<br><br>This Document Relates to:<br><br>*Consumer Indirect Purchaser Plaintiff Action* | No. 0:22-md-03031-JRT-JFD |

### [PROPOSED] ORDER GRANTING CONSUMER INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS WITH CARGILL AND TYSON DEFENDANTS AND APPROVAL OF NOTICES, PLAN OF NOTICE AND PLAN OF ALLOCATION

Now before the Court is Consumer Indirect Purchaser Plaintiffs' ("Consumer IPPs") Motion for Preliminary Approval of the Settlement Agreements with Defendants Cargill, Inc. and Cargill Meat Solutions Corporation (collectively "Cargill"), and Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively "Tyson").

The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement between the Consumer IPPs and each Cargill and Tyson, respectively, and all relevant filings, **HEREBY ORDERS**:

1.   The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2.   The proposed Settlement Agreements, which were arrived at by arm's-length negotiations by experienced counsel with the assistance of an experienced mediator, falls within the range of possible approval and are hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

3. The Court finds that provisional certification of both the Cargill and Tyson Settlement Classes is warranted for settlement purposes in light of the Settlement Agreement because: (a) the Cargill and Tyson Settlement Classes members are so numerous that joinder is impracticable; (b) the Consumer IPPs' claims present common issues and are typical of the claims of the Cargill and Tyson Settlement Classes; (c) the Consumer IPP named class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Cargill and Tyson Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Cargill and Tyson Settlement Classes. The Court further finds that the named representative Consumer IPPs' interests are aligned with the interests of all other members of the Cargill and Tyson Settlement Classes. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

4. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Cargill and Tyson Settlement Classes, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), 23(c)(2) and 23(e) and due process.

5. This Court certifies the Cargill and Tyson Settlement Classes defined as:

> All persons and entities who indirectly purchased for personal consumption one or more of the following beef products in the

Repealer Jurisdictions[1] between August 1, 2014 to December 31, 2019: beef from Defendants (whether fresh or frozen) made from chuck, loin, rib or round primal cuts. For this lawsuit, beef excludes any product that is marketed as USDA Prime, organic, No Antibiotics Ever ("NAE"), antibiotic free, 100% grass-fed, kosher, halal, certified humane, Wagyu, "American-Style Kobe Beef," as well as any products that are ground, marinated, seasoned, flavored, breaded, or cooked.

Excluded from the class are Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action. Further excluded are purchases of products that contain ingredients other than beef (except for salt or water).

6. The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen PLLP as Co-Lead Counsel for the Cargill and Tyson Settlement Classes.

7. Each Consumer IPP class representative named in the operative complaint in the above case will serve as a class representative on behalf of the Cargill and Tyson Settlement Classes.

8. The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

---

[1] The Repealer Jurisdictions are: Arizona, California, District of Columbia, Florida, Illinois, Iowa, Kansas, Massachusetts, Maine, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, West Virginia, and Wisconsin.

9. The proposed notice plan set forth in the Memorandum and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

10. The Court appoints The Huntington National Bank as the escrow agent for the Settlements.

11. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the settlement notice administrator and the administrator of the settlement funds. The notice documents attached to the Declaration of Cameron R. Azari, Esq., submitted in support of the motion for preliminary approval, and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Rule 23(c)(3). The settlement administrator and Co-Lead Counsel may update the Frequently Asked Questions on the website from time-to-time to ensure that class members stay updated on developments in the litigation. Non-substantive

changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

12. After Class Notice has been disseminated, the Court shall hold a hearing on the proposed Settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Final Approval Hearing").

13. After Notice has been disseminated, Class Members who wish to exclude themselves from the proposed Settlement will be required to submit an appropriate and timely request for exclusion. To object, a Class Member must send a letter to the Court and the Settlement Administrator with the following information: (a) name; (b) address; (c) telephone number; (d) notice ID number (if available); (e) the reason(s) the Class Member objects to one, or both, of the settlements; (f) the Class Member's lawyer's name (if they have one); (g) a statement saying that they object to the Cargill Settlement and/or Tyson Settlement in *In re Cattle and Beef Antitrust Litigation (Consumer Indirect Purchaser Actions)*, No. 0:22-md-03031; (h) a statement saying if they (or their lawyer) want to speak at the hearing, and (i) the Class Member's signature

14. The proposed notice plan will be carried out pursuant to the schedule described in the Memorandum.

15. The Court finds the proposed plan of allocation to be fair, reasonable, adequate, and treats Class Members equitably relative to each other. Here, Consumer IPPs propose that the funds will be allocated according to the amount of beef class products purchased by a class member. The claims form asks for simple details regarding the number of qualifying purchases through a brief, simple set of questions.

16. The Court finds that the distribution plan will provide for efficient and cost-effective disbursement of the settlement funds to class members. Settlement Class members must submit a timely, valid claim through the settlement website or by mail to be eligible to receive payment. The Court approves the proposed plan of distribution and finds that the proposed methods of payment (Walmart, Kroger, Amazon, Starbucks, PayPal, Venmo or the option of a hard copy check) are fair and reasonable.

17. All payments for Class Members from the settlement fund will be sent directly to Class Members

18. The Court orders that Consumer IPP class members will be able to submit claims through June 30, 2026. If that deadline needs to be moved, because of additional settlements or for another reason, Consumer IPPs will make such a request to the Court.

19. If the Final Approval Hearing is cancelled or terminated, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of Consumer IPPs, Tyson, Cargill, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

20. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Cargill or Tyson or of the truth of any of Consumer IPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Cargill or Tyson's defenses.

21.     The Court approves the establishment of the Settlement Funds described in the Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreements and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

22.     The Action with respect to the Consumer IPPs' claims is stayed as to the Released Parties (as that term is defined in each Settlement Agreement) except as necessary to effectuate the Settlement.

23.     The Court approves the following schedule for the dissemination of notice:

| Task | Proposed Deadline |
| --- | --- |
| Notice campaign begins through direct email and implementation of publication notice campaign | No later than 75 days after order directing notice |
| Last day for Co-Lead Counsel to move for attorneys' fees, expenses, and service awards for named representatives | 76 days from commencement of notice campaign |
| Last day for Settlement Class members to request exclusion from the class, to object to Settlement, to file notices to appear at the final approval hearing | 90 days from order directing notice |
| Co-Lead Counsel to provide Cargill and Tyson with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement | 97 days from order directing notice |

| Task | Proposed Deadline |
|---|---|
| Class | |
| Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting documents, as well as responses to any objections to the settlement or attorneys' fees | 14 days before the Final Approval Hearing |
| Final Approval Hearing, and Hearing on Request for Attorneys' Fees and Expenses | 40 days after the last day to request exclusion from the Settlement, or as soon thereafter as may be heard by the Court |

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE JOHN R. TUNHEIM
UNITED STATES DISTRICT COURT