**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE: CATTLE AND BEEF ANTITRUST
LITIGATION

This Document Relates To:
IN RE DPP BEEF LITIGATION

Case No. 22-3031 (JRT/JFD)

**ORDER GRANTING DIRECT PURCHASER
PLAINTIFFS' AMENDED MOTION TO
DISTRIBUTE NET SETTLEMENT PROCEEDS**

---

On February 20, 2026, Direct Purchaser Plaintiffs ("DPPs") submitted a motion

seeking approval of their proposed plan to distribute the Settlement Proceeds from their

Settlement with Defendants JBS, S.A., JBS USA Food Company, Swift Beef Company, and

JBS Packerland, Inc. (collectively, "JBS"). (Docket No. 1519.)[1] The Court, having reviewed

DPPs' motion, the concurrently filed memorandum and supporting declarations, and all

other evidence and arguments presented will grant the motion.

The Court previously granted final approval of the DPPs' Settlement Agreement

with JBS[2] on August 31, 2022, and found that due and adequate notice of the settlement

was provided to the Class. (Case No. 20-1319, Docket No. 641, amended at Case No. 22-

---

[1] Unless otherwise noted, the docket numbers in this Order refer to the docket numbers
in Case No. 22-3031.

[2] (Case No. 20-1319, Docket No. 604-1.)

3031, Docket No. 254).  JBS has paid a total of $52,500,000.00 into an escrow account (the "Settlement Fund").  (Decl. of Michelle J. Looby ¶ 2, Feb. 20, 2026, Docket No. 1522.)

The term "Net Settlement Fund" refers to the Settlement Fund plus accrued interest and minus (i) the costs of settlement administration and escrow, and (ii) the funds paid into DPPs' litigation expense fund; and (iii) the attorneys' fees, litigation expenses, and class representative incentive awards already distributed to Co-Lead Counsel.  The Court finds that the Net Settlement Fund is properly accounted for, as set forth in the Order section below.  (*See also* DPPs' Mem. Supp. Mot. Distribute Net Settlement Proceeds at 10, Dec. 19, 2025, Docket No. 1497.)

On November 17, 2023, the Court approved the claims process and appointed A.B. Data as the Claims Administrator.  (Docket No. 441).  The Court has reviewed the claims review process carried out by A.B. Data, its previously incurred costs and expenses, and its estimate for its remaining work to the completion of final distribution; and the Court will approve the payment of A.B. Data from the Settlement Fund.

DPPs request approval of a minimum payment amount of $250 for any eligible claimant with a pro rata share of less than $250.  A.B. Data estimates that 106 eligible claimants will receive this minimum amount.  (Decl. of Brian Devery ¶ 70, Feb. 20, 2026, Docket No. 1523.)  Because the Court concludes that such payment is reasonable and will have a *de minimis* effect on other eligible claimants, the Court will approve this minimum payment amount.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Direct Purchaser Plaintiffs' Amended Motion to Distribute Net Settlement Proceeds (Docket No. [1519]) is **GRANTED** as follows:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreements, including all members of the Settlement Class (also referred to herein as the "Class"), as defined in the underlying Settlement Agreement, and Defendants JBS, S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc. (collectively, "JBS").

2. The Court finds that the claims review process carried out by A.B. Data as the Claims Administrator was fair, adequate, and reasonable, providing a full and fair opportunity for potential Class members to submit a valid claim. The Court further finds that A.B. Data has carried out the claims administration process in a reasonable manner and consistent with orders of the Court. A.B. Data has offered claimants reasonable notice of claim deficiencies and an opportunity to cure them.

3. The Claims Administrator incurred a total of $508,137.16 in costs and expenses in administering the Settlements, processing and auditing claims, and related expenses. Of this amount, $94,655.30 has already been paid out of the Court-approved Litigation Fund and $413,481.86 remains unpaid. The Court finds

that these costs and expenses were reasonably incurred in the ordinary course of administering the Settlements and were necessary given the nature and scope of the case. Based on A.B. Data's extensive experience, the Court finds that its estimate that its remaining work to the completion of final distribution will cost $41,353.53 is reasonable. Accordingly, the Court approves the payment of any remaining balance due to A.B. Data from the Settlement Fund.

4. The Court finds that the Net Settlement Fund is properly accounted for as follows:

| Description | | Amount |
|---|---|---|
| Funding by JBS | + | $52,500,000.00 |
| **Gross Settlement Fund** | **=** | **$52,500,000.00** |
| Earned Interest | + | $5,028,960.44 |
| Escrow Fees | - | $0.00 |
| Taxes Paid from Escrow Account | - | $1,898,887.00 |
| Claims Administration Costs | - | $413,481.86 |
| Court-Approved Attorneys' Fees (Paid, *see* Docket No. 705) | - | $18,495,282.54 |
| Litigation Fund (Paid, *see* Case No. 20-1319, Docket No. 640) | - | $5,000,000.00 |
| Court-Approved Class Representative Incentive Awards (Paid, *see* Docket No. 705) | - | $45,000.00 |
| Anticipated Escrow Fees Through Distribution | - | $0.00 |
| Anticipated Claims Administration Costs Through Distribution[3] | - | $41,353.53 |
| **Net Settlement Fund** | **=** | **$31,634,955.51** |

---

[3] If the actual amount is less than this anticipated amount, the difference will be credited for the benefit of the Class.

5. The Court approves the $250 minimum payment to eligible claimants with a pro rata share of less than $250 because such payment is reasonable and will have a *de minimis* effect on other eligible claimants.

6. The Court hereby authorizes the distribution of the Net Settlement Funds to all qualified claimants, including claimants with late claims that are otherwise valid.  All ineligible claims are hereby denied.

7. Counsel for DPPs shall file a report 150 days after payments are sent advising the Court of the status of the distribution and, if necessary, providing a proposal for any funds remaining in the Net Settlement Fund.

8. The Court retains continuing jurisdiction over the administration and distribution of the settlement proceeds.

DATED:  April 3, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge