**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| IN RE: CATTLE AND BEEF ANTITRUST LITIGATION | Case No. 22-3031 (JRT/JFD) |
|  | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS AND TYSON AND LEAVE TO DISSEMINATE NOTICE** |
| This Document Relates To: |  |
| COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTION |  |

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] seek the Court's preliminary approval of their class action settlement with Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson").  (Mot. Prelim. Approval, Mar. 27, 2026, Docket No. 1553.)  CIIPPs further seek approval of the form and manner of notice related to this settlement and leave to disseminate notice.  Tyson does not oppose the motion.

Having carefully reviewed the relevant portions of the record, including the motion and the settlement agreement between CIIPPs and Tyson (Raiter Decl., Ex. A

---

[1] The current CIIPP representative plaintiffs are: Maquoketa Care Center; The Grady Corporation II formerly d/b/a Whole Hog Cafe; Steve Sizemore formerly d/b/a Longhorn's Steakhouse; Pearlz Oyster Bar; Park Tavern; Union Public House; Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli; Max and Bella's Smokehouse, LLC; Yoland Shegian d/b/a LA Shawarma; BW-SS, Inc.; Fernando's Street Kitchen; Jim's Place Grille; and Farah's Courtyard Deli, Inc.

- 2 -

("Settlement Agreement"), March 27, 2026, Docket No. 1557-1)), the Court will grant the motion for preliminary approval of the class action settlement and will grant leave to the CIIPPs to disseminate notice.

**ORDER**

**IT IS HEREBY ORDERED** that the Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Between the Commercial and Institutional Indirect Purchaser Plaintiffs and Tyson and for Leave to Disseminate Notice (Docket No. [1553]) is **GRANTED** as follows:

1.      Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

3.      The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Court's Fairness Hearing.  The Court finds that the Settlement Agreement was negotiated and entered at arm's length by experienced counsel, raises no obvious reasons to doubt its fairness, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court as provided in this Order.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"):

> All entities in the United States that indirectly purchased one or more of the following types of raw beef, fresh or frozen: brisket, chuck, loin, rib, or round, sold by Defendants in the United States from January 1, 2015, to May 6, 2026, for their own use in commercial food preparation.  For this lawsuit, beef products exclude non-fed beef, ground beef, trim beef, beef identified as cooked, beef products with non-beef ingredients other than seasonings, or any product marketed as USDA Prime.
>
> Excluded from this Class are: natural persons who purchased beef for their personal use and not for commercial food preparation; purchases of beef for resale in unaltered form; purchases of beef from an intermediary who has further processed the beef; the Defendants and their Co-Conspirators; the officers, directors or employees of any Defendant or Co-Conspirator; any entity in which any Defendant or their Co-Conspirator has a controlling interest; any entity with an interest, controlling or non-controlling, in a Defendant or their Co-Conspirator; any (in whole or in part), affiliate, legal representative, heir or assign of any Defendant or their Co-Conspirator; any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

This class definition is in all material respects the same as the class definition proposed in the Settlement Agreement.  (*See* Settlement Agreement ¶ 5).

5.       The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class

members are so numerous that joinder is impracticable; (b) the CIIPPs' claims present common issues and are typical of the Settlement Class; (c) the CIIPP named representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named representative CIIPPs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

6.    The Court appoints Shawn M. Raiter (Larson · King, LLP), Michael Flannery (Cuneo Gilbert Flannery & LaDuca, LLP), and Sterling Aldridge (Barrett Law Group, P.A.) as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment

7.    Regarding the form and manner of notice, the Court finds appropriate the following schedule, as proposed by the CIIPPs:

| DATE | EVENT |
| --- | --- |
| Within 21 days from order directing notice | Settlement Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan |

- 4 -

| DATE | EVENT |
|---|---|
| 75 days after commencement of Notice | Last day for Settlement Class members to request exclusion from the Settlement Class; for Settlement Class members to object to the Settlement; and for Settlement Class members to file notices to appear at the Final Fairness Hearing |
| 10 days after last day to request exclusion from the Settlements | CIIPPs to provide Tyson with information concerning all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| 14 days before the Final Settlement Fairness Hearing | CIIPPs shall file a motion for final approval of the settlement and all supporting papers, and CIIPPs and Tyson may respond to any objections to the proposed Settlement |
| 30 days after last day to request exclusion from the Settlement or as soon thereafter as the matter may be heard by the Court | Final fairness hearing |

8.      Settlement Class Counsel are authorized to utilize Epiq Class Action & Claims Solutions, Inc., and Epiq Legal Noticing aka Hilsoft Notifications (collectively, "Epiq") as the notice and settlement administrator for the settlement.

9.      The proposed notice plan set forth in the declaration of Cameron Azari (Docket No. 1558) complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due

process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

10. The proposed forms of notice, including the long and short form notices and digital media notices, comply with Rule 23 and due process requirements. Settlement Class Counsel and Epiq are authorized to disseminate these notices in forms substantially like those presented to the Court.

11. After notice has been disseminated, potential members of the Settlement Class: (1) who wish to exclude themselves from the Settlement Agreement will be required to submit an appropriate and timely request for exclusion, (2) who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for the objection, or (3) who wish to appear in person to be heard or object to the Settlement Agreement will be required to submit an appropriate and timely request to appear.

12. To object, a potential member of the Settlement Class must send a letter to the Court and Epiq with the following information: (a) name; (b) address; (c) telephone number; (d) notice ID number (if available); (e) the reason(s) for the objection to the terms of the Settlement Agreement; (f) the potential Class Member's lawyer's name (if they

have one); (g) a statement saying if they (or their lawyer) want to speak at the hearing, and (h) the potential class member's signature.

13.    If the Settlement Agreement is not granted Final Approval following the Fairness Hearing or is cancelled or terminated pursuant to Paragraph 21 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of the CIIPPs, Tyson, and the members of the Settlement Class.  The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

14.    Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule or regulation or of any liability or wrongdoing by Tyson or of the truth of any of the CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Tyson's defenses.

15.    The Court appoints Old Dominion National Bank as the escrow agent for this Settlement.

16.    The Court approves the establishment of the Settlement Fund, as described at Paragraph 11 of the Settlement Agreement, as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations

- 8 -

promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.  Settlement Class Counsel are, in accordance with the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

17.   The litigation against the Released Parties is stayed except to the extent necessary to effectuate the Settlement Agreement.

DATED: May 6, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge