**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE: CATTLE AND BEEF ANTITRUST
LITIGATION

This Document Relates To:
IN RE DPP BEEF LITIGATION

Case No. 22-3031 (JRT/JFD)

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF**
**SETTLEMENT BETWEEN DIRECT**
**PURCHASER PLAINTIFFS AND TYSON**
**DEFENDANTS AND APPROVAL OF**
**NOTICE PLAN AND CLAIMS PROCESS**

---

In December 2025, Direct Purchaser Plaintiffs ("DPPs") and Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson") reached a settlement in principle to resolve all of DPPs' claims against Tyson, and the parties signed a term sheet on December 29, 2025. On January 6, 2026, the Court granted DPPs' motion to approve an Escrow Agreement setting up a Qualified Settlement Fund for Tyson's settlement funds and appointed the Huntington National Bank as the escrow agent for the settlement. (Docket No. 1510.) DPPs now move for preliminary approval of their settlement with Tyson and for approval of their notice plan and claims process. (DPPs' Mot. Preliminary Approval of Settlement Between DPPs and Tyson Defendants and Approval of Notice Plan and Claims Process (the "Motion"), Apr. 17, 2026, Docket No. 1565.)

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement between DPPs and Tyson. (Decl. of Megan E. Jones, Ex. A ("Settlement Agreement"), Apr. 17, 2026, Docket No. 1568.)

Having carefully reviewed the Motion, the Settlement Agreement, and the accompanying memorandum, declarations, and exhibits, the Court will grant the Motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement Between DPPs and Tyson Defendants and Approval of Notice Plan and Claims Process (Docket No. [1565]) is **GRANTED** as follows:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (defined below and also referred to herein as the "Class") and Tyson.

2. The Settlement Agreement, which was arrived at by arm's-length negotiations by experienced counsel with the assistance of an experienced mediator, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

3. The Court concludes that provisional certification of the Settlement Class is warranted for settlement purposes, in light of the Settlement Agreement, because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the DPPs' claims present common issues and are typical of the claims of the Settlement Class; (c) the DPPs' named class representatives and Co-Lead

Counsel (defined below) will fairly and adequately represent the Settlement

Class; and (d) common issues predominate over any individual issues affecting

the members of the Settlement Class.  The Court further finds that the named

DPPs' interests are aligned with the interests of all other members of the

Settlement Class.  The Court also finds settlement of this action on a class basis

is superior to other means of resolving this matter.

4.    The Court finds that the Settlement Agreement is preliminarily determined to

be fair, reasonable, adequate, and in the best interests of the Settlement Class;

raises no obvious reasons to doubt its fairness; and raises a reasonable basis

for presuming that the Settlement Agreement and its terms satisfy the

requirements of Federal Rules of Civil Procedure ("Rules") 23(a), 23(b)(3),

23(c)(2), 23(e), and due process.

5.    This Court certifies the Settlement Class defined as:

> All persons and entities who directly purchased Beef[1] for use or delivery in the United States, whether fresh or frozen, made from one of the following primals: chuck, loin, rib or round from Defendants, or their respective subsidiaries or affiliates, from January 1, 2015 to February 29, 2020.  For this lawsuit, beef excludes any product that is marketed as organic, grass-fed, kosher, halal, certified human, Wagyu,

---

[1] Beef for this settlement is defined as: Boxed beef and case-ready beef (i.e., beef that has been cut into subprimals and packaged for resale) made from Fed Cattle in the United States that is sold fresh or frozen.  With the exception of case-ready beef, "Beef" excludes other meat from Fed Cattle that is further processed at another plant (e.g., by grinding; adding other ingredients; or cooking or curing) and excludes drop byproducts (e.g., trim, fats, oils, hides, offal).  The definition of "Beef" is limited to products derived from the loin, chuck, rib, and round primal cuts.

"American-Style Kobe Beef," and any product that is cooked, marinated, seasoned, flavored, or breaded.

Excluded from the Settlement Class are Defendants; their officers, directors or employees; any entity in which a Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of a Defendant. Also excluded from this Settlement Class are any federal, state, or local government entities, any judicial officer presiding over this action; the members of the judicial officer's immediate family and staff, and any juror assigned to this action.

6. The Court appoints the law firms of Hausfeld LLP, Gustafson Gluek PLLC, Hartley LLP, and Cotchett, and Pitre & McCarthy LLP as Co-Lead Counsel for the Settlement Class.

7. Each Direct Purchaser Plaintiff class representative named in the operative complaint in the above case will serve as a class representative on behalf of the Settlement Class.

8. The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Rule 23(c)(2).

9. The proposed notice plan set forth in the DPPs' Memorandum in Support of their Motion (Apr, 17, 2026, Docket No. 1567 (hereinafter "Memorandum")) and in the declarations submitted by DPPs to support their motion complies with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct email notice will be supported by reasonable publication notice to reach

potential members of the Settlement Class who could not be individually identified.

10.  The Court appoints A.B. Data as the settlement notice administrator and the administrator of the settlement funds.  The notice documents attached to the Declaration of Brian Devery (Apr. 17, 2026, Docket No. 1569), submitted in support of the motion for preliminary approval, and their proposed manner of transmission, comply with Rule 23(c)(2)(B) and due process because the proposed notices and forms are reasonably calculated to adequately apprise the Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Rule 23(c)(3). The Settlement Administrator and Co-Lead Counsel may update the Frequently Asked Questions on the website from time-to-time to ensure that Settlement Class members stay updated on developments in the litigation.  Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

11. After Class Notice has been disseminated, the Court will hold a hearing on the proposed Settlement to determine whether it is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Final Approval Hearing").

12. After Notice has been disseminated, Settlement Class members who wish to exclude themselves from the Settlement will be required to submit an appropriate and timely request for exclusion.  To object, a Class Member must submit a written request to the Settlement Administrator with the following information: (a) name; (b) name of the business which purchased Beef; (c) address; (d) a statement that the member wishes to be excluded from the Settlement Class; and (e) the Class Member's signature.

13. The proposed notice plan will be carried out pursuant to the schedule described in the Memorandum.

14. The Court finds the proposed plan of allocation to be fair, reasonable, adequate, and treats Settlement Class members equitably relative to each other.  Direct Purchaser Plaintiffs propose that the funds will be allocated on a *pro rata* basis, taking into account the amount of class products purchased by a Class Member, and the number of claims submitted.  The Claim form asks for simple details regarding the number of qualifying purchases through a brief, simple set of questions.

15. The Court finds that the distribution plan will provide for efficient and cost-effective disbursement of the settlement funds to Settlement Class members. Settlement Class members must submit a timely, valid claim through the settlement website or by mail to be eligible to receive payment, unless that Settlement Class member already filed a valid claim in Direct Purchaser Plaintiffs' previous settlement with Defendants JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc. (collectively, "JBS"). (*See* Amended Order Granting DPPs' Mot. Final Approval of Class Action Settlement with JBS Defendants, May 16, 2023, Docket No. 254.)

16. The Court approves the proposed plan of distribution and finds that the proposed methods of payment (secure electronic bank wire transfer or hard copy check) are fair and reasonable.

17. All payments for Settlement Class members from the settlement fund will be sent directly to Settlement Class members.

18. The Court orders that Settlement Class members will be able to submit claims through **November 30, 2026**. If that deadline needs to be amended, because of additional settlements or for another reason, Direct Purchaser Plaintiffs will make such a request to the Court.

19. If the Final Approval Hearing is cancelled or terminated, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated,

and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of Direct Purchaser Plaintiffs, Tyson, and members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

20. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Tyson or of the truth of any of Direct Purchaser Plaintiffs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Tyson's defenses.

21. The Action with respect to DPPs' claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement.

22. The Court approves the following schedule for the dissemination of notice:

| EVENT | DEADLINE |
| --- | --- |
| Tyson to issue CAFA notice | Within 10 days after entry of the Court's Order preliminarily approving the Settlement and Notice Plan ("the Order") |
| Direct Mail and Email notice to potential Settlement Class members; update the settlement website; and issue a press release over PR Newswire | 12 days after the Court's Order |
| Publication Notice Begins | 12 days after the Court's Order or as soon as |

| EVENT | DEADLINE |
|---|---|
|  | practicable thereafter due to publication schedules |
| Deadline for Settlement Class members to object | 90 days after the Court's Order (objections must be received by this deadline) |
| Deadline for Settlement Class members to request to opt out of the settlement | 90 days after the Court's Order (requests must be postmarked by this deadline) |
| Interim Co-Lead Counsel to move for attorneys' fees, expenses, and service awards for named representatives | At least 30 days before the Final Approval Hearing |
| Plaintiffs to file affidavits or declarations of the person(s) under whose general direction notice was issued | At least 10 days before the Final Approval Hearing |
| Plaintiffs to file final approval brief, response to objections, if any, and a proposed final approval order with a complete list of all Settlement Class members that have opted out of the Settlement | At least 10 days before the Final Approval Hearing or by a date to be set by the Court |
| Final Approval Hearing | At least 135 days after the Court's Order, as the Court's schedule permits |

DATED:  May 14, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge