**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE CATTLE AND BEEF ANTITRUST LITIGATION

MDL No. 22-3031 (JRT/JFD)

This Document Relates To:

COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTION

**MEMORANDUM OPINION AND ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT WITH TYSON FOODS, INC., TYSON FRESH MEATS, INC., AND TYSON PREPARED FOODS, INC. AND ENTRY OF FINAL JUDGMENT**

---

Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] entered into a Settlement Agreement (the "Settlement") with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. (collectively, "Tyson"). The Court previously granted preliminary approval of the proposed Settlement. *In re Cattle & Beef Antitrust Litig.*, MDL No. 22-3031, 2026 WL 1246913 (D. Minn. May 6, 2026) ("Preliminary Approval Order"). CIIPPs now move for final approval of the Settlement and for entry of final judgment. (Mot., June 30, 2026, Docket No. 1603.)

---

[1] The current CIIPP representative plaintiffs are: Maquoketa Care Center; The Grady Corporation II formerly d/b/a Whole Hog Cafe; Steve Sizemore formerly d/b/a Longhorn's Steakhouse; Pearlz Oyster Bar; Union Public House; Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli; Max and Bella's Smokehouse, LLC; Yoland Shegian d/b/a LA Shawarma; BW-SS, Inc.; Fernando's Street Kitchen; Jim's Place Grille; and Farah's Courtyard Deli, Inc. (Decl. of Shawn M. Raiter ¶ 33, Sept. 23, 2026, Docket No. 1683.)

The Court, having reviewed the CIIPPs' motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, all papers filed, and after hearing the arguments of counsel, will grant the CIIPPs' motion pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, reasonable, and adequate to the Settlement Class.[2] The Court further notes that notice was provided to the potential Certified Class members pursuant to the notice plan approved by the Court in its Preliminary Approval Order. The Court held a fairness hearing on October 1, 2026. No Certified Class member objected to the Settlement, and none appeared at the fairness hearing to oppose approval of, or object to, the Settlement.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of the Class Action Settlement with Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. and Entry of Final Judgment (Docket No. [1603]) is **GRANTED**, and the Court further hereby **FINDS AND ORDERS**:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement

[2] Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement between CIIPPs and Tyson. (Decl. of Shawn M. Raiter, Ex. A ("Settlement Agreement"), March 27, 2026, Docket No. 1557-1.) The Settlement Class is defined as set forth in the Court's prior Order. *In re Cattle & Beef Antitrust Litig.*, 2026 WL 1246913, at *2–3.

Agreement, including all members of the Settlement Classes, and all Defendants.

2. The Court adopts and incorporates herein all findings made in its Preliminary Approval Order.

3. The Settlement is fair and reasonable and is a fair compromise of the CIIPPs' claims. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved.

4. The Settlement Agreement was attained following an extensive investigation of the facts and years of litigation of the claims and defenses. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions. The parties also engaged an experienced mediator to facilitate settlement.

5. Upon review of the record, the Court finds that the Settlement Agreement is fair, reasonable, and adequate. The Settlement Agreement provides substantial monetary cooperation in the form of $47,000,000.00 and secures assistance from Tyson in the ongoing litigation. The monetary compensation provides substantial, more immediate, and certain relief to the class and eliminates the costs of further prosecuting the case against Tyson. The litigation assistance increases the likelihood of success for the class against the

non-settling defendants while decreasing the costs of prosecuting the case against them. It avoids what would almost certainly be a long delay by proceeding to trial and through appeals.

6. The Court finds that Rule 23(a)'s requirements are met because: (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

7. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are thousands of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the representative plaintiff will fairly and adequately protect the interests of the Settlement Class, and has retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

8. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All persons and entities who from January 1, 2015 to May 6, 2026 indirectly purchased for business use in commercial food preparation in the United States, from any of the Defendants or their respective subsidiaries and affiliates, boxed or case-ready Beef processed from Fed Cattle, excluding ground beef made exclusively from culled cows.
>
> Specifically excluded from the Settlement Class are Defendants; the officers, directors or employees of any Defendant; the parent companies of any Defendant; the subsidiaries of any Defendant and any entity in which any Defendant has a controlling interest; purchasers that purchased directly from any Defendant, including those that directly purchased for resale in an unmodified and untransformed form (except to the extent they made indirect purchases that fall within the class definition); and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from the Settlement Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action.

This class definition is in all material respects the same class proposed in the Settlement Agreement.

9. Pursuant to Federal Rule of Civil Procedure 23(g), Co-Lead Counsel previously appointed by the Court are appointed as Class Counsel for the Settlement Classes as they have and will fairly and competently represent the interests of the Settlement Classes. The following CIIPP representative plaintiffs are appointed representatives of the Settlement Class: Maquoketa Care Center;

The Grady Corporation II formerly d/b/a Whole Hog Cafe; Steve Sizemore formerly d/b/a Longhorn's Steakhouse; Pearlz Oyster Bar; Park Tavern; Union Public House; Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli; Max and Bella's Smokehouse, LLC; Yoland Shegian d/b/a LA Shawarma; BW-SS, Inc.; Fernando's Street Kitchen; Jim's Place Grille; and Farah's Courtyard Deli, Inc.

10. The Escrow Account, into which Tyson has deposited a total of $47,000,000.00 as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

11. This Court hereby **DISMISSES on the merits and with prejudice** all Claims in the CIIPP action against Tyson, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

12. The Release in the Settlement Agreement is incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Tyson Released Parties from the Released Claims. All entities who are Releasing Parties or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Tyson Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims.

13. The Tyson Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims.

14. The notice given to the Settlement Classes, including individual notice to all members of the Settlement Classes who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

15. No members of the Settlement Classes have objected to the Settlement and no members of the Certified Classes previously requested exclusion from those classes.

16. All members of the Settlement Classes are now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such Settlement Class members seek or obtain any distribution from the Settlement Fund.

17. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreement and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

18. Tyson has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

19. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final judgment should be entered and that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 8, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge