**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE CATTLE AND BEEF ANTITRUST LITIGATION

MDL No. 22-3031 (JRT/JFD)

This Document Relates To:

IN RE DPP BEEF LITIGATION

**MEMORANDUM OPINION AND ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND TYSON DEFENDANTS**

---

Direct Purchaser Plaintiffs ("DPPs") entered into a Settlement Agreement with Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson"). The Court previously granted preliminary approval of the proposed settlement. *In re Cattle & Beef Antitrust Litig.*, 22-3031 (JRT/JFD), 2026 WL 1346503 (D. Minn. May 14, 2026) ("Preliminary Approval Order"). DPPs now move for final approval of the settlement and for entry of final judgment. (Mot., Aug. 10, 2026, Docket No. 1613.)

The Court, having reviewed the DPPs' motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement,[1] all papers filed, and after hearing the arguments of counsel, will grant the CIIPPs' motion pursuant to Federal Rule of Civil Procedure 23 because it is fair, reasonable, adequate, and in the best interests of the

---

[1] Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement between DPPs and Tyson. (Decl. of Megan E. Jones ¶ 20, Ex. A ("Settlement Agreement"), Nov. 2, 2026, Docket No. 1733.)

Class. The Court further notes that notice was provided to the potential Certified Class members pursuant to the notice plan approved by the Court in its Preliminary Approval Order. The Court held a fairness hearing on November 12, 2026. No members of the Settlement Class have objected to the Settlement Agreement.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Direct Purchaser Plaintiffs' Motion for Final Approval of Settlement with Tyson Defendants and Entry of Final Judgment (Docket No. [1613]) is **GRANTED**, and the Court further hereby **FINDS AND ORDERS**:

1. The Court has jurisdiction over this action and each of the parties to the Settlement.

2. DPPs and Tyson shall proceed with and perform all acts required under the Settlement Agreement.

3. As it did in the Preliminary Approval Order, the Court finds that the Settlement Class is appropriate for settlement class certification because it meets all the elements of Federal Rule of Civil Procedure 23. Accordingly, the Court certifies a Settlement Class defined as:

> All persons and entities who directly purchased Beef for use or delivery in the United States, whether fresh or frozen, made from one of the following primals: chuck, loin, rib or round from Defendants, or their respective subsidiaries or affiliates, from January 1, 2015 to February 29, 2020. For this lawsuit, beef excludes any product that is marketed as organic, grass-fed, kosher, halal, certified humane, Wagyu,

> "American-Style Kobe Beef," and any product that is cooked, marinated, seasoned, flavored, or breaded.
>
> Excluded from the Settlement Class are Defendants; their officers, directors or employees; any entity in which a Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of a Defendant. Also excluded from this Settlement Class are any federal, state, or local government entities, any judicial officer presiding over this action; the members of the judicial officer's immediate family and staff, and any juror assigned to this action.

4. The Court further finds that the Class Notice issued by the Court-appointed Settlement Administrator, A.B. Data, constituted the best notice practicable under the circumstances of the Settlement Agreement and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

5. The action is **DISMISSED with prejudice** as to Tyson in all class action complaints asserted by DPPs or the Settlement Class, excluding any persons or entities who timely opted out of the Settlement. Any member of the Settlement Class who has not timely and validly requested to be excluded from the Settlement Class is now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund. Certain persons or entities validly requested to be excluded from the Settlement Class. (Decl. of Ada Diring ("First Diring Decl.") ¶ 27, Ex. F, Nov. 2, 2026, Docket No. 1734; Supp. Decl. of Ada Diring ("Supp. Diring Decl.") ¶ 9, Updated Ex. G., Nov.

12, 2026). Such persons and/or entities are not entitled to any recovery from the Settlement Fund. Furthermore, nothing in this Order shall be construed as a determination by the Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because they filed a Request for Exclusion.

6. A list of entities requesting to be excluded from the Settlement Class and who have partial assignments ("Partial Assignees") is set forth in DPPs' submissions. (Supp. Diring Decl. ¶ 9, Updated Ex. G.) Claims based on purchases assigned by the Settlement Class member to the Partial Assignees, to the extent they are subject to an agreement between Settlement Class Counsel, Tyson, and the Partial Assignees, or an order from the Court regarding the amount of the assignor Settlement Class member's purchases for the time period January 1, 2015, through February 29, 2020, that are covered by the partial assignment for the purpose of the Settlement, are excluded from the Settlement Class. Except for the claims of the Partial Assignees, all claims belonging to the Settlement Class members (whether assigned or not) are part of the Settlement Class and released through the provisions of the Settlement Agreement and this Order.

7. The Released Parties are released from all Released Claims.

8. Tyson has served the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715.

9. Neither this Order nor this Settlement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Tyson or of the truth of any of DPPs' claims or allegations, nor shall it be deemed or construed to be an admission or evidence of Released Parties' defenses.

10. The Court reserves continuing and exclusive jurisdiction over the Settlement for all purposes.

11. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no reason for delay, and that the judgment of dismissal as to Tyson shall be final and appealable and entered forthwith.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 12, 2026
at Minneapolis, Minnesota

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge