**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>IN RE DPP BEEF LITIGATION | MDL No. 22-3031 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DIRECT PURCHASER PLAINTIFFS' AMENDED MOTION FOR INTERIM PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, SERVICE AWARDS, AND ESTABLISHMENT OF A LITIGATION FUND** |

---

Direct Purchaser Plaintiffs' ("DPPs") entered into a Settlement Agreement with Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson") for $82,500,000. DPPs now move for interim payment of attorneys' fees, reimbursement of litigation expenses, establishment of a litigation fund, and class representative services awards. (Am. Mot., Sept. 1, 2026, Docket No. 1635.)

The Court, having reviewed the DPPs' motion, the accompanying memorandum, and the declarations and exhibits thereto, and after hearing the arguments of counsel, will grant the DPPs' motion.

## DISCUSSION

## I. INTERIM PAYMENT OF ATTORNEY'S FEES

The Court has considered the relevant case law and authority and finds that interim payment of attorneys' fees to counsel for the DPPs is appropriate under Federal

Rule of Civil Procedure 23(h). Notice of the request for fees was provided to the potential class members via direct and published notice and a settlement website that included relevant documents and pleadings.

The Court has considered the reaction of the class members to this fee request. No class member has objected to the request for fees.

The Court will award interim fees to counsel for the DPPs using the percentage-of-the-benefit approach. "A routine calculation of fees involves the common-fund doctrine, which is based on a percentage of the common fund recovered." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" *In re Xcel*, 364 F. Supp. 2d at 991 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999)); *see also Khoday v. Symantec Corp.*, Civ. No. 11-180, 2016 WL 1637039, at *8–9 (D. Minn. Apr. 5, 2016), *aff'd sub nom. Caligiuri v. Symantec Corp.*, 855 F.3d 860 (8th Cir. 2017).

Counsel for the DPPs requests an interim fee award of one-third of the settlement fund, including interest. The requested fee, which totals $27,500,000, plus interest, is well within the range allowed by courts in this District.

When using the percentage of the benefit approach, the Court considers the following factors:

> (1) the benefit conferred on the class; (2) the risk to which plaintiffs' counsel was exposed; (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendants'; (5) the time and labor involved; (6) the reaction of the class; and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases.

*Khoday*, 2016 WL 1637039, at *9 (quoting *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010)); *see also In re Xcel*, 364 F. Supp. 2d at 993. When applied here, these factors indicate that the fee requested is fair and reasonable.

**Counsel Secured Substantial Benefits for DPPs.** This $82,500,000 settlement is coupled with meaningful cooperation from Tyson that will assist in the prosecution of the claims against the non-settling Defendants and provides DPPs with significant value. Courts approving like settlements in antitrust class actions recognize the significant value of meaningful cooperation. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, MDL No. 08-1952, 2010 WL 3070161, at *6 (E.D. Mich. Aug. 2, 2010); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008). Fee awards in antitrust actions also provide for a public benefit. There is a "need in making fee awards to encourage attorneys to bring class actions to vindicate public policy (e.g., the antitrust laws) as well

as the specific rights of private individuals." *In re Folding Carton Antitrust Litig.*, 84 F.R.D. 245, 260 (N.D. Ill. 1979); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003) ("Society also benefits from the prosecution and settlement of private antitrust litigation."). Society benefits when those who have violated laws fostering fair competition and honest pricing are required to reimburse affected consumers in civil proceedings. *See Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 635 (1977); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) ("[I]t is especially important to provide appropriate incentives to attorneys pursuing antitrust actions because public policy relies on private sector enforcement of the antitrust laws.").

**Counsel Was Exposed to Risk.** Antitrust class actions are inherently risky, due in part to their "unpredictable" nature, as well as the tremendous time and expense required to obtain a successful resolution. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2016 WL 721680, at *17 (C.D. Cal. Jan. 28, 2016) (quoting *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 475 (S.D.N.Y. 1998)); *see In re Cardizem*, 218 F.R.D. at 530 (emphasizing a strong public interest in encouraging settlement of complex, class-action lawsuits because they are unpredictable and settlement conserves judicial resources). In the face of these risks, Class Counsel[1] vigorously represented DPPs and has obtained a substantial recovery on behalf of the Class thus far.

---

[1] Co-Lead Counsel are Gustafson Gluek PLLC, Hartley LLP, Hausfeld LLP, and Cotchett Pitre & McCarthy LLP. (*See* Order, July 16, 2026, Docket No. 1610.) Under Co-Lead Counsel's direction, nineteen other firms prosecuted this case on DPPs' behalf and, together with DPP Co-Lead

**The Difficulty and Novelty of the Legal and Factual Issues.** Antitrust class actions are inherently complex. *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 639 (E.D. Pa. 2003) ("An antitrust class action is arguably the most complex action to prosecute. The legal and factual issues involved are always numerous and uncertain in outcome." (internal citations and quotation marks omitted)). This litigation presents challenging legal and factual issues, and this factor also supports the fee requested.

**Skill and Expertise of Counsel.** Both Class Counsel for the DPPs and counsel for Tyson are experienced and skilled antitrust counsel. This factor also supports the requested fee. *See Khoday*, 2016 WL 1637039, at *10; *In re Xcel*, 364 F. Supp. 2d at 995–96; *Yarrington*, 697 F. Supp. 2d at 1063; *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *19.

**Time and Labor Involved.** Class Counsel working on behalf of the DPPs invested thousands of hours to achieve this settlement. The litigation has already lasted more than six years and has and will continue to require significant time and labor. This factor supports the requested fee.

**The Reaction of the Class.** No class member has objected to the request for awards of fees or service awards.

**Comparison with Percentages Awarded in Similar Cases.** A fee award of one-third of the settlement fund is a generally accepted percentage in the Eighth Circuit. *See, e.g.*,

---

Counsel, they are referred to collectively as "Class Counsel." (*See* Decl. of Daniel E. Gustafson ¶ 2, Sept. 1, 2026, Docket No. 1638.)

*In re U.S. Bancorp*, 291 F.3d at 1038 (affirming a fee of 36 percent of the settlement fund as reasonable). Courts in this district routinely approve attorneys' fees in class actions of at least one-third of the common fund created for the settlement class. *See e.g.*, *Khoday*, 2016 WL 1637039, at *11; *Yarrington*, 697 F. Supp. 2d at 1064 (noting that awards between 25 and 36 percent of a common fund are common and awards of between 30 and 36 percent have also been approved ); *In re Xcel*, 364 F. Supp. 2d at 998–99 (collecting cases routinely approving fee awards of 33 percent); *Carlson v. C.H. Robinson Worldwide, Inc.*, Civ. No. 02-3780, 2006 WL 2671105, at *8 (D. Minn. Sept. 18, 2006) (approving a fee award representing 35.5 percent of the settlement fund).

The Court has carefully analyzed the settlement and the factors considered by courts within the Eighth Circuit and Federal Rule of Civil Procedure 23 and concludes that the factors are met and justify an interim fee award to counsel for the DPPs. The $82,500,000 settlement, which includes $2,500,000 in non-reversionary funds to pay for notice and administration costs, provides substantial cash and non-monetary benefits including cooperation from Tyson. Counsel has worked on a contingent basis, and the results of this litigation have never been certain. The legal and factual issues are complicated, and the parties have zealously asserted their claims and defenses. Given the length and tenacity of this litigation, the Court is satisfied that the settlement was the result of arms' length negotiations between informed and experienced counsel. The

requested fee of $27,500,000, plus interest, which totals one-third of the total settlement, is well within the range allowed by courts in this district.

Although not required, courts may apply a lodestar "cross-check" on the reasonableness of the fee calculated as a percentage of the fund. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017). A cross-check of the lodestar incurred by Class Counsel for the DPPs indicates that the fee requested constitutes fair and reasonable compensation for the risks assumed, the work done, and the benefits achieved for the members of the settlement class. The lodestar currently totals $46,503,641 when using Class Counsel's historic rates. (Decl. of Daniel E. Gustafson ¶ 24, Sept. 1, 2026, Docket No. 1638.)

Using the lodestar cross-check methodology and reviewing the total fees awarded with the lodestar generated on these cases from January 1, 2023 to June 30, 2026, the request fee results in a lodestar multiplier of .59 (*id.* ¶ 24), which is well within the accepted ranges awarded in similar contingent fee cases. This multiplier is especially reasonable considering the complexity of this litigation, the result achieved for the class members, the risks assumed by counsel for the DPPs and the work remaining to be done on the case and for which fees may or may not be available. *See, e.g.*, *Khoday*, 2016 WL 1637039, at *11 (multipliers typically range between two and five).

The Court will grant an interim award of attorneys' fees to Class Counsel for the DPPs in the amount of $27,500,000, plus interest. These attorneys' fees shall be paid from the settlement fund.

Co-Lead Counsel for the DPPs will be authorized to allocate that attorneys' fees awarded herein among Class Counsel who performed work on behalf of the DPPs in accordance with Co-Lead Counsel's assessment of each firm's contribution to the prosecution of this litigation.

## II. REIMBURSEMENT OF PAST LITIGATION COSTS

The Court will also grant DPPs' request for reimbursement of past litigation costs in the amount of $1,425,630.92. DPP Counsel have expended significant time and financial resources into prosecuting this action, with no guarantee they would ever be reimbursed for their time or costs. "It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *Krueger v. Ameriprise Fin., Inc.*, Civ. No. 11-2781, 2015 WL 4246879, at *3 (D. Minn. July 13, 2015) (citing Fed. R. Civ. P. 23 and cases).

The past litigation expenses incurred by counsel for DPPs were reasonable and necessary and were of the type normally awarded in class action litigation. *See* Fed. R. Civ. P. 23(h); *Khoday*, 2016 WL 1637039, at *12 ("Courts generally allow plaintiffs' counsel in a class action to be reimbursed for costs and expenses out of the settlement fund, so long as those costs and expenses are reasonable and relevant to the litigation."); *see also In re Zurn Pex Plumbing Prod. Liab. Litig.*, MDL No. 08-1958, 2013 WL 716460, at *5 (D.

Minn. Feb. 27, 2013) (awarding $1.78 million in costs and expenses out of an $8.5 million settlement fund for expenses "related and necessary to the prosecution of this type of litigation"); *Yarrington,* 697 F.Supp.2d at 1067 (D. Minn. 2010). The past litigation expenses incurred in the prosecution of this case shall be reimbursed from the settlement fund.

## III. SERVICE AWARDS

The Court will grant the requested $25,000 in service awards to each of the three named DPP Class Representatives. Co-Lead Counsel for the DPPs will be authorized to pay $25,000 from the settlement fund for each of the three named DPPs. "Courts in this District routinely grant service awards for named plaintiffs." *Khoday*, 2016 WL 1637039, at *12; *see also, e.g.*, *Yarrington*, 697 F. Supp. 2d at 1068 (upholding service awards and recognizing that "unlike unnamed Class Members who will enjoy the benefits of the Settlement without taking on any significant role, the Named Plaintiffs [make] significant efforts on behalf of the Settlement Class and [participate] actively in the litigation"); *Zillhaver v. UnitedHealth Group, Inc.*, 646 F. Supp. 2d 1075, 1085 (D. Minn. 2009).

The representative plaintiffs took action to benefit the interest of the DPPs, devoted their own time and effort, and have assisted Class Counsel in achieving the settlement with Tyson. *See Zillhaver*, 646 F. Supp. 2d at 1085. They have exposed themselves to a substantial business risk by filing this lawsuit against the producers of beef who are or were key suppliers for their businesses. Throughout this litigation, the

Class Representatives advised Class Counsel and approved pleadings, reviewed and responded to written discovery, searched for, gathered, preserved, and produced documents, have each provided deposition testimony, have kept up to date on the progress of the case, and performed other similar activities. The requested $25,000 for each of the three named DPPs is reasonable and deserved.

## IV. ESTABLISHMENT OF A LITIGATION FUND

The Court will grant DPPs' request to establish a litigation fund of $5,000,000 to cover reasonable and necessary expenses incurred in prosecuting this action on behalf of the DPPs. Allowing a portion of class settlement funds to be used for future expenses is a well-accepted practice.[2]

If any funds remain in the litigation fund at the conclusion of the case, those funds will automatically revert for the benefit of the class. DPPs will be ordered to provide an

[2] *See, e.g., Newby v. Enron Corp.,* 394 F.3d 296 (5th Cir. 2004) (affirming 37.5% set aside for establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *In re Cattle & Beef Antitrust Litig.*, MDL No. 22-3031, 2023 WL 8098644 (D. Minn. Nov. 21, 2023) (setting aside a $1,750,000 fund for future litigation expenses for the commercial and institutional indirect purchaser plaintiffs); *In re Pork Antitrust Litig.*, Civ. No. 18-1776, 2021 WL 12296933 (D. Minn. Nov. 18, 2021) (granting the Commercial and Institutional Indirect Purchaser Plaintiffs' request to establish a future litigation fund); *In re: Auto. Parts Antitrust Litig.*, Civ. No. 12-103, 2016 WL 4435703 (E.D. Mich. June 20, 2016) (approving $11.25 million of settlement fund to be set aside for future litigation expenses); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07-5634, 2015 WL 3396829, at *3 (N.D. Cal. May. 26, 2015) (approving request to set aside $3 million for future litigation expenses); *In re WorldCom, Inc. Sec. Litig.*, Civ. No. 02 3288, 2004 WL 2591402, at *22 (S.D.N.Y. Nov. 12, 2004) (approving request to set aside $5 million for future litigation expenses).

accounting of their expenditures in any future petition for reimbursement of expenses, or anytime at the Court's request.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Direct Purchaser Plaintiffs' Amended Motion for Interim Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Service Awards, and Establishment of a Litigation Fund (Docket No. [1635]) is **GRANTED**, as follows:

1. The Court **GRANTS** an interim award of attorneys' fees to Class Counsel for the DPPs in the amount of $27,500,000, plus interest. These attorneys' fees shall be paid from the settlement fund.

2. Co-Lead Counsel for the DPPs are authorized to allocate the attorneys' fees awarded herein among Class Counsel who performed work on behalf of the DPPs in accordance with Co-Lead Counsel's assessment of each firm's contribution to the prosecution of this litigation.

3. The Court **GRANTS** DPPs' request for reimbursement of past litigation costs in the amount of $1,425,630.92.

4. The past litigation expenses incurred in the prosecution of this case shall be reimbursed from the settlement fund.

5. The Court **GRANTS** $25,000 in service awards to each of the three named DPP Class Representatives, totaling $75,000.

6. Co-Lead Counsel for the DPPs are authorized to pay $25,000 from the settlement fund for each of the three named DPPs ($75,000 total).

7. The Court **GRANTS** DPPs' request to establish a litigation fund of $5,000,000 to cover reasonable and necessary expenses incurred in prosecuting this action on behalf of the DPPs.

8. If any funds remain in the litigation fund at the conclusion of the case, those funds will automatically revert for the benefit of the class.

9. DPPs will provide an accounting of their expenditures in any future petition for reimbursement of expenses, or anytime at the Court's request.

DATED: November 12, 2026
at Minneapolis, Minnesota

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge